# Exhibit B

Edward A. Broderick, *Subject to Pro Hac Vice*
Email: ted@broderick-law.com
BRODERICK LAW, P.C.
176 Federal Street, Fifth Floor
Boston, Massachusetts 02110
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

[Additional counsel appear on signature page]

*Attorneys for Plaintiff and the Proposed Classes*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| SHERRY STRICKLAND, individually and on behalf of all others similarly situated, | : | CIVIL ACTION FILE NO. 3:23-cv-05034-JD |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **FIRST AMENDED COMPLAINT – CLASS ACTION** |
| SUNRUN, INC. | : | |
| | : | |
| Defendant. | : | |
| | : | **JURY TRIAL DEMANDED** |

Plaintiff Sherry Strickland individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.      This case involves a campaign by Sunrun, Inc. ("Sunrun") who made telemarketing calls to market its services through telemarketing calls by contacting numbers on the National Do Not Call Registry in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2.      Ms. Strickland also alleges that Sunrun. uses automated systems to make telemarketing calls to Florida and that by doing so Sunrun has violated the provisions of the Florida Telephone Solicitations Act, Fla. Sta § 501.059 ("FTSA").

3.      The recipients of Sunrun's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA and the FTSA, and because the technology used by Sunrun makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

4.      Plaintiff Sherry Strickland (hereinafter referred to as "Plaintiff" or "Ms. Strickland"), is an individual.

5.      Defendant Sunrun, Inc. is a Delaware corporation, headquartered in San Francisco, California.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*. The Court also has supplemental jurisdiction over the state law claims.

7.      This Court has general jurisdiction over Sunrun because the company is headquartered in this District.

8.      Venue is proper pursuant to 28 U.S.C. § 1391 because Sunrun is headquartered in this District.

**TCPA BACKGROUND**

The National Do Not Call Registry

9.    The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

10.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

11.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The Florida Telephone Solicitations Act

12.    The Florida Telephone Solicitation Act ("FTSA"), Fla. Stat. § 501.059 was amended by Senate Bill No. 1120 on July 1, 2021 and again by House Bill No. 761 on May 25, 2023.

13.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection and dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

14.    It is additionally a violation of the FTSA for a "telephone solicitor" to "make or cause to be made any unsolicited telephonic sales call to any residential, mobile, or telephonic

paging device telephone number if the number for that telephone appears in the then-current quarterly listing published by the department."

15.     The FTSA includes a provision providing that "[i]f the Federal Trade Commission . . . establishes a national database that lists the telephone numbers of subscribers who object to receiving telephone solicitations, [FDACS] shall include those listings from the national database which relate to Florida in the listing established under [the ***FTSA***]." *Fla. Stat. § 501.059(3)(d)*.

16.     Accordingly, Ms. Strickland's listing of her number on the National Do Not Call Registry supports a claim under the FTSA as well.

17.     A "telephone solicitor" means a natural person, firm, organization, partnership, association, or corporation, or a subsidiary or affiliate thereof, doing business in this state, who makes or causes to be made a telephonic sales call, including, but not limited to, calls made by use of automated dialing or recorded message devices. Fla. Stat. § 501.059(1)(i).

18.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(jj).

19.     In making the calls to Plaintiff and members of the putative classes, Sunrun met the definition of a telephone solicitor, as it was placing calls into the State of Florida, and the calls met the FTSA's definition of telephonic sales calls as it was soliciting sales of its solar goods and services.

20.     Pursuant to § 501.059(10)(a) of the FTSA, damages are available at a minimum of $500.00 for each violation.

**FACTUAL ALLEGATIONS**

21.     Defendant Sunrun is a "person" as the term is defined by 47 U.S.C. § 153(39).

22.     Plaintiff's telephone number, 386-288-XXXX, is a residential telephone number.

23.     That number is used for residential purposes and is used for personal purposes.

24.     That number is not associated with a business.

25.     The Plaintiff registered her number on the National Do Not Call Registry in September of 2021.

26.     Despite this, the Plaintiff received telemarketing calls from Sunrun to attempt to sell Plaintiff Sunrun's solar power services, including calls on July 8, 9, 10, 11, 12, 13 and 14, 2023.

27.     All of the calls came from Caller ID (386) 832-0297.

28.     On July 8 and 10, 2023, Ms. Strickland called back to (386) 832-0297 and asked Sunrun to stop calling her, but the calls continued.

29.     A call back to this number indicated that the number is owned by Solaramerica.com, a website owned and operated by Sunrun, Inc.

30.     Each call that was answered started with a click, pause and a delay prior to any individual from the Defendant getting on the line.

