Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SUNRUN INC.<br><br>*Defendant*. | Case No.<br><br>4:24-cv-07877-JST<br><br>**JOINT CASE MANAGEMENT STATEMENT** |

## JOINT CASE MANAGEMENT STATEMENT

Counsel for Plaintiff Peggy Banks ("Plaintiff") and counsel for Defendant Sunrun Inc. ("Sunrun") met and conferred on January 28, 2025, pursuant to Federal Rule of Civil Procedure 26(f), Civil local Rule 16-9, the Standing Order for All Judges of the Northern District of California: Contents of Joint Case Management Statement and the Court's Standing Order. They hereby submit this Joint Case Management Statement.

**1. Jurisdiction and Service:**

This Court has federal question subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). Sunrun has been served. No parties remain to be served. Venue is proper.

**2. Facts:**

Plaintiff's Statement

Plaintiff brings suit under the TCPA alleging that she was contacted without her permission or her consent after being listed on the Do Not Call list. The Plaintiff denies that she ever requested contact from SunRun as alleged below. The basis for those claims is that the Plaintiff received at least thirty one calls from the telephone number 909-475-3698 seeking to have her purchase SunRun's solar products and services. Plaintiff alleges that she is a member of a class of individuals similarly situated and seeks to have the matter brought as a class action suit. The Plaintiff is seeking to represent the following putative classes of persons:

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

The allegations in the Plaintiff's complaint are incorporated herein by reference.

Sunrun's Statement

Sunrun denies that it placed any calls to Plaintiff in violation of the TCPA. Sunrun's records indicate that Sunrun only called Plaintiff because she (or someone acting on her behalf) requested to be contacted about quotes for solar energy and provided the requisite permission to be contacted. Sunrun denies this case is appropriate for class treatment.

**3. Legal Issues:**

Plaintiff's Statement

- Whether this case can be certified as a class action (FED. R. CIV. P. 23);
- Did SunRun make telemarketing calls to numbers listed on the National Do Not Call Registry? (47 U.S.C. § 227(c))

- Did SunRun have consent to make such calls? (Consent is an affirmative defense under the TCPA)
- Is there evidence that SunRun ever violated the Telephone Consumer Protection Act? (Past evidence of similar conduct may be relevant to a finding that the conduct was knowing and wilful to support an award of treble damages.)

Sunrun's Statement

The primary legal issues in this case are:

- Is Sunrun directly liable for the calls alleged in the Complaint?
- Did Plaintiff provide permission and/or the requisite consent to receive the alleged calls?
- Was Plaintiff's phone number a residential telephone number?
- Can a class be certified when individual issues predominate in this case?
- Is Plaintiff an adequate and typical class representative?
- Is Plaintiff's counsel adequate?
- Did Sunrun knowingly or willfully violate the TCPA?
- Does Plaintiff face an immediate probability of future violative conduct that would entitle her to an injunction?
- Whether Plaintiff can meet all of the elements to establish a claim under the TCPA and its regulations?
- Whether Plaintiff's claims are barred by the TCPA's "safe harbor" provisions or other "safe harbor" and/or affirmative defenses?
- Whether Plaintiff's claims must be dismissed for lack of sufficient injury-in-fact to establish standing to pursue the claims asserted in the Complaint?
- Whether Plaintiff's claims are suitable for class treatment under Federal Rule of Civil Procedure 23 and whether Plaintiff can satisfy each of the elements under Federal Rule of Civil Procedure 23?

**4. Motions:**

Plaintiff's Statement

Defendant just filed a motion to strike class allegations, to which the Plaintiff will respond in due course. The Plaintiff anticipates making a Motion for Class Certification.

Sunrun's Statement

Sunrun anticipates filing a Motion for Summary Judgment. Sunrun may also file a motion to affirmatively deny class certification, as well as discovery motions, motions related to expert witnesses and motions *in limine*, if necessary.

**5. Amendment of Pleadings:**

The parties' proposed deadlines are in the table below.

**6. Evidence Preservation:**

The parties certify that their counsel have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines"), and confirm that they have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps taken to preserve evidence relevant to the issues reasonably evident in this action.

**7. Disclosures:**

The parties agreed to make their initial disclosures by the date in the table below.

