1 **KELLEY DRYE & WARREN LLP**
   Lauri A. Mazzuchetti (*pro hac vice* forthcoming)
2  Glenn T. Graham (State Bar No. 338995)
   Emily E. Clark (*pro hac vice* forthcoming)
3 One Jefferson Road
Parsippany, New Jersey 07054
4 Telephone: (973) 503-5900
Facsimile: (973) 503-5950
5 lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com
6 eclark@kelleydrye.com

7 *Attorneys for Defendant Sunrun Inc.*

8 **UNITED STATES DISTRICT COURT**

9 **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SUNRUN INC.<br><br>*Defendant*. | Case No. 4:24-cv-07877-JST<br><br>**DEFENDANT SUNRUN INC.'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE PLAINTIFF'S CLASS ALLEGATIONS**<br><br>Hon. Jon S. Tigar<br>Hearing Date: April 10, 2025<br>Time: 2:00 pm<br>Location: Zoom |

Defendant Sunrun Inc. ("Sunrun") hereby submits this Reply to Plaintiff Peggy Banks's (the "Plaintiff") Opposition to Sunrun's Motion to Strike Class Allegations ("Opposition" or "Opp.") (ECF No. 24).

## I. INTRODUCTION

Plaintiff's Opposition fails to meaningfully engage with the fundamental defects of her proposed class that are readily apparent at the pleading stage. As set forth in Sunrun's moving papers, Plaintiff will be unable to establish the predominance requirement of Rule 23 and her California counsel has a conflict of interest rendering the representation of the putative class inadequate. Plaintiff instead requests that this Court defer resolution of those issues until after discovery or at the class certification stage. Plaintiff's request ignores well-settled law permitting courts to strike class allegations at the pleading stage when certification is facially untenable.

Plaintiff's class definition confirms that individualized inquiries, rather than common ones, will predominate among the putative class members. Determining whether each putative class member consented or requested to be contacted about solar offerings, had an established business relationship ("EBR") with Sunrun, or used their phone for business rather than residential purposes, among other things, requires fact-intensive, case-by-case assessments. Plaintiff does not meaningfully dispute this reality; instead, she argues that the Court should certify the class first and address these issues later. Courts have rejected this "certify now, fix later" approach, recognizing that when individualized determinations are inevitable, class allegations should be stricken at the outset.

Plaintiff also fails to address the conflict of interest inherent in her California counsel's simultaneous representation of the plaintiff in *Strickland v. Sunrun Inc.*, No. 3:23-cv-05034-JST, another putative TCPA class action against Sunrun, where counsel will seek to represent the same overlapping do-not-call class. The overlapping class definitions create an unavoidable risk of divided loyalties, yet Plaintiff offers no explanation for how absent class members will be protected from this conflict. Courts do not need to wait until certification to address such conflicts that are clear from the pleadings.

Plaintiff offers no valid basis for delaying resolution of these fundamental defects, and no

1  amount of discovery will change the fact that her proposed class is inherently unworkable.
2  Because individualized inquiries defeat predominance and class counsel's conflict renders them
3  inadequate under Rule 23(a)(4), the Court should strike the class allegations now rather than
4  allowing an uncertifiable class to proceed.

5  **II.    ARGUMENT**

6      **A.    Plaintiff's Class Definition Itself Demonstrates That Individualized Issues Predominate and the Court Should Strike Plaintiff's Class Allegations Now**
7

8  *First*, Plaintiff's class definition ensures that individualized issues will overwhelm any
9  common questions, making class certification improper.  Because these defects are apparent from
10  the face of the pleadings, the Court need not wait for discovery or the class certification stage to
11  act—it can, and should, strike this class now.

12      Plaintiff defines her class as:

13  > All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls [sic] from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.
14
15

16  (Compl. ¶ 24.)

