UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS,<br><br>   Plaintiff,<br><br>v.<br><br>SUNRUN INC.,<br><br>   Defendant. | Case No. 24-cv-07877-JST<br><br>**ORDER DENYING DEFENDANT SUNRUN, INC.'S MOTION TO STRIKE CLASS ALLEGATIONS**<br><br>Re: ECF No. 17 |

Plaintiff Peggy Banks brings a class action suit against Sunrun, alleging that Sunrun contacted numbers on the National Do Not Call Registry ("DNC Registry"), in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"). ECF No. 1 ¶ 1.

Now before the Court is Defendant Sunrun Inc.'s motion to strike class allegations. ECF No. 17. Banks opposes, ECF No. 24, and Sunrun has filed a reply, ECF No. 29. The Court will deny the motion.

**I.   LEGAL STANDARD**

Federal Rule of Civil Procedure 12(f) authorizes the Court to "strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010) (quotation marks and citations omitted). Similarly, Rule 23(d)(1)(D) allows the Court to "issue orders that . . . require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly." Fed. R. Civ. P. 23(d)(1)(D). "[D]ismissal of class allegations at the pleading stage should be done rarely and . . . the better course is to deny such a motion because the

1  shape and form of a class action evolves only through the process of discovery." *In re Wal-Mart*
2  *Stores, Inc. Wage & Hour Litig.*, 505 F. Supp. 2d 609, 615 (N.D. Cal. 2007) (quoting *Myers v.*
3  *MedQuist, Inc.*, No. 05-4608, 2006 WL 3751210, at *4 (D.N.J. 2006) (internal quotation
4  omitted)).

## II.   DISCUSSION

Sunrun raises two arguments, one directed at Rule 23's predominance requirement and another challenging the adequacy of Plaintiff's counsel due to a purported conflict of interest. The Court addresses each in turn.

### A.   Predominance

Sunrun alleges Banks fails to meet the predominance requirement of Federal Rule of Civil Procedure 23 because her proposed class includes people who cannot assert a TCPA claim against Sunrun, such as existing and prospective customers and others who consented to receive calls from Sunrun, requiring the Court to conduct an individualized inquiry for each member. ECF No. 17 at 7. Banks responds that the Court can wait to exclude potential class members who may have consented at the class certification stage. ECF No. 24 at 7.

"Dismissal of class allegations at the pleading stage should be done rarely and the better course is to deny such a motion because the shape and form of a class action evolves only through the process of discovery." *Gatling-Lee v. Del Monte Foods, Inc.*, No. 22-cv-00892-JST, 2023 WL 11113888, at *14 (N.D. Cal. Mar. 28, 2023) (alterations, quotation, and citation omitted), *reconsideration denied sub nom. Nacarino v. Del Monte Foods, Inc.*, No. 22-cv-00892-JST, 2024 WL 847925 (N.D. Cal. Feb. 28, 2024); *Williams v. Affinity Ins. Servs., Inc.*, No. 23-CV-06347-JST, 2024 WL 3153214, at *8 (N.D. Cal. June 24, 2024); *Bui-Ford v. Tesla, Inc.*, No. 4:23-CV-02321, 2024 WL 694485, at *8 (N.D. Cal. Feb. 20, 2024); *Dodson v. Tempur-Sealy Int'l, Inc.*, No. 13-CV-04984-JST, 2014 WL 1493676, at *11 (N.D. Cal. Apr. 16, 2014).

Sunrun offers the Court no reason to diverge from its general practice, and the cases it cites are inapposite. Some were decided at the class certification stage. *See, e.g.*, *Felix v. N. Am. Asset Servs., LLC*, No. CV 12-3718-JFW (ANX), 2012 WL 12551406, at *1–2 (C.D. Cal. Sept. 5, 2012). And others were decided before class certification but after discovery regarding the

2

plaintiff's ability to establish predominance, which has not occurred here.  *See Sorsby v. TruGreen Ltd. P'ship*, No. 1:20-CV-2601, 2023 WL 130505, at *6 (N.D. Ill. Jan. 9, 2023).

Sunrun's remaining cases likewise do not demonstrate that "this [is] the rare case where the pleadings indicate that the class requirements cannot possibly be met." *Blair v. CBE Grp.*, No. 13-CV-134-MMA (WVG), 2013 WL 2029155, at *5 (S.D. Cal. May 13, 2013).  Sunrun cites two cases in which courts struck class allegations where the proposed class definition expressly relied on each class member's revocation of consent—which implicated issues of individual proof.  *See Pepka v. Kohl's Dep't Stores, Inc.*, No. CV164293MWFFFMX, 2016 WL 8919460, at *4 (C.D. Cal. Dec. 21, 2016); *Wolfkiel v. Intersections Ins. Servs. Inc.*, 303 F.R.D. 287, 293–94 (N.D. Ill. 2014).  But unlike the class definitions in *Pepka* and *Wolfkiel*, Banks's proposed class definition does not involve revocation of consent and instead relies on class members' presence on the DNC Registry.  Accordingly, Sunrun has not persuaded the Court that "the class requirements cannot possibly be met."  *See Blair*, 2013 WL 2029155, at *5.

**B.     Adequacy**

When considering Rule 23's adequacy requirement, courts evaluate whether "the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Again, however, while Sunrun cites several cases where courts denied motions for class certification on this ground, Sunrun fails to cite any case where the court granted a Rule 12(f) motion to strike class allegations on this ground.  *See Kuper v. Quantum Chemical Corp.*, 145 F.R.D. 80, 83 (S.D. Ohio 1992) (class certification stage); *Krim v. pcOrder.com, Inc.*, 210 F.R.D. 581, 588 (W.D. Tex. 2002) (same); *Jackshaw Pontiac, Inc. v. Cleveland Press Pub. Co.*, 102 F.R.D. 183, 192 (N.D. Ohio 1984) (same); *Kurczi v. Eli Lilly & Co.*, 160 F.R.D. 667, 679 (N.D. Ohio 1995) (same); *Kayes v. Pac. Lumber Co.*, 51 F.3d 1449, 1465 (9th Cir. 1995) (same); *Sullivan v. Chase Inv. Servs. of Bos., Inc.*, 79 F.R.D. 246 (N.D. Cal. 1978) (same); *Kuper v. Quantum Chem. Corp.*, 145 F.R.D. 80 (S.D. Ohio 1992) (same); *Lou v. Ma Labs., Inc.*, No. C 12-05409 WHA, 2014 WL 68605 (N.D. Cal. Jan. 8, 2014) (same).  In the absence of relevant authority, the Court declines to take that step here.

/ / /

**CONCLUSION**

For the reasons set forth above, Sunrun's motion to strike class allegations is denied.

**IT IS SO ORDERED.**

Dated: May 5, 2025



JON S. TIGAR
United States District Judge

4