UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEGGY BANKS,

    Plaintiff,

v.

SUNRUN INC.,

    Defendant.

Case No. 24-cv-07877-JST

**SCHEDULING ORDER**

The Court hereby sets the following case deadlines pursuant to Federal Rule of Civil Procedure 16 and Civil Local Rule 16-10:

| Event | Deadline |
|---|---|
| Deadline to add parties or amend the pleadings[1] | June 13, 2025 |
| Expert disclosures | September 17, 2025 |
| Expert rebuttal | October 20, 2025 |
| Fact and expert discovery deadline | November 13, 2025 |
| Mediation deadline | November 17, 2025 |
| Dispositive motions due | January 29, 2026 |
| Dispositive motion oppositions due | February 26, 2026 |
| Dispositive motion replies due | April 2, 2026 |

---

[1] After this deadline, a party may still seek amendment, but must demonstrate good cause. Fed. R. Civ. P. 16(b)(4).

| Event | Deadline |
|---|---|
| Dispositive motion hearing | April 23, 2026 at 2:00 p.m. |
| Class certification motion due | May 28, 2026 |
| Class certification opposition due | To be set |
| Class certification reply due | To be set |

Counsel may not modify these dates without leave of court.  The parties shall comply with the Court's standing orders, which are available https://cand.uscourts.gov/judges/tigar-jon-s-jst/.

The Court sets a further case management conference on August 22, 2025 at 1:30 p.m. (because more than one conference will be set at that time, the conference may not begin precisely at 1:30 p.m.).  The conference will proceed by video.

The parties must file a joint case management conference statement by August 15, 2025.  For that statement only, the parties should disregard the local rules concerning the content of case management statements.  Instead, the statement should be divided into two sections.  The first section will address the status of the parties' discovery.  The parties will first list any discovery propounded by the Plaintiffs, the status of that discovery, and any next steps required to complete the discovery or conclude any dispute regarding that discovery.  The parties will then provide the same information regarding any discovery propounded by Defendants.  The parties' statement must include completed discovery as well as open discovery, and should list any discovery that has been discussed between the parties, even if it has not yet been propounded.  The second section of the statement will include a discussion of any other issues requiring the Court's attention or that bear on the progress of the case.  All future case management statements shall follow this format unless the Court orders otherwise.  At the conclusion of the conference, the Court will set the date and time of the next conference.

If the parties submit a proposed class action settlement for approval, they should ensure that they also submit sufficient information for the Court to evaluate the amount of the settlement compared to Plaintiffs' estimated potential recovery at trial.  *See*, *e.g.*, *Tobias v. NVIDIA Corp.*,

No. 20-CV-06081-JST, 2025 WL 419859, at *1 (N.D. Cal. Jan. 16, 2025).  Information provided informally in connection with a mediation, and without the exchange of formal discovery, often does not allow counsel to satisfy this requirement.

The parties must take all necessary steps to conduct discovery, compel discovery, hire counsel, retain experts, and manage their calendars so that they can complete discovery in a timely manner and comply with the deadlines set by the Court.  All counsel must arrange their calendars to accommodate these dates, or arrange to substitute or associate in counsel who can.

Requests for continuance are disfavored.  The Court will not consider any event subsequently scheduled by a party, party-controlled witness, expert or attorney that conflicts with the above dates as good cause to grant a continuance.  The Court will not consider the pendency of settlement discussions as good cause to grant a continuance.

**IT IS SO ORDERED.**

Dated:  May 7, 2025

_____
JON S. TIGAR
United States District Judge