Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

Local Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>*v.*<br><br>SUNRUN INC.<br><br>*Defendant.* | Case No. 4:24-cv-07877-JST<br><br>PLAINTIFF PEGGY BANKS' NOTICE OF MOTION AND MOTION TO AMEND COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT<br><br>[Proposed Order filed concurrently herewith]<br><br>Hon. Jon S. Tigar<br>Hearing Date: April 23, 2026<br>Time: 2:00 pm<br>Location: Zoom |

TO THE COURT, DEFENDANT, AND ITS COUNSEL: PLEASE TAKE NOTICE that on April 23, 2026 at 2:00 pm, in the above-captioned Court, located at 450 Golden Gate Avenue, San Francisco, California, Plaintiff Peggy Banks ("Ms. Banks") will and hereby does move the Court for an order granting her leave to file an Amended Complaint attached herein as Exhibit A, a redlined version of which is attached herein as Exhibit B, pursuant to Federal Rules of Civil Procedure 15(a)(2) and (b). The Amended Complaint adds an additional claim and putative class for violations of the TCPA's company-specific do not call rules based on discovery into SunRun's own books and records. Justice require the Court to grant the amendment, including to conform the pleadings to the evidence developed in this matter. This Motion is based on this Notice and Motion and the attached memorandum and exhibits, all pleadings, records, and files in this action, and such evidence and argument as may be presented at or before the hearing on this Motion.

Plaintiff Peggy Banks (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belie

Dated: March 20, 2026         PLAINTIFF, individually and on behalf of all others similarly situated,

Andrew Roman Perrong (*PHV*)
a@perronglaw.com
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone:  (215)225-5529 (CALL-LAW)
Facsimile:  (888)329-0305

*Attorneys for Plaintiff and the Proposed Class*

MOTION TO AMEND
*Banks v. SunRun Inc.*
-3-

## MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff respectfully seeks leave of court to amend his class action complaint to add in additional facts, as revealed through discovery, together with an associated cause of action and putative class for, violations of the TCPA's Internal Do Not Call requirements. In accordance with Rule 15(a)(2) and (b)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

## FACTS AND PROCEDURAL HISTORY

This case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Discovery, including expert discovery analyzing the Defendant's very books and records, has revealed that the Defendant placed at least 5,827 total calls to at least 199 unique telephone numbers where the Defendant's records reflect that the number was on the Internal Do Not Call List not less than 30 days. This includes two calls to the Plaintiff. (Ex. C, Expert Report of Aaron Woolfson). Plaintiff now seeks leave to amend her complaint within the time permitted by the Court's order, ECF No. 52, to assert internal Do Not Call claims against Defendant.

As a result of discovery, in the Amended Complaint, the Plaintiff alleges an internal Do Not Call cause of action as against Defendant. In so doing, the Plaintiff

MOTION TO AMEND
*Banks v. SunRun Inc.*
-4-

is merely alleging, based on information that the Defendant already had in its own books and records, that the Plaintiff received telephone calls after those records reflect that Defendant recorded her request not to be contacted.

## LAW AND ARGUMENT

*A. Amendment is proper to conform the pleadings to the evidence.*

"The amendment of pleadings to conform to the evidence is authorized by Rule 15(b), Federal Rules of Civil Procedure. Rule 15 expressly provides that leave to amend is to be 'freely' given. The Supreme Court has warned that this is a mandate to be heeded and that refusal to grant the leave without any justifying reason is an abuse of discretion." *Stiles v. Gove*, 345 F.2d 991, 994 (9th Cir. 1965).

As the Amended Complaint explains, the TCPA requires companies to maintain internal do not call lists and imposes liability on those, like Defendant, who fail to honor such lists by calling numbers, *inter alia*, which it has recorded as requesting a desire not to be contacted. Plaintiff's original Complaint placed Defendant on adequate notice of the possibility of an internal do not call claim. And in discovery Defendant's own records reveal that the Plaintiff's telephone number was dispositioned "DO_NOT_CALL" on July 15, 2024. Based on these developed facts as now known to the Plaintiff, and as more fully articulated in the Amended Complaint, the amendment advances a theory of the case that additionally asserts internal do not call claims against Defendant. As such, the

MOTION TO AMEND
*Banks v. SunRun Inc.*
-5-

proposed amendment is necessary to conform the pleadings to the evidence developed in discovery. The proposed amendment does not inject a new factual universe into the case. It arises from the same set of records Defendant has already produced in discovery, and the same expert analysis.

Under Rule 15(b)(2), "implied consent" to try an issue not raised by the pleadings exists where the opposing party understood that evidence was being introduced to prove the unpleaded issue, and the issue was directly addressed rather than only inferentially suggested by incidental evidence. *See LaLonde v. Davis*, 879 F.2d 665, 667 (9th Cir. 1989). By the same token here, where the issue has already been squarely explored in discovery and is based on the same set of records and expert analysis as the National DNC claim, Defendant cannot credibly claim that the evidence would not be introduced to prove violations of the Internal DNC rules, nor was only inferentially suggested thereby.

