Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

Local Attorney for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>SUNRUN INC.<br><br>*Defendant.* | Case No.<br><br>4:24-cv-07877<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiff Peggy Banks (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1.    This case involves a campaign by SunRun Inc. to market its solar panel services through telemarketing calls by contacting numbers on the National Do Not Call Registry, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA"), as well as to individuals, like Plaintiff, who had previously asked the calls to stop.

2.    The recipients of SunRun's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by SunRun makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

## PARTIES

3.    Plaintiff Peggy Banks is an individual located in Norco, California.

4.    Defendant SunRun, Inc. is a Delaware company located in California, in San Francisco, that made telemarketing calls from this District.

## JURISDICTION AND VENUE

5.    This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6.    This Court has general jurisdiction over Defendant because it has its principal place of business in this District.

7.    Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant is a resident of this District.

## TCPA BACKGROUND

The National Do Not Call Registry

8.    The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9.    The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10.    A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

The TCPA's Company Specific Internal Do Not Call Rules

11.    The TCPA specifically required the Federal Communication Commission ("FCC") to "initiate a rulemaking proceeding concerning the need to protect residential telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object." 47 U.S.C. § 227(c)(1).

12.    The FCC was instructed to "compare and evaluate alternative methods and procedures (including the use of . . . company-specific 'do not call systems . .

AMENDED CLASS ACTION COMPLAINT
*Banks v. SunRun Inc.*
-3-

.)" and "develop proposed regulations to implement the methods and procedures that the Commission determines are most effective and efficient to accomplish purposes of this section." *Id.* at (c)(1)(A), (E).

13.   Pursuant to this statutory mandate, the FCC established company-specific "do not call" rules. *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 7 F.C.C. Rcd. 8752 (Oct. 16, 1992) ("TCPA Implementation Order").

14.   These regulations are codified at 47 C.F.R. §§ 64.1200(d)(1)-(7).

15.   Specifically, these regulations require a company to keep a written policy, available "upon demand," for maintaining a do not call list, train personnel engaged in telemarketing on the existence and use of its internal do not call list, and record and honor "do not call" requests for no less than five years from the time the request is made. 47 C.F.R. §§ 64.1200(d)(1, 2, 3, 6).

16.   This includes the requirement that "[a] person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity can be contacted." 47 C.F.R. § 64.1200(d)(4).

## FACTUAL ALLEGATIONS

17.    Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

18.    Plaintiff's telephone number, 909-XXX-XXXX, is used for residential purposes and is used for personal purposes.

19.    The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

20.    The number has been registered on the National Do Not Call Registry continuously since August 8, 2006.

21.    Despite this, the Plaintiff received at least thirty-one telemarketing calls placed from SunRun between at least July 11, 2024 and August 16, 2024 from the Caller ID 909-475-3698 to solicit her for Defendant's solar panel services.

22.    Defendant's own records reflect that the Plaintiff requested that the calls stop, and that the Plaintiff's lead and telephone number were dispositioned as "DO_NOT_CALL" on July 15, 2024.

23.    This telephone number is the Defendant's telephone number and is registered with various Caller ID databases as "SunRun."

24.    Thereafter, the Plaintiff sent investigatory correspondence to SunRun to ascertain why she received the illegal calls and to request they cease.

25. Plaintiff received no response.

26. The calls were not necessitated by an emergency.

27. The Plaintiff never requested the calls or provided her consent to receive them.

28. The Plaintiff never did business with Defendant SunRun.

29. The calls were nonconsensual encounters.

30. Plaintiff and all members of the Classes, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power, network bandwidth, storage space, wear and tear, and the intrusion on their telephone that occupied it from receiving legitimate communications.

## CLASS ACTION ALLEGATIONS

31. Plaintiff brings this action on behalf of herself and the following classes (the "Classes") pursuant to Federal Rule of Civil Procedure 23.

**Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of

Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

**Telephone Consumer Protection Act Internal Do Not Call Class:** All persons within the United States to whom: (1) Defendant (or a third-party acting on behalf of Defendant) sent (2) two or more telemarketing calls in a 12-month period, (3) whom Defendant's records show had asked not to call and (4) within the four years prior to the filing of the Complaint.

32.    Defendant and its employees or agents are excluded from the Classes. Plaintiff reserves the right to modify or amend the Class definitions, as appropriate, during the course of this litigation.

33.    Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

**Numerosity**

34.    Members of the Classes are so numerous that their individual joinder is impracticable.

35.    On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Classes number in the thousands.

36.   The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

37.   Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

## Commonality

38.   Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

39.   Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

## Typicality

40.   The claims of the named Plaintiff are typical of the claims of the Classes because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls, or received such calls after having been recorded in the Defendant's books and records as "do not call."

## Adequacy of Representation

41.   Plaintiff is an adequate representative of the Classes because her interests do not conflict with the interests of the Class Members she seeks to

AMENDED CLASS ACTION COMPLAINT
*Banks v. SunRun Inc.*
-8-

represent, she has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

42.    The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

## Superiority

43.    The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

44.    Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

45.    Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system.  This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

46.    Individualized litigation also presents a potential for inconsistent or contradictory judgments.

47.    In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

48.     Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

## COUNT I
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

49.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

50.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

51.     The Defendant's violations were negligent, willful, or knowing.

52.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

53.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to

numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

**<u>COUNT II</u>**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the Internal Do Not Call Class)**

54.     Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 48 as if fully set forth herein.

55.     The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite Defendant's own records showing that they did not want to receive calls and/or were placed on the Defendant's internal Do Not Call List.

56.     The Defendant's violations were negligent, willful, or knowing.

57.     As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

58.     Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to

individuals who had asked not to receive calls and/or numbers on its internal Do Not Call List, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A.      Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry or who had asked not to be contacted in the future;

B.      That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C.      An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D.      Such other relief as the Court deems just and proper.

AMENDED CLASS ACTION COMPLAINT
*Banks v. SunRun Inc.*
-12-

## JURY DEMAND

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: March 20, 2026        PLAINTIFF, individually and on behalf of all others similarly situated,


/s/ Dana J. Oliver

Dana J. Oliver (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, California 91701
Telephone:  (855)384-3262
Facsimile:  (888)570-2021

/s/ Andrew Roman Perrong

Andrew Roman Perrong (PHV)
a@perronglaw.com
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Telephone:  (215)225-5529 (CALL-LAW)
Facsimile:  (888)329-0305


Attorneys for Plaintiff and the Proposed Class