**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (State Bar No. 338995)
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone:      (973) 503-5917
Facsimile:      (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated, | Case No.  4:24-cv-07877-JST |
| | [Hon. Jon S. Tigar] |
| Plaintiffs, | Action Filed: Nov. 11, 2024 |
| v. | Hearing Date: May 28, 2026<br>Time: 2:00 pm<br>Place: Zoom |
| SUNRUN, INC. | |
| Defendant. | |

## SUNRUN INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO AMEND HER COMPLAINT

Sunrun Inc. ("Sunrun"), by and through its undersigned counsel, hereby files this memorandum of law in opposition to Plaintiff's Motion to Amend Complaint (Dkt. No. 54, "Motion") and relies upon this memorandum, the Declaration of Christine Agualo, and on such other briefs, oral argument and documentary matters that may be presented to this Court at or before the hearing on this motion.

## I.    INTRODUCTION

Plaintiff's motion for leave to amend the complaint should be denied because the proposed amendment is futile.  Plaintiff commenced this action asserting one cause of action for alleged violation of the "Do Not Call" ("DNC") provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), premised upon her receipt of calls between July 11, 2024 and August 16, 2024.  Plaintiff now seeks to add a second proposed cause of action premised upon those same calls, alleging that they were made in violation of the requirement for Sunrun to maintain an "internal do-not-call" ("IDNC") list found in 47 C.F.R. § 64.1200(d).  Plaintiff's proposed amendment is futile, however because Plaintiff did not make a request to be placed on Sunrun's IDNC list and, therefore, lacks Article III standing to pursue such a claim.[1]

Plaintiff asserts that Sunrun violated the TCPA by continuing to call her and the putative class "despite Defendant's own records showing they did not want to receive calls and/or were placed on the Defendant's internal Do Not Call list."  (Proposed First Amended Complaint ("Proposed FAC"), Dkt. No. 54-1 ¶ 55.)  But this allegation: (1) is factually inaccurate, contradicted by Plaintiff's own call records, and rests entirely on Plaintiff's expert's unfounded and incorrect assumptions about the records provided by Sunrun during discovery; and (2) identifies no conduct by Plaintiff that could trigger the protections of 47 C.F.R. § 64.1200(d) (if such a claim even exists).

The record is unequivocal: Plaintiff never answered a single call from Sunrun, never spoke with a Sunrun representative, and never made a do-not-call request on any of those calls. Accordingly, Plaintiff's phone number was not placed on Sunrun's IDNC list at the time of the calls at issue.  Further, Plaintiff has yet to take any depositions or otherwise attempt to understand the

---

[1]    Sunrun disputes that a private right of action exists to enforce the provisions of 47 C.F.R. § 64.1200(d) and reserves that defense if amendment is permitted.

call records provided by Sunrun, yet she presses forward with seeking to add a claim that is contradicted by the evidence and unsupported by her own allegations.

Rule 15 of the Federal Rules of Civil Procedure does not permit plaintiffs to add claims for which they lack standing. Because Plaintiff's proposed amendment is futile, her Motion should be denied.

## II.    STATEMENT OF THE ISSUE(S) TO BE DECIDED

• Whether Plaintiff's proposed amendment should be denied as futile because Plaintiff lacks Article III standing to assert a cause of action premised upon any purported violation of 47 C.F.R. § 64.1200(d) because Plaintiff did not request to be placed on Sunrun's IDNC list at the time of the calls at issue.

## III.    LEGAL ARGUMENT

### A. Legal Standard

Under Rule 15, a request for leave to amend a pleading should be freely given, "when justice so requires." *Beckway v. DeShong*, No. 3:07-cv-5072, 2010 WL 3768375, at *2 (N.D. Cal. Sept. 22, 2010) (internal quotes omitted). While this standard is liberal, leave to amend may be denied when amendment would be futile. *Id.* Indeed, "[f]utility alone can justify the denial of a motion for leave to amend." *Id.* (internal quotes omitted). A proposed amendment is futile when "no set of facts could be alleged or proved to support the claim." *Id.* Thus, leave to amend may be denied where "the amendment cannot survive a motion to dismiss." *Buchanan v. United States*, No. 3:10-cv-00092, 2010 WL 690202, at *3 (N.D. Cal. Feb. 23, 2010) (denying request for leave to amend because "the proposed amended complaint would fail to survive a motion to dismiss under FRCP 12(b)(1) and (6)."). And Courts within this District have "repeatedly recognized that granting leave to amend is futile where a plaintiff lacks standing." *Jaiyeola v. T-Mobile US*, No. 5:23-cv-05182, 2024 WL 1421283, at *4 (N.D. Cal. Apr. 2, 2024) (collecting cases).

