United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PEGGY BANKS,
Plaintiff,

v.

SUNRUN INC.,
Defendant.

Case No. 24-cv-07877-JST

**ORDER GRANTING MOTION FOR LEAVE TO AMEND**

Re: ECF No. 54

Before the Court is Plaintiff Peggy Banks' motion for leave to file an amended complaint. ECF No. 54. The Court will grant the motion.

## I. BACKGROUND

Banks filed this putative class action against Defendant Sunrun Inc. on November 11, 2025, alleging that Sunrun violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. ECF No. 1 ¶ 1. Banks alleges that Sunrun markets its solar panel services through telemarketing calls by calling numbers that are listed on the National Do Not Call Registry. *Id.* ¶¶ 1–2. Banks alleges that even though she has been listed on the Do Not Call Registry ("DNCR") continuously since August 8, 2006, she received at least 31 calls from Sunrun between July and August 2024. *Id.* ¶¶ 14–15. Banks seeks certification of a class of individuals listed on the DNCR who also received calls from Sunrun. *Id.* ¶ 24. She seeks monetary and injunctive relief. *Id.* ¶¶ 42–43.

On February 23, 2026, the Court set a deadline for amending the pleadings of March 20, 2026. ECF No. 52 at 2. Banks filed this motion for leave to amend on March 20, 2026. ECF No. 54. She seeks to add a claim for violation of the internal "do not call" list provisions of the TCPA. ECF No. 54 at 5–6. Sunrun opposed the motion on April 3, 2026. ECF No. 57. Banks replied on

April 10, 2026 ECFN No. 58.

## II. JURISDICTION

The Court has jurisdiction under 28 U.S.C. § 1331.

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) permits a party to amend a pleading once "as a matter of course" within 21 days of serving it or within 21 days after a response to it has been filed. Fed. R. Civ. P. 15(a)(1). Otherwise, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Under Rule 15(a)(2), courts should freely give leave to amend when justice so requires. Amendment should be permitted unless the opposing party makes a showing of 'undue delay, bad faith . . . , undue prejudice . . . , [or] futility of amendment.'" *Schwartz v. Miller*, 153 F.4th 918, 932 (9th Cir. 2025) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962). "Courts should also consider the number of times the plaintiff has already been allowed to amend." *Id.* (citing *Foman*, 371 U.S. at 182). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (citation omitted) (emphasis in original).

## IV. DISCUSSION

Banks seeks to add allegations to the complaint that she sent investigatory correspondence to Sunrun to determine why she received calls after being on the Do Not Call registry and to add a claim that she and other class members were called despite being on a Sunrun internal do-not-call ("IDNC") list. ECF No. 54-1 ¶¶ 24, 54-58. Sunrun opposes the motion on the grounds of futility, claiming that Banks lacks standing to raise such a claim. ECF No. 57.

First, Sunrun does not argue, and the Court does not find, evidence of bad faith, undue delay or prejudice to the Defendant such that leave should be denied on those grounds. Accordingly, these factors weigh in favor of permitting amendment.

Sunrun claims that amendment should be denied on futility grounds because Banks lacks Article III standing. ECF No. 57 at 2. It argues that there is no evidence that Banks requested that she be placed on Sunrun's internal do-not-call ("IDNC") list. *Id*. at 4. It argues that "Plaintiff's

concession that she did not request to be placed on Sunrun's IDNC list dooms her Section 64.1200(d) claim" because that regulation requires a stop request as a necessary predicate. *Id.* at 5.

There are two problems with Sunrun's argument. First, the Court rarely denies leave to amend on futility grounds. "An amendment is futile when no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation modified). "Under Rule 15(a), '[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.'" *Allen v. Bayshore Mall*, No. 12-cv-02368-JST, 6441504 WL 2013, at *5 (N.D. Cal. Dec. 9, 2013) (quoting *Foman*, 371 U.S. at 182). For this reason, "[d]enial of leave to amend on [futility grounds] is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *GMAC Mortgage LLC v. Nevada Ass'n Servs., Inc.*, No. 2:13-cv-01157-GMN-NJK, 2018 WL 487101, at *2 (D. Nev. Jan. 5, 2018) (internal citations and quotations omitted).

The second and more significant problem for Sunrun is that Banks has not "conceded" that she did not request to be placed on Sunrun's IDNC. In fact, the opposite is true: her proposed first amended complaint alleges that she asked to be placed on Sunrun's do-not-call list. *See* ECF No. 54-1 ¶ 22 ("Defendant's own records reflect that the Plaintiff requested that the calls stop, and that the Plaintiff's lead and telephone number were dispositioned as 'DO_NOT_CALL' on July 15, 2024."). That she does not also plead that she remembers doing so is irrelevant. Also irrelevant is Sunrun's contention that Banks's allegation is contradicted by certain evidence. "[T]he proper test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Nordyke v. King*, 644 F.3d 776, 788 (9th Cir. 2011), *on reh'g en banc*, 681 F.3d 1041 (9th Cir. 2012). Thus, in evaluating whether to grant a motion to amend, the Court looks only to the facts pled in the proposed first amended complaint. *Id.*

/ / /

United States District Court
Northern District of California

**CONCLUSION**

For the foregoing reasons, the Court grants Banks's motion for leave to file her first amended complaint. The amended complaint must be filed on the docket within 14 days of this order.

**IT IS SO ORDERED.**

Dated: August 19, 2026

JON S. TIGAR
United States District Judge