31.     This audible click and pause is indicative of the automated system selecting a number to call and then transferring the call to the telemarketing representative.

32.     The calls were not necessitated by an emergency.

33.     Prior to the filing of this lawsuit, the Plaintiff wrote to the Defendant regarding the telemarketing conduct.

34.     The Defendant claimed Ms. Strickland had opted-in to receive telemarketing the quotewallet.com website.

35.     Ms. Strickland did not visit that website, nor did she consent in writing or otherwise to receiving telemarketing solicitations from Sunrun.

36.     Nor did Ms. Strickland direct a third party to visit the website, nor did she direct any third party to consent to telemarketing by Sunrun on her behalf.

37.     Sunrun sells goods and services related to solar energy.

38.     Some of Sunrun's marketing strategies involve using recorded messages.

39.     Indeed, Sunrun has previously used dialing systems that support the use of recorded messages and *en masse* dialing, such as CallFire, Five9 and Ytel.

40.     The dialing equipment used by Sunrun to call the plaintiff and members of the putative classes is known in the telemarketing industry as a "predictive dialer" which operates by both selecting numbers to dial and dialing them for the next available call center operator.

41.     To operate a predictive dialer, the user must load a list of telephone numbers into a computer program.

42.     That computer program then automatically selects and dials each number.

43.     Recipients of these outbound calls, including Plaintiff, did not consent to receive the calls.

44.     Sunrun's telemarketing calls were not necessitated by an emergency.

45.     Thousands of people have complained to the FCC or FTC about telemarketing by Sunrun or its affiliates and vendors.

46.     Sunrun has been sued under the TCPA time and again. *E.g.*, *Chapman, et. al. v. Sunrun Inc.,* Civil Action No. 19-cv-1608 (N.D. Cal.); Notice Removal, *Saunders v. Sunrun, Inc.*, Case No. 1:19-cv-3127 (N.D. Ill. May 9, 2019), ECF No. 1; Compl., *Ewing v. Encore Solar, LLC*, Case No. 3:18-cv-02247-CAB-MDD (S.D. Cal. Sept. 27, 2018), ECF No. 1; Notice Removal, *Va v. Sunrun Inc.*, Case No. 1:18-cv-00856-JHR-KBM (D.N.M. Sept. 12, 2018), ECF No. 1; Notice Removal, *Barker v. Sunrun Inc.*, Case No. 1:18-cv-00855-KK-LF (D.N.M. Sept. 12, 2018), ECF No. 1; Compl., *Taylor v. Sunrun Inc.*, Case No. 5:18-cv-01207-JGB-SHK (C.D. Cal. June 5, 2018), ECF No. 1; Compl., *Knapp v. Sunrun, Inc.*, Case No. 2:18-cv-00509-MCE-AC (E.D. Cal. Mar. 8. 2018), ECF No. 1; Compl., *Bozarth v. Sunrun, Inc.*, Case No. 3:16-cv-3550-EMC (N.D. Cal. June 24, 2016), ECF No. 1; Compl., *Slovin v. Sunrun, Inc.*, Case No. 4:15-cv-05340-YGR (N.D. Cal. Nov. 20, 2015), ECF No. 1.

47.     Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power and network bandwidth and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

48.     Plaintiff brings this action on behalf of himself and as a class action, pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure on behalf of the following classes:

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) residential telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Sunrun (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**Florida Telephone Solicitation Act Autodial Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Sunrun's goods and/or services made from or to Florida, (2) using the same equipment or type of equipment utilized to call Plaintiff (3) from July 1, 2021 through the date of trial.

**Florida Telephone Solicitation Act Do Not Call Class:** All persons in the U.S., who, (1) received a telephonic sales call regarding Sunrun's goods and/or services made from or to Florida, (2) to a number on Florida's no sales solicitation calls list (3) from July 1, 2021 through the date of trial.

49. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claims on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

50. Class members are identifiable through phone records and phone number databases that will be obtained through discovery.

51. Based on the automated nature of calling campaign, there are likely hundreds of class members. Individual joinder of these persons is impracticable.

52. There are questions of law and fact common to Plaintiff and the proposed classes, including:

(i) Whether the Defendant contacted numbers on the National Do Not Call Registry;

(ii) Whether the Defendant contacted numbers on the Florida no sales call list;

(iii) Whether Defendant made such calls into Florida;

(iv)        Whether the Defendant made such calls with express written consent;

(v)        Whether the Defendant's calls utilized an automated dialing system restricted by the FTSA; and

(vi)        Whether the Plaintiff and the class members are entitled to statutory damages because of the Defendant's actions.

53.    Plaintiff's claims are based on the same facts and legal theories as class members' claims, and therefore are typical of the class members' claims.