**8. Discovery:**

Plaintiff's Statement

Discovery has commenced and is in the early stages. In order to prove his case as well as that of the Class, the Plaintiff will require discovery, generally speaking, into the calling conduct at issue, including the calling records, which may be in the possession of third parties and/or telephone companies. The Plaintiff strongly opposes SunRun's attempts to bifurcate or otherwise limit discovery in this matter, as such work is counterproductive and will force the Court and the Parties to replicate

their efforts. The Plaintiff will use such calling data to prove her claims as well as those of the class members, as well as to identify class members. The Plaintiff will also seek information related to any third parties which may have placed calls on the Defendant's behalf. Relatedly, and in order to meet any affirmative defence proffered by the Defendant, such as that of consent, the Plaintiff will need to seek information relating to Defendant's policies and procedures regarding compliance and enforcing employee and/or vendor compliance with the TCPA as well as putative classwide consent information. The TCPA also provides for treble damages if conduct is found to be knowing or wilful. Accordingly, the Plaintiff will need to seek information tending to show Defendant's negligence or wilfulness regarding TCPA violations. Additionally, the Plaintiff will seek information related to Defendant's telephone record ESI, including critical classwide calling data. The Plaintiff will also retain an expert to analyze classwide calling data once it is obtained to ascertain class members and which all class members were on the Do Not Call Registry. Discovery need not be conducted in phases or limited to or focused on particular issues. The parties do not anticipate needing a stipulated e-discovery order at this time.

Sunrun's Statement

Sunrun anticipates taking discovery on the following topics:

- Plaintiff's written and oral communications and interactions with Sunrun and/or any third-party that operated a website through which Plaintiff requested a quote for solar energy;
- Plaintiff's completion of web forms requesting quotes for solar energy;
- Whether Plaintiff sustained any injury-in-fact, or suffered any actual alleged damages;
- Plaintiff's consent to receive calls from Sunrun;
- Whether Plaintiff can meet all of the elements to establish a TCPA claim;
- Whether Plaintiff can meet the requirements of Rule 23;
- Whether Plaintiff's counsel can meet the requirements of Rule 23; and

- Any additional subjects as they arise in discovery.

      a.    <u>Limitations or Modifications of Discovery Rules</u>

The Parties agree that they will serve and accept service of discovery requests and responses electronically.

      b.    <u>Proposed Discovery Plan</u>

The Parties propose the schedule set forth in the table below.

      c.    <u>Identified Discovery Disputes</u>

No discovery has yet to come due. The Parties agree generally to meet and confer as to any future discovery disputes in order to try to narrow the scope of their disagreement and reduce the need for judicial intervention.

**9. Class Actions:**

The Parties propose the deadline for class certification in the table below. All attorneys of record have reviewed the Procedural Guidance for Class Action Settlements.

<u>Plaintiff's Statement</u>

This is a class action. The Plaintiff proposes to certify the putative class by reference to the Defendant's very own books and records, including calling records. The Plaintiff also anticipates using such records to disprove any affirmative defences on a classwide basis, such as that of consent.

<u>Sunrun's Statement</u>

Sunrun maintains that this action is not suitable for class treatment and that Plaintiff cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

**10. Related Cases:**

<u>Plaintiff's Statement</u>

SunRun is being sued in this Court for similar illegal conduct in the case of *Strickland v. Sunrun Inc.*, No. 3:23-cv-05034 (N.D. Cal. 2024), currently pending before Judge Donato. Sunrun was also being sued for similar illegal conduct in federal courts across the country, including in *Hofvander v. Sunrun Inc.*, No. 1:24-cv-

02798 (N.D. Ill. filed Apr. 8, 2024), *and Bertram v. SunRun Inc*, No. 2:23-cv-02215 (C.D. Ill. filed Apr. 24, 2024).

Sunrun's Statement

Sunrun disputes that the plaintiff's factual allegations in *Strickland v. Sunrun Inc.*, No. 3:23-cv-05034 (N.D. Cal. 2024) are related to the allegations with respect to Plaintiff in this this case.  However, California counsel in this case and counsel in *Strickland* are impermissibly looking to represent overlapping classes, as discussed in Sunrun's pending motion to strike the class action allegations.  Additionally, *Bertram v. Sunrun Inc*, No. 2:23-cv-02215 (C.D. Ill.) was dismissed on April 24, 2024, and *Hofvander v. Sunrun Inc.*, No. 1:24-cv-02798 (N.D. Ill.) was dismissed on August 8, 2024.  They are not active cases and they are not related to this matter.  Sunrun denies any allegations that it violated the TCPA or any other law, in this case or any other matter.