17      As discussed in Sunrun's opening brief, this class definition includes individuals who have
18  no possible claim against Sunrun—such as, individuals who consented to be called by Sunrun;
19  individuals with an EBR with Sunrun; and those using non-residential numbers.  (*See* Sunrun's
20  Motion to Strike, ECF No. 17, ("Sunrun's Motion") at 7–9 (arguing that Plaintiff's class definition
21  is facially overbroad and unworkable.))  Parsing these individuals would require intense, fact-
22  specific inquiries, which accordingly render Plaintiff's class allegations ripe for the Court to strike,
23  as the class is clearly unworkable.  *See Pepka v. Kohl's Dep't Stores, Inc.*, No. 2:16-cv-04293-
24  MWF, 2016 WL 8919460, at *1 (C.D. Cal. Dec. 21, 2016); *see also Am. W. Door & Trim v. Arch*
25  *Specialty Ins. Co.*, No. 5:15-cv-00153-BRO, 2015 WL 1266787, at *7 (C.D. Cal. Mar. 18, 2015)
26  ("'[W]here the matter is sufficiently obvious from the pleadings, a court may strike class
27  allegations' without first permitting class discovery.") (quoting *Route v. Mead Johnson Nutrition*
28  *Co.*, No. 2:12-cv-07350-GW, 2013 WL 658251, at *8 (C.D. Cal. Feb. 21, 2013)).

1    Plaintiff dismisses these concerns, arguing that any consent issue can be addressed later. (Opp. at 6.) But courts do not, and should not, certify a class first and resolve individual issues later when the issues that facially plague the complaint's class definition will so obviously persist if the definition were allowed to proceed to the class certification stage. *Pepka*, 2016 WL 8919460, at *1 (courts may strike class allegations at the pleading stage when individual inquiries predominate). Plaintiff's suggested approach contradicts both logic and binding precedent. (*See* Sunrun's Motion at 7–9 (discussing why Plaintiff's claims are not suited for class treatment because each requires individualized inquiries.)) Indeed, allowing discovery on a class that cannot possibly be certified would serve no purpose other than to impose unnecessary costs on the parties and the Court. *See Williams v. Affinity Ins. Servs., Inc., et al.*, No. 4:23-cv-06347-JST, 2024 WL 3153214, at *11 (N.D. Cal. June 24, 2024) ("The function of a motion to strike pursuant to Rule 12(f) is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial.") (internal quotations omitted) (quoting *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010)); *McDaniel v. Apex Sys., LLC*, No. 4:20-cv-06073-JST, 2020 WL 12894938, at *2 (N.D. Cal. Dec. 14, 2020) ("Federal Rule of Civil Procedure 12(f) authorizes the Court to 'strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter.'") (quoting Fed. R. Civ. Pro. 12(f)).

It is apparent, now, that allowing Plaintiff to proceed with her putative class claims will inevitably lead to "[t]he problem highlighted by th[e] various methods of expressing consent[:] that individualized inquiry would be required to determine the consent profile of each putative class member." *Sherman v. Yahoo! Inc.*, No. 3:13-cv-0041, 2015 WL 5604400, at *10 (S.D. Cal. Sept. 23, 2015). Determining whether each putative class member was contacted without their consent or permission would require an investigation into how Sunrun obtained each number, whether consent or permission was given through a third party, whether it was later revoked, and whether a number was associated with a business rather than a residential subscriber. (*See* Sunrun's Motion at 7–9 (explaining how courts reject class certification where individual consent issues predominate.)) Such inquiries preclude class certification. *See Sanders v. Apple Inc.*, 672 F. Supp. 2d 978, 991 (N.D. Cal. 2009) (striking plaintiff's class **at the pleading stage** because the

"definition include[d] all persons within the United States who own[ed] [defendant's product which] . . . necessarily include[d] individuals who did not purchase [the product] . . . and individuals who suffered no damages."). Thus, because Plaintiff's own allegations and class definition would undoubtedly place this Court in a situation where it would have to conduct fact-intensive inquiries into large swaths of individuals who have no potential claim against Sunrun, the Court need not wait for Plaintiff's attempt to seek certification her impracticable class before it reaches the same conclusion that it could reach today—that the proposed class cannot be maintained. Accordingly, the Court can, and should, strike the class now.

*Second*, Plaintiff bears the burden of demonstrating that common issues predominate over individual ones. *See Vinole v. Countrywide Home Loans, Inc.*, 571 F.3d 935, 944 n.9 (9th Cir. 2009) ("The party seeking certification bears the burden of demonstrating that he has met the requirements of Rule 23(b)."). Courts have repeatedly emphasized that plaintiffs must establish predominance at the outset—not defer the issue until a later stage. *Trenz v. On-Line Adm'rs, Inc.*, No. 2:15-cv-08356-JLS, 2020 WL 5823565, at *8 (C.D. Cal. Aug. 10, 2020) (granting motion to decertify class, explaining it is "Plaintiffs' responsibility to show that despite Defendants' evidence, Rule 23(b)(3)'s predominance requirements remain satisfied. It is incumbent upon them to 'advance a viable theory employing generalized proof to establish liability with respect to [the involved class].'") (quoting *Selby v. LVNV Funding, LLC*, No. 3:13-cv-01383-BAS, 2016 WL 6677928, at *4 (S.D. Cal. June 22, 2016)). She has not done so.