The additional claim and associated putative class merely conforms the pleadings to what Defendant's own discovery has shown. Moreover, discovery has not closed and the Court has already permitted its schedule to allow the Plaintiff to seek leave to amend, which Plaintiff is doing in time. As a result, an amendment would not prejudice Defendant; it would only cause Defendant to be held to account for actions it already has taken and which its own evidence demonstrates occurred. What's more, judicial economy would actually be further served here

MOTION TO AMEND
*Banks v. SunRun Inc.*
-6-

because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to add in the instant additional claim.

### B. Justice requires the amendment, which does not prejudice Defendant.

Under Rule 15(a)(2), a court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In the Ninth Circuit, that policy is to be applied with "extreme liberality." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001). Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Of those factors, prejudice carries the greatest weight, and absent prejudice or a strong showing on the remaining factors, there is a presumption in favor of amendment. In any event, none of these factors are present here.

First, as explained above, there is no additional prejudice to Defendant, who was in the litigation as an initial matter and whose own records it produced in discovery are being used to establish violations of the TCPA's internal do not call rules. The mere fact that an amendment is offered late in the case is not enough to bar the amendment so long as neither bad faith nor prejudice are apparent. *United*

*States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). Nor is the liberal amendment policy dependent on whether the amendment adds a new cause of action. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Where the amendment simply adds a cause of action that rests on the same operative facts already at issue, the opposing party is not prejudiced because it is already fully prepared to litigate the substantive issues. *Hurn v. Ret. Fund Tr. of Plumbing, Heating & Piping Indus. of S. California*, 648 F.2d 1252, 1254 (9th Cir. 1981). This is doubly the case here, where Defendant cannot credibly take issue with the very evidence contained in its own books and records.

Here, the national DNC claim and the internal DNC claim are sister claims under the same TCPA subsection, 47 U.S.C. § 227(c). The amendment does not require Defendant to defend against some new and unrelated transaction, records, or set of facts. To the contrary, Defendant's own records are the core proof for both the existing and proposed claims sought to be added through amendment

Second, the amendment is not done for undue delay, bad faith, or a dilatory motive. The Parties are not on the eve of trial, discovery has not closed, and the deadline to certify the class has not yet passed. Indeed, the Plaintiff is seeking to amend within the constraints of the Court's deadline. The amendment is merely done to conform the pleadings to the evidence that has been adduced in this litigation.

Finally, there is no clear futility. In sum, when evaluating the futility of an amendment, this Court must determine not the likelihood of success but rather only evaluates whether the claim is clearly frivolous and whether or not the Plaintiff has pled a plausible claim. *Barkley & Assocs., Inc. v. Quizlet, Inc.*, No. 2:24-CV-05964-WLH-E, 2025 WL 1421844, at *3 (C.D. Cal. Apr. 11, 2025). Here, the Plaintiff alleges an internal DNC claim against Defendant, which would not be futile, since there is an express right of action for the internal do-not-call rules contained in 47 C.F.R. § 64.1200(d) under Section 227(c) of the TCPA. *See, e.g.*, *Charvat v. NMP, LLC*, 656 F.3d 440, 449 (6th Cir. 2011); *Barton v. Am. Fam. Life Assurance Co. of Columbus*, No. 3:25-CV-05671-TMC, 2026 WL 177598, at *7 (W.D. Wash. Jan. 22, 2026). The proposed claim therefore states a cognizable legal theory. And the Expert Report of Aaron Woolfson makes clear that the proposed claim is factually and facially plausible.

Most importantly, denying leave here would force an inefficient, duplicative alternative. If Plaintiff is not permitted to amend his Complaint in this action, Plaintiff's only realistic option is to dismiss without prejudice as of right and refile again, alleging the very complaint she seeks to have in amendment, be forced to re-serve Defendant, and possibly go through yet another round of briefing on arguments regarding discovery. That is the opposite of judicial economy. Granting leave allows the parties and the Court to resolve claims arising from the same

conduct it in one forum, on one schedule, with one discovery record, precisely what Rule 15's liberal amendment policy is designed to facilitate. For the foregoing reasons, the Court should hold that justice requires the amendment and grant the motion accordingly. The Court should "freely give leave" for the Plaintiff to do so. Under the circumstances here and procedural posture, amendment would not be futile, would conform the evidence to the pleadings, and permit this litigation to proceed in due course.

## **CONCLUSION**

WHEREFORE, for the reasons set forth herein, the Plaintiff respectfully requests that the Court grant leave for the Plaintiff to file the Amended Complaint as the operative Complaint in this matter.

Dated: March 20, 2026                PLAINTIFF, individually and on behalf of all others similarly situated,


Andrew Roman Perrong (*PHV*)
a@perronglaw.com
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone:  (215)225-5529 (CALL-LAW)
Facsimile:  (888)329-0305


*Attorneys for Plaintiff and the Proposed Class*

MOTION TO AMEND
*Banks v. SunRun Inc.*
-10-