### B. The Proposed Amendment Is Futile Because Plaintiff Lacks Article III Standing to Assert an Internal Do Not Call Claim Under the TCPA

Plaintiff's Proposed FAC seeks to bring forth an additional claim, her proposed Second Cause of Action, premised upon an alleged violation of the procedural requirements for maintaining an internal do-not-call list found in 47 C.F.R. § 64.1200(d).  (*See* Motion at 9 (conceding IDNC requirement is contained in 47 C.F.R. § 64.1200(d)).)  Plaintiff, however, has no Article III standing to pursue an IDNC claim.

1.  Plaintiff Lacks Standing Because She Does Not Allege, Because She Cannot, That She Requested to be Placed on Sunrun's IDNC List at the Time of the Calls at Issue and, Therefore, Her Alleged Injury Is Not Fairly Traceable to the Alleged Violation of 47 C.F.R. § 64.1200(d).

Article III standing requires a plaintiff to demonstrate an injury-in-fact, traceability, and redressability. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).  "[S]tanding is not dispensed in gross."  *Lewis v. Casey*, 518 U.S. 343, 358 n.6 (1996).  It also requires "a causal connection between the injury and the conduct complained of."  *Lujan*, 504 U.S. at 560 (1992).  The alleged injury must be "fairly traceable to the challenged conduct of the defendant."  *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016).  In addition, "plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek."  *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021).  Here, Plaintiff's alleged injury—allegedly receiving unsolicited calls—is not traceable to the alleged violation of Section 64.1200(d).  (*See, e.g.*, Dkt. No. 54-1 ¶ 27.)

As this Court previously explained, the requirement to maintain an internal do-not-call list and to honor requests to be placed on an internal do-not-call list is part of 47 C.F.R. § 64.1200(d). *Luckau v. Sunrun Inc.*, No. 25-cv-01661-JST, 2025 WL 1797249, at * 2 (N.D. Cal. June 30, 2025) ("*Luckau I*").  Section 64.1200(d) provides, "[n]o person or entity shall initiate . . . any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of **persons who request not to receive such calls** made by or on behalf of that person or entity."  47 C.F.R. § 64.1200(d) (emphasis added).  Sunrun disputes

that a private right of action exists under Section 64.1200(d), but as this Court made clear, to the extent one exists, a stop request is a necessary predicate to satisfy Article III's traceability requirement. *See Luckau v. Sunrun Inc.*, No. 25-cv-01661-JST, 2025 WL 2780784, at *1–2 (N.D. Cal. Sept. 30, 2025) ("*Luckau II*") (dismissing Section 64.1200(d) claim for lack of Article III standing where plaintiff did not make a stop request).[2]

Here, Plaintiff alleges that she received "at least thirty-one telemarketing calls placed from SunRun between at least July 11, 2024 and August 16, 2024." (Dkt. No. 54-1 ¶ 21.) Plaintiff does not allege—because she cannot (as discussed below)—that she answered any of these calls and requested not to be contacted or added to Sunrun's IDNC list. Plaintiff avers that at some unspecified point following the alleged calls, she "*[t]hereafter*, . . . sent investigatory correspondence to SunRun to ascertain why she received the illegal calls and to request they cease." (*Id.* ¶ 24) (emphasis added). Plaintiff's concession that she did not request to be placed on Sunrun's IDNC list dooms her Section 64.1200(d) claim because even if Sunrun "had complied with the TCPA and maintained an internal do-not-call list [that complied with all of the regulatory requirements], their compliance would not have prevented a call to [Banks] because [s]he would not have been on that list." *Luckau I*, at *2 (citing *Perrong v. S. Bay Energy Corp.*, No. 2:20-cv-5781, 2021 WL 1387506, at *3 (E.D. Pa. Apr. 13, 2021)); *see also Thompson v. Vintage Stock, Inc.*, No. 4:23-cv-00042, 2024 WL 492052, at *7 (E.D. Mo. Feb. 8, 2024), *reconsideration granted on other grounds*, 2024 WL1636705 (E.D. Mo. Apr. 16, 2024) (finding no standing where the plaintiffs did not "allege in their complaint that they asked Vintage Stock to place them on its internal do-not-call list, or even that they asked Vintage Stock not to contact them" because, "even if Vintage Stock had done everything the Thompsons complain it failed to do," the plaintiffs "would have suffered the exact same harm"); *Doane v. Benefytt Techs., Inc.*, No. 1:22-cv-10510, 2023 WL 2465628, at *7 (D. Mass. Mar. 10, 2023) (finding no standing where the plaintiff alleged he asked to be placed on an internal do-not-call list but failed to allege that he received any calls from the defendant after that date).