54.    Plaintiff is an adequate representative of the classes because her interests do not conflict with the class's interests, he will fairly and adequately protect the class's interests, and she is represented by counsel skilled and experienced in litigating class actions.

55.    The Defendant's actions are applicable to the class and to Plaintiff.

**FOR A FIRST CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Telephone Solicitation Act Autodial Class**

56.    The above allegations of the foregoing paragraphs are repeated and realleged herein as if set forth herein.

57.    Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

58.    It is a violation of the FTSA to "make or knowingly allow a telephonic sales call to be made if such call involves an automated system for the selection or dialing of telephone numbers or the playing of a recorded message when a connection is completed to a number called without the prior express written consent of the called party." Fla. Stat. § 501.059(8)(a).

59.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(i).

60.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

61.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiff's and the Class members' prior express written consent.

62.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the Class members to be made utilizing an automated system for the selection or dialing of telephone numbers.

63.     As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*

**FOR A SECOND CAUSE OF ACTION**
**Violation of the Florida Telephone Solicitation Act,**
**Fla. Stat. § 501.059**
**On Behalf of Plaintiff and the Florida Do Not Call Class**

64.     The above allegations of the foregoing paragraphs are repeated and realleged herein as if set forth herein.

65.     Plaintiff brings this claim individually and on behalf of the Florida Telephone Solicitation Act Autodial Class Members against Defendant.

66.     It is a violation of the FTSA for a telephone solicitor such as Sunrun to place telephonic sales calls to residential and mobile residential and mobile numbers that appear on the then-current quarterly listing published by the department of Agriculture and Consumer Services without the prior express written consent of the called party." Fla. Stat. § 501.059(4).

67.     A "telephonic sales call" is defined as a "telephone call, text message, or voicemail transmission to a consumer for the purpose of soliciting a sale of any consumer goods or services, soliciting an extension of credit for consumer goods or services, or obtaining information that will or may be used for the direct solicitation of a sale of consumer goods or services or an extension of credit for such purposes." Fla. Stat. § 501.059(1)(j).

68.     Defendant failed to secure prior express written consent from Plaintiff and the Class Members.

69.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiff's and the Class members' prior express written consent.

70.     In violation of the FTSA, Defendant made and/or knowingly allowed telephonic sales calls to be made to Plaintiffs and the Class members without Plaintiff's and the Class members' prior express written consent.

71.     Defendant made and/or knowingly allowed the telephonic sales calls to Plaintiff and the members of the Florida Do Not Call Class in spite of their numbers being listed on the then current Florida Do Not Call list.

72. As a result of Defendant's conduct, and pursuant to § 501.059(10)(a) of the FTSA, Plaintiffs and Class members were harmed and are each entitled to a minimum of $500.00 in damages for each violation. Plaintiff and the Class members are also entitled to an injunction against future calls. *Id*

### FOR A THIRD CAUSE OF ACTION
**Telephone Consumer Protection Act**
**Violation of 47 U.S.C. § 227**
**On Behalf of Plaintiff and the National Do Not Call Registry Class**

73. The above allegations of the foregoing paragraphs are repeated and realleged herein as if set forth herein.

74. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

75. The Defendant's violations were negligent, willful, or knowing.

76. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

77. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**PRAYER FOR RELIEF**

Plaintiff requests the following relief:

A.      That the Court certify the proposed classes;

B.      That the Court appoints Plaintiff as class representative;

E.      That the Court appoint the undersigned counsel as counsel for the classes;

F.      That the Court enter a judgment permanently enjoining Defendant from the conduct above;

G.      That the Court enter an order awarding the Plaintiff reasonable attorneys' fees and costs; and

H.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each negligent violation of the TCPA or FTSA and $1,500 for each knowing or willful violation;

I.      That the Plaintiff and all class members be granted other relief as is just and equitable under the circumstances.

**Plaintiff requests a jury trial as to all claims of the complaint so triable.**

Dated: January 4, 2024              PLAINTIFF, individually and on behalf of all
                                    others similarly situated,


                                    By: */s/ Edward A. Broderick*

                                    Dana J. Oliver, Esq. (SBN: 291082)
                                    dana@danaoliverlaw.com
                                    OLIVER LAW CENTER, INC.
                                    8780 19th Street #559
                                    Rancho Cucamonga, CA 91701
                                    Telephone:  (855)384-3262
                                    Facsimile:  (888)570-2021

- 13 -
FIRST AMENDED CLASS ACTION COMPLAINT.
*Strickland v. Sunrun, Inc.*

1

2                                                    *Attorneys for Plaintiff and the Proposed Classes*

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28