**11.  Relief:**

Plaintiff's Statement

The Plaintiff is seeking statutory damages between $500 and $1,500 per violation under the TCPA on behalf of herself and the putative class.  For herself, the Plaintiff has incurred at least $15,500 in damages for her claims alone.  The remaining damages will depend on the size of the class and the number of calls made to each class member.  These damages are set forth by statute in 47 U.S.C. § 227(c)(5)

Sunrun's Statement

Sunrun denies that Plaintiff is entitled to any relief and denies that Plaintiff has suffered any damages.  Sunrun further denies that it violated the TCPA, or any other law.  Sunrun denies that Plaintiff is entitled to injunctive relief, attorneys' fees, costs or expenses.  And, Plaintiff's claims are not appropriate for class treatment.

**12.     Settlement and ADR:**

Plaintiff's Statement

Settlement in this matter may be a possibility, but the Plaintiff requires initial discovery into the nature, scope, and extent of the calling conduct at issue, including the size of the putative class. Plaintiff has tendered a settlement offer. In such a case, Plaintiff may be desirous of a relatively early, private mediation session in accordance with Local Rule 3-5, which they will also would like to discuss before the Court.

Sunrun's Statement

The Parties have not yet engaged in ADR.

**13.     Other References:**

This case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**14.     Narrowing of Issues:**

Plaintiff's Statement

The parties have not yet identified any issues that can be narrowed by agreement or by motion. The parties are willing to work cooperatively to develop suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts) once discovery has been conducted and as the parties prepare for trial. As discussed above, the Plaintiff strongly opposes any attempts to bifurcate any issues, claims, and defenses. The most consequential issue is this: **How many calls were made to the Plaintiff and other putative class members?  This issue can be expedited through early, prompt, complete, and fulsome production of classwide calling records.**

Sunrun's Statement

As set forth above, Sunrun anticipates filing a motion for summary judgment. Sunrun submits that discovery should be stayed until its Rule 12 motion currently pending before the Court is decided. If the Court disagrees, Sunrun submits that discovery should commence with respect to Plaintiff's individual claims first.

**15. Expedited Trial Procedure:**

The Parties do not believe this matter is appropriate for the Expedited Trial Procedure.

**16. Scheduling:**

As previously noted, Sunrun takes the position that discovery should not commence until after its pending Rule 12 motion is decided. Plaintiff strongly opposes Sunrun's position and submits that a motion should be filed.

If the Court disagrees with Sunrun's position, the Parties are agreeable to the proposed schedule below.

| Event | Proposed Deadline |
|---|---|
| Deadline to serve initial disclosures | February 18, 2025 |
| Last day to join other parties and to amend pleadings | May 13, 2025 |
| Deadline to conduct private mediation | July 4, 2025 |
| Last day to exchange Federal Rule of Civil Procedure 26(a)(2) expert witness disclosures | July 14, 2025 |
| Last day to exchange expert witness rebuttal reports | August 14, 2025 |
| Last day for expert discovery | August 29, 2025 |
| Discovery cut-off | August 29, 2025 |
| Last day to file motion for summary judgment | October 17, 2025 |
| Last day to file motion for class certification | October 24, 2025 |
| Pretrial Conference | December 13, 2025 |
| Trial | March 3, 2026 |

**17. Trial:**

The Parties anticipate that trial will last 2-5 days.

**18.     Disclosure of Non-party Interested Entities or Persons:**

Plaintiff's Statement

N/A for Plaintiff.  Although this is a class action, no person or entity is funding the prosecution of any claim.

Sunrun's Statement

Sunrun has filed its Certification of Interested Entities or Persons.

**19.     Professional Conduct:**

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**20.     Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter:**

None at this time.

## SIGNATURE ATTESTATION

The CM/ECF user filing this paper attests that concurrence in this filing has been obtained from the other signatories.

Submitted for the Plaintiff,

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong (*PHV*)
a@perronglaw.com
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone:  (215)225-5529 (CALL-LAW)
Facsimile:  (888)329-0305

Submitted for Defendant,

*/s/ Glenn T. Graham*
Glenn T. Graham
KELLEY DRYE & WARREN LLP
One Jefferson Road, 2nd Floor

Parsippany, NJ 07054
Tel: (973) 503-5800
Fax: (973) 503-5950
ggraham@kelleydrye.com