Plaintiff, again, attempts to sidestep her burden by arguing that predominance concerns should be addressed only *after* discovery and at class certification rather than at the pleading stage. But, again, courts reject this argument when individualized issues are already apparent from the pleadings. *Pepka*, 2016 WL 8919460, at *1 (courts may strike class allegations at the pleading stage when individual inquiries predominate). Plaintiff's approach—certify first, resolve individual issues later—contradicts both logic and binding precedent.

Here, whether putative class members provided consent, permission or otherwise had an EBR with Sunrun is not a speculative issue that can be brushed aside until a later stage—it is an immediate and unavoidable barrier to certification. Sunrun obtains the requisite consent through

1   various channels to contact prospective customers who expressed interest in its products and
2   services, including through direct customer inquiries and third-party websites; thus, there is no
3   uniform way to resolve consent on a class-wide basis given the class definition Plaintiff proposes.
4   *See Blair v. CBE Grp., Inc.*, 309 F.R.D. 621, 628 (S.D. Cal. 2015) ("In TCPA actions, the
5   predominance inquiry is satisfied only when Plaintiffs advance a viable theory employing
6   generalized proof to establish liability with respect to the class involved.") (internal quotations
7   omitted) (quoting *Connelly v. Hilton Grand Vacations Co.*, 294 F.R.D. 574, 577 (S.D. Cal. 2013)).
8   As stated above, courts routinely refuse to certify TCPA classes where consent must be
9   determined on an individualized basis. *See, e.g.*, *Sherman*, 2015 WL 5604400, at *10.

10  Because Plaintiff's class definition guarantees that the individualized issue of consent, as
11  well as other individualized issues, will predominate, the Court need not wait for class
12  certification to reach the inevitable conclusion that this case cannot proceed on a class wide basis.
13  Accordingly, the Court should strike the class allegations now. *Pearl v. Coinbase Glob., Inc.*, No.
14  3:22-cv-03561-MMC, 2024 WL 3416505, at *2 (N.D. Cal. July 15, 2024) ("District courts have
15  the authority to strike class allegations at the pleading stage where the class as defined in the
16  complaint cannot be certified.") (citing *Kamm v. Cal. City Dev. Co.*, 509 F.2d 205, 207 n.3, 212–
17  14 (9th Cir. 1975)) (affirming order striking class allegations where plaintiff would be unable to
18  meet requirements of Rule 23).

19  **B.    Mr. Oliver's Presence in This Action Presents a Clear Conflict of Interest
          Which Renders Class Counsel Inadequate under Rule 23(a)(4)**
20
21  **1.    The Court Does Not Need to Wait Until Class Certification to Address
              Mr. Oliver's Clear Conflict of Interest and Mr. Oliver's Conflict is
              Immediate and Disqualifying Now**
22

23  Plaintiff argues that the Court should delay addressing class counsel's conflict of interest
24  until class certification, just as she argues that analysis of the predominance element should be
25  postponed. But this argument fails for the same reason—when a fundamental Rule 23 defect is
26  apparent at the pleading stage, courts need not wait to resolve it: courts can, and do, strike
27  allegations before certification when they know that the class cannot be certified. *Pearl*, 2024 WL
28  3416505, at *2 (citing *Kamm*, 509 F.2d at 207 n.3, 212–14).

Courts have repeatedly recognized that attorneys representing multiple putative classes against the same defendant creates a conflict that precludes adequate representation. *Ortiz v. Firebroad Corp.*, 527 U.S. 815, 856 (1999) (quoting 5 J. Moore, T. Chorvat, D. Feinberg, R. Marmer, & J. Solovy, Moore's Federal Practice § 23.25[5][e], p. 23–149 (3d ed. 1998) ("[A]n attorney who represents another class against the same defendant may not serve as class counsel."); *Hesse v. Sprint Corp.*, 598 F.3d 581, 589 (9th Cir. 2010) (finding that overlapping class claims created a conflict of interest). This is not a speculative concern—Mr. Oliver is actively seeking to represent two putative classes in TCPA actions against Sunrun: this case and *Strickland v. Sunrun Inc.*, No. 3:23-cv-05034-JST. (*See* Sunrun's Motion at 9–12.)