---

[2] The Court in *Luckau II* did not address the parties' argument regarding whether a private right of action exists and need not do so here because Plaintiff did not make a stop request.

Accordingly, because Plaintiff did not allege that she made a stop request on any of the calls at issue, her alleged injury of receiving unsolicited calls is not fairly traceable to the alleged violation of Section 64.1200(d). *Luckau II*, at *2.  Her Motion should be denied.

2. Plaintiff's Argument Is Premised Upon a Misunderstanding of Sunrun's Call Records

Plaintiff's Motion should also be denied because "no set of facts could be alleged or proved to support the claim." *Beckway*, 2010 WL 3768375, at *2.  Plaintiff cites no evidence to suggest that she requested to be placed on Sunrun's IDNC list during any of the calls at issue.  That is because she did not.  (Declaration of Christine Agualo ("Agualo Decl.") ¶ 11.)  Plaintiff is required to conduct a proper factual investigation prior to filing an amended complaint but failed to do so. *Pagtalunan v. Reunion Mortg. Inc.*, No. 3:09-cv-00162, 2009 WL 961995, at *2 n.2 (N.D. Cal. Apr. 8, 2009) ("Plaintiffs must make a good faith investigation into the adequacy of their claims before filing their amended complaint").

Indeed, Plaintiff took no deposition or otherwise inquired into the call records provided by Sunrun; instead, she bases her Motion solely on incorrect factual assumptions made by her expert witness.  (*See* Motion, *generally*.)  That is not proper.  Tellingly, Plaintiff herself did not submit any declaration stating that she made a stop request on any of the calls at issue.  That is because she did not.  (Agualo Decl. ¶ 11.)  Sunrun's records—which have been provided to Plaintiff—show that Plaintiff submitted her phone number and contact information requesting information about solar on July 11, 2024.  (*Id.* 8.)  Following that submission, between July 11, 2024 and August 16, 2024, Sunrun attempted to reach Plaintiff, but no calls connected.  (*Id.* ¶¶ 10–11.)  They all went to voicemail.  (*Id.* ¶ 12.)  Accordingly, Plaintiff's phone number was not added to Sunrun's IDNC list at that time.[3]  (*Id.* ¶ 11.)  It was only on or about August 30, 2024—when Sunrun received Plaintiff's correspondence—that Sunrun placed Plaintiff's phone number in the IDNC list.  (*Id.* ¶¶ 13, 15.)

---

[3]    Plaintiff's expert's unsupported assertion that Sunrun dispositioned Plaintiff's phone number as do-not-call on July 15, 2024 is incorrect and based on an apparent misreading of the discovery provided to date.  (Agualo Decl. ¶¶ 14–15.)

Accordingly, Plaintiff's Motion should be denied as futile because the factual record is clear that she did not make a stop request.  (*Id.* ¶ 11.)  She therefore cannot state a claim under Section 64.1200(d).  *See, e.g.*, *Cordoba  v. DirecTV, LLC*, 942 F.3d 1259, 1272 (11th Cir. 2019) ("There's no remotely plausible causal chain linking the failure to maintain an internal-do-not-call list to the phone calls received by class members who never said . . . they didn't want to be called again."); *Perrong v. S. Bay Energy  Corp.*, No. 2:20-cv-05781, 2021 WL 1387506, at *2 (E.D. Pa. Apr. 13, 2021) (47 C.F.R. § 64.1200(d) "applies only to individuals who have directed a company not to call them.").

Because Plaintiff's alleged harm is not traceable to the proposed Second Cause of Action, and Plaintiff cannot prove the facts—and in order to attempt to do so, would have to perjure herself—the proposed amendment is futile under Rule 15.  A claim premised on a request Plaintiff never made, and that the evidence affirmatively disproves, cannot survive a motion to dismiss, much less justify amendment.  Plaintiff's Motion should be denied on this basis.

## IV.   CONCLUSION

For the foregoing reasons, Sunrun respectfully requests that this Court deny Plaintiff's Motion in its entirety.

Dated: April 3, 2026                                   Respectfully submitted,

*/s/ Glenn T. Graham*
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (SBN #338995)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Counsel for Defendant Sunrun Inc.*