Plaintiff asserts that

> Defendant's argument is further flawed because it is premature: both this case and Strickland are at the pleadings stage[1], not at class certification, and neither case has been certified, let alone Mr. Oliver appointed class counsel in any capacity, and as such, **any conflicts here are only potential, not actual**.

(Opp. at 15.)

But Plaintiff is wrong. Mr. Oliver's dual representation does not merely create a hypothetical conflict; the conflict is active and ongoing and directly implicates absent (and present) class members' interests. The fact that neither class has been certified only exacerbates the problem, as it leaves absent class members without a representative whose undivided loyalty is assured. Courts have consistently held that class counsel must demonstrate complete loyalty to absent class members, and *even the appearance* of divided loyalties is disqualifying. *Sandoval v. M1 Auto Collisions Ctrs.*, 309 F.R.D. 549, 569 (N.D. Cal. 2015) ("The 'appearance' of divided loyalties refers to differing and potentially conflicting interests and is not limited to instances manifesting such conflict.") (quoting *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995)). This rule is meant to protect class members from divided loyalties—which is precisely what is at stake here.

Given that courts do not permit conflicted counsel to represent a class, there is no reason to delay resolving this issue. The Court should strike the class allegations now rather than allow an

---

[1] *Strickland* is not at the pleadings stage; the parties are actively engaging in discovery.

6   CASE NO. 4:24-CV-07877-JST
DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE

inherently conflicted attorney to continue purporting to represent absent class members.

## 2. Mr. Oliver's Fee Structure Does not Eliminate His Conflict, and Plaintiff's Justifications to Allow Mr. Oliver to Remain in this Action are Unpersuasive

As an initial matter, courts in California, the Ninth Circuit, and throughout the country recognize that local counsel must actively participate in cases just as much as lead counsel. *See, e.g.*, *BP W. Coast Prods., LLC v. Crossroad Petroleum, Inc.*, No. 3:12-cv-665-JLS, 2016 WL 6962434, at *5 (S.D. Cal. Nov. 29, 2016) ("An attorney serving as *local counsel acts as co-counsel* with the authority to act as attorney of record for all purposes. *With authority comes responsibility*.") (emphasis added) (quoting S.D. Cal. Civ.LR 83.3(c)(5)).

Indeed, courts do not treat local counsel as mere procedural placeholders—they expect meaningful participation.[2] *Wade v. Kadlec Reg'l Med. Ctr.*, No. 4:22-cv-05063-MKD, 2022 WL 18832326, at *1 (E.D. Wash. Dec. 28, 2022) (describing the requirements for admission *pro hac vice* which include "an associated attorney admitted to practice in this Court who shall sign all pleadings, motions, and other papers prior to filing and *shall meaningfully participate* in the case.") (emphasis added) (quoting E.D. Wash. LCivR 83.2(c)(1)); *Davis v. Guam*, No. 1:11-cv-00035-FMT, 2019 WL 1512266, at *11 (D. Guam Apr. 8, 2019) (finding local counsel's fees appropriate in light of his "duty to meaningfully participate in the preparation and trial of the case

---

[2] District courts across the country reject the notion that local counsel serve a limited, procedural role, instead requiring meaningful participation at all stages of litigation. *See, e.g.*, D. Haw. LR 83.1(c)(2)(B)(vi) (requiring local counsel's "commitment to at all times meaningfully participate in the preparation and trial of the case with the authority and responsibility to act as attorney of record for all purposes"); D. Mont. L.R. 83.1(d)(7) ("Local counsel must participate actively in all phases of the case, including, but not limited to, attendance at depositions and court proceedings, preparation of briefs and discovery requests and responses, and all other activities necessary for local counsel to be prepared to go forward with the case at all times."); D. Or. LR 83-3(a)(1) (local counsel shall "meaningfully participate in the preparation and trial of the case."); D. Kan. Rule 5.4.1(b)(3) (requiring "meaningful participation by local counsel"); E.D. Wash. LCivR 83.2(c)(1) (local counsel "shall meaningfully participate in the case."); D. Wyo. Local Rule 84.2(b) (requiring local counsel to "be fully prepared to represent the client at any time, in any capacity"); N.D. Ala. L.Civ.R 83.1(b)(2) (requiring local counsel to "also represent the applicant attorney's client(s)"); E.D. Va. LAR 83.1(G) ("Any attorney who signs a pleading or other filing with the Court will be held accountable for the case by the Court."); E.D. La. LR 83.2.5 ("[L]ocal counsel is responsible to the court at all stages of the proceedings."); M.D. Pa. LR 83.9 (local counsel must be "fully prepared to proceed" in the event lead counsel is unavailable). These rules dispel any notion that local counsel are merely procedural placeholders, instead confirming that they share full responsibility for litigation.

with the authority and responsibility to act as attorney of record for all purposes.") (internal quotations omitted) (quoting D. Guam GNLR 17.1(e)).

Plaintiff attempts to sidestep the clear conflict of interest by suggesting that Mr. Oliver is merely "local counsel only by operation and requirement of the local rules." (Opp. at 14–15.) Local counsel do not merely provide rubber stamps for the counsel they sponsor *pro hac vice*; they have real duties that require them to meaningfully represent their clients, comply with court rules, and ensure proper case management. *See Hapaniewski v. City of Chi. Heights*, 684 F. Supp. 1011, 1016 (N.D. Ind. 1988), *aff'd*, 883 F.2d 576 (7th Cir. 1989) ("Any attorney serving as local counsel should not take his position lightly and should appreciate his duty to other counsel and this court . . . ."). The notion that Mr. Oliver plays an insignificant role in this litigation conflicts with both ethical obligations and established case law.

Furthermore, Plaintiff tries to downplay the conflict of interest by arguing that Mr. Oliver does not work on a contingency basis, implying that he has no pecuniary interest in the case, and that his services are in "demand." (Opp. at 14.) These arguments, however, are without merit.

*First*, the issue is not whether Mr. Oliver is financially invested in the case through a contingency arrangement, but rather whether his simultaneous representation of two competing putative classes against the same defendant creates an inherent conflict. And here, it unquestionably does. The fact that Mr. Oliver is not working on a contingency basis does not negate the conflict. Plaintiff cites no authority suggesting that an hourly fee arrangement somehow eliminates conflicts of interest. Nor could she. The risk of divided loyalties remains regardless of the fee structure, and courts recognize that different fee arrangements can create distinct conflicts of interests. *See People v. Rices*, (2017) 4 Cal. 5th 49, 66 ("[M]ost fee agreements may create a conflict. A flat fee could create an incentive to dispose of the case quickly, an hourly fee could create an incentive to drag the case out, and a contingent fee arrangement could create a conflict between the client's interest in obtaining the largest possible recovery and the attorney's interest in obtaining a substantial fee with the least effort.").

*Second*, Plaintiff's argument that Mr. Oliver's services are in demand is completely irrelevant. Being "in demand" does not absolve one of their ethical duties to their clients, nor

8     CASE NO. 4:24-CV-07877-JST
DEFENDANT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO STRIKE

1  does it provide a shortcut around the obligations of Rule 23. The adequacy of class counsel is a
2  'critical requirement[] in federal class actions." *Baumann v. Chase Inv. Servs. Corp.*, 747 F.3d
3  1117, 1122 (9th Cir. 2014). Courts have not hesitated to disqualify counsel where conflicts
4  threaten the adequacy of representation in class action contexts. *See, e.g.*, *Kayes*, 51 F.3d at 1465;
5  *Neilson v. Union Bank of Cal., N.A.*, No. 2:02-cv-06942-MMM, 2003 WL 27374138, at *11 (C.D.
6  Cal. Aug. 12, 2003).

7  The Court should strike the class allegations due to California counsel's unavoidable
8  conflict of interest.

### 3.  Plaintiff's Attempt to Distinguish This Action is Unpersuasive

10  Finally, Plaintiff's reliance on inapposite case law is misplaced. For instance, Plaintiff
11 relies on *AIIRAM LLC v. KB Home* to argue that conflicts of interest should only be addressed at
12 class certification. No. 5:19-cv-00269-VKD, 2019 WL 2896785, at *2 (N.D. Cal. July 5, 2019)
13 (the "July 2019 *AIIRAM* Decision"); (Opp. at 14.) The court in the July 2019 *AIIRAM* decision
14 never analyzed, let alone ruled on, a conflict of interest concerning class counsel. In fact, the
15 decision does not even mention what conflict of interest, if any, was at issue. And it certainly did
16 not address whether an attorney seeking to represent two putative classes against the same
17 defendant in two separate cases poses an inherent conflict—which is the precise issue here.
18 Plaintiff's reliance on the July 2019 *AIIRAM* decision provides no support for the notion that Mr.
19 Oliver's dual representation is permissible, it simply offers other avenues to bring the conflict
20 before the judge. However, adequacy of counsel is ripe for this Court to decide at this stage of the
21 litigation.

22  Further, Plaintiff's selective citation of *AIIRAM* is even more problematic when
23 considering a subsequent ruling in the same case. *AIIRAM LLC v. KB Home,* No. 5:19-cv-00269-
24 LHK, 2019 WL 3779185 (N.D. Cal. Aug. 12, 2019), decided just one month later, makes clear
25 that the defendant in the July 2019 *AIIRAM* decision had sought to strike class allegations because
26 class counsel was attempting to represent "'**different plaintiffs** . . . .'" *Id.* at *7 (emphasis added).
27 That issue is entirely distinct from the one here. Sunrun is not arguing that Mr. Oliver represents
28 different plaintiffs in different cases—it is arguing that he is attempting to represent the same

1  putative class plaintiffs in overlapping classes, in two different actions, creating an unavoidable
2  conflict. Plaintiff's attempt to analogize *AIIRAM* to this case is therefore wholly unpersuasive.

3        Similarly, Plaintiff's reliance on *Sandoval v. Ali*, 34 F. Supp. 3d 1031 (N.D. Cal. 2014) is
4  also misplaced. (Opp. at 16.) In *Sandoval*, the court declined to disqualify class counsel before
5  class certification because defendants' concerns were purely speculative. *Id.* at 1047–48. The
6  defendants had argued that class counsel's simultaneous representation of employees in both a
7  state court case and a federal case action created a conflict, but the court rejected that argument
8  finding no evidence that class counsel had taken inconsistent positions or failed to litigate either
9  case vigorously. *Id.* at 1047.

10        This is simply not the case here. And *Sandoval* explicitly recognized that "[i]n general,
11  class counsel may represent multiple sets of litigants—whether in the same action or in a related
12  proceeding—**so long as the litigants' interests are not inherently opposed**." *Id.* (emphasis
13  added) (quoting Newberg on Class Actions § 3:75 (5th ed.)). But here, the class members'
14  interests are inherently opposed. Mr. Oliver is simultaneously litigating two putative TCPA class
15  actions against Sunrun, both involving overlapping class definitions. Unlike in *Sandoval*, where
16  the conflict was speculative, the conflict here is real and unavoidable. If one class prevails the
17  other may be precluded from recovery or receive a diminished award—an outcome that directly
18  threatens absent class members' interests. Accordingly, Plaintiff's reliance on *Sandoval* is
19  therefore unavailing.

20        The Court need not wait for discovery or class certification to address Mr. Oliver's
21  conflict—just as it need not delay striking Plaintiff's class allegations, which are facially
22  defective. The risk of prejudice to present and absent class members is immediate, and the Court
23  should strike Plaintiff's class allegations.

24  **III.  CONCLUSION**

25        For the foregoing reasons, Sunrun's Motion to Strike Class Allegations should be granted.

26
27
28

| | |
|---|---|
| DATED: March 10, 2025 | KELLEY DRYE & WARREN LLP<br><br>By: */s/ Glenn T. Graham*<br>    Lauri A. Mazzuchetti (*pro hac vice* forthcoming)<br>    Glenn T. Graham<br>    Emily E. Clark (*pro hac vice* forthcoming)<br>One Jefferson Road<br>Parsippany, New Jersey 07054<br>Telephone: (973) 503-5900<br>Facsimile: (973) 503-5950<br>ggraham@kelleydrye.com<br>lmazzuchetti@kelleydrye.com<br>eclark@kelleydrye.com<br><br>*Attorneys for Defendant Sunrun Inc.* |