# EXHIBIT B

Timothy J. Fransen, OSB No. 073938
tfransen@cosgravelaw.com
**COSGRAVE VERGEER KESTER LLP**
900 SW Fifth Avenue, 24th Floor
Portland, Oregon 97204
Telephone: (503) 323-9000
Facsimile: (503) 323-9019

Ryan D. Watstein (*Pro Hac Vice*)
ryan@wtlaw.com
James M. Ruley (*Pro Hac Vice*)
jruley@wtlaw.com
**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

*Attorneys for Defendant*
*Freeway Insurance Services of America, LLC*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEWAY INSURANCE SERVICES OF AMERICA, LLC,<br><br>Defendant. | Case No. 6:25–cv–1869–MC<br><br>**DECLARATION OF RYAN D. WATSTEIN IN SUPPORT OF DEFENDANT FREEWAY INSURANCE SERVICES OF AMERICA, LLC'S REPLY IN SUPPORT OF ITS MOTION TO DENY CLASS CERTIFICATION** |

**DECLARATION OF RYAN D. WATSTEIN**

1. My name is Ryan D. Watstein. I am an attorney and co-founder of Watstein Terepka LLP, an approximately 25-lawyer firm based at 75 14th Street NE, Suite 2600, Atlanta, Georgia 30309. I am over the age of 18, of sound mind, and competent to make this Declaration. I make this Declaration based on my personal knowledge.

2. I am counsel of record for Defendant Freeway Insurance Services of America, LLC ("Freeway") in this action. Based on my active participation and supervision of all material aspects of the defense of this action and others, I have personal knowledge of the matters set forth herein.

3. I submit this declaration in support of Freeway's reply in support of its motion to deny class certification, filed contemporaneously herewith.

4. I have defended more than 600 TCPA class actions throughout my career. Many of those putative class actions were brought by serial litigants. I have never asked a court to find a plaintiff inadequate based on an argument that the plaintiff is a "professional litigant."

5. Since October 2024, Plaintiff has been a named Plaintiff in 85 putative TCPA class actions. As of today, Plaintiff has settled or dismissed 60 of those cases on an individual basis. A true and correct copy of the PACER Case Locator search results for Chet Wilson is attached hereto as **Exhibit 1**.

6. Most of these cases settled individually within months, sometimes weeks, after being filed, before the end of the discovery period, and presumably often before discovery opened, given the timing. *See* **Exhibit 1**.

7. Based on my review of the dockets identified in Exhibit 1, I have not identified any case in which Wilson litigated a contested motion for class certification to a ruling. The only case



WATSTEIN TEREPKA LLP
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

I am aware of in which Wilson has sought certification is *Wilson v. PacifiCorp*, where the parties jointly seek certification solely for settlement purposes. No. 6:24-cv-1956 (D. Or.)

8. Twelve[1] of those dismissals or settlements occurred after Freeway filed its Motion to Deny Class Certification on May 16, 2026, despite vigorously litigating several of them before Freeway's motion to deny certification:

a. *Wilson v. Staples, Inc.*, No. 1:26-cv-11489 (D. Mass.): on May 19, 2026, the defendant filed a motion for extension of time to file its answer pending settlement (Dkt. No. 8), and Plaintiff subsequently filed a Notice of Voluntary Dismissal (Dkt. No. 10).

b. *Wilson v. Mortg. One, Inc.*, No. 3:25-cv-03648 (S.D. Cal.): Plaintiff filed a Notice of Voluntary Dismissal on May 20, 2026 (Dkt. No. 16), despite having recently defended his claims against a Rule 12(b)(6) motion (Dkt. Nos. 11, 12, 13).

c. *Wilson v. Dealmed Med. Supplies, LLC*, No. 1:26-cv-9 (E.D.N.Y.): Plaintiff filed a Notice of Voluntary Dismissal on May 20, 2026 (Dkt. No. 22), despite having recently defended his claims against a Rule 12(b)(6) motion (Dkt. Nos. 15, 18).

d. *Wilson v. Yakima Valley Farm Workers Clinic,* No. 1:26-cv-3003 (E.D. Wash.): Plaintiff filed a Stipulation of Dismissal with Prejudice on May 22, 2026 (Dkt. No. 15).

e. *Wilson v. AMS Moving Inc.*, No. 9:26-cv-80334 (S.D. Fla.): Plaintiff filed a Notice of Settlement on May 26, 2026 (Dkt. No. 10) and a Notice of Voluntary Dismissal on July 15, 2026 (Dkt. No. 14).

f. *Wilson v. Easy Spirit, LLC*, No. 3:25-cv-112 (D. Conn.): Plaintiff filed a Stipulation of Dismissal with Prejudice on May 26, 2026 (Dkt. No. 99).

g. *Wilson v. Vozzcom, Inc.*, No. 0:25-cv-61793 (S.D. Fla.): Plaintiff filed a Notice of Settlement on June 12, 2026 (Dkt. No. 43) and a Stipulation of Dismissal with Prejudice on July 12, 2026 (Dkt. No. 45).

h. *Wilson v. Hard Eight Nutrition LLC*, No. 6:25-cv-144 (D. Or.): Plaintiff filed a Stipulation of Dismissal on June 30, 2026 (Doc. 31).

[1] Although a thirteenth case, *Wilson v. Better Mortgage Corp.* was also dismissed during this period, it appears that the parties initially sought a stipulated dismissal of that case on February 24, 2026, but that repeated filing deficiencies delayed formal dismissal until June 30, 2026. No. 1:25-cv-5503 (S.D.N.Y.), Dkt. Nos. 40, 41, 42.



**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

i. *Wilson v. Cirkul Inc.*, No. 6:25-cv-2036 (D. Or.): Plaintiff filed a Notice of Voluntary Dismissal on July 9, 2026 (Dkt. No. 35), despite recently receiving a favorable Report & Recommendation (Dkt. No. 29) on a contested motion to dismiss for which Plaintiff filed *several* notices of supplemental authorities and responding to the defendant's objections to that R&R (Dkt. Nos. 20, 24, 25, 26, 27, 34).

j. *Wilson v. Monarch Recovery Mgmt., Inc.*, No. 2:25-cv-4845 (E.D. Pa.): Plaintiff filed a Stipulation of Dismissal with Prejudice on July 13, 2026 (Dkt. No. 11).

k. *McGonigle & Wilson v. MRS BPO LLC*, No. 1:25-cv-15811 (D.N.J.): Plaintiff Wilson filed a stipulation of dismissal without prejudice of his claims only on July 14, 2026 (Dkt. No. 42).

l. *Wilson v. Nat'l General Ins. Co.*, No. 1:25-cv-719 (M.D.N.C.): Plaintiff filed a stipulation of dismissal on July 15, 2026 (Dkt. No. 23).

9. Since Freeway filed its motion to deny certification, Plaintiff's shadow counsel, the Heidarpour Law Firm, has abandoned every demand letter aimed at parties represented by Watstein Terepka.

10. Since Freeway filed its motion to deny certification, Plaintiff's counsel Andrew Perrong and/or Anthony Paronich have dismissed 7 cases where Watstein Terepka represents the defendants. Many dismissals or requests to stipulate to a dismissal occurred within hours of Judge McShane's Scheduling Order, ECF No. 30. *See, e.g.*, *Weingrad v. Business Capital LLC*, No. 2:25-cv-6344 (E.D. Pa. July 14, 2026) (filing a notice of voluntary dismissal despite recently traveling to argue against a pending motion to dismiss) Dkt. No. 28; *Weingrad v. Denny's, Inc.*, No. 3:26-cv-342 (D. Or. July 15, 2026), Dkt. No. 17; *Weingrad v. Fund Mate LLC*, No. 2:24-cv-4716 (E.D. Pa. July 15, 2026), Dkt. No. 45; *Bronstin v. S. Cal. Edison Co.*, No. 25-cv-2334 (C.D. Cal. June 18, 2026), Dkt. No. 35; *Nelson v. Cap. Vision Eye Servs.*, No. 5:26-cv-10275 (E.D. Mich. June 29, 2026), Dkt. No. 19; *Soboleski v. TerrAscend Corp.*, No. 4:25-cv-11763 (E.D. Mich. July 14, 2026), Dkt. No. 34; *Nelson v. OmahaSteaks.com, LLC*, No. 3:26-cv-10481 (E.D. Mich. July 20, 2026), Dkt. No. 13.



**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

11. In dismissing some of these cases, Plaintiff's counsel alluded to the Seventh Circuit's recent decision in *Steidinger v. Blackstone Medical Services*, --- F.4th ----, 2026 WL 2028517 (7th Cir. July 14, 2026), holding that text messages do not qualify as "calls" under the TCPA. But none of the dismissed actions was pending within the Seventh Circuit, and some involved phone calls, not text messages. And Plaintiff's counsel has continued litigating materially similar text-message claims outside the Seventh Circuit against defendants represented by other firms. *See, e.g.*, Proposed Case Management Plan, *Shelton v. JR Cap., LLC*, No. 2:26-cv-2878 (E.D. Pa. July 17, 2026), Dkt. No. 16. In many of these cases, counsel had previously tendered individual settlement demands for many multiples of the available statutory damages, sometimes nearing six figures.

12. Since Freeway filed its motion to deny certification, HLF and its referral counsel have also begun transmitting draft class-action complaints to prospective defendants, paired with individual settlement demands of approximately $100,000. Across hundreds of cases against these firms, I do not recall ever seeing a similar practice before Freeway filed its motion.

13. In connection with our firm's investigation in this case, I have recently seen examples of settlement statements prepared by HLF. Each of the statements I have seen incorporates a release by the plaintiff to his or her own counsel from claims arising out of the representation. The plaintiff's signature on the settlement statements I saw appeared as a bare electronic mark, without a DocuSign or SignNow verification log showing that the plaintiff opened, reviewed, or executed the document personally.

14. On April 22, 2026, counsel for Freeway produced documents responsive to Plaintiff's First Set of Discovery Requests. In that same email, counsel for Freeway provided a draft stipulated protective order and asked counsel for Plaintiff to provide proposed revisions.



**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

Plaintiff's counsel never responded to that email. A true and correct copy of that email is attached hereto as **Exhibit 2**.

15. Attached hereto as **Exhibit 3** is a true and correct copy of the Contingent Fee Agreement signed by Plaintiff and HLF on October 4, 2024, which HLF produced to counsel for Defendant in response to a subpoena. No protective order was entered in this case, nor did Freeway and HLF agree to the confidentiality of any documents exchanged.

16. Freeway offered to pause enforcement of its subpoena to HLF if HLF would confirm one item: who signed the Contingent Fee Agreement dated August 29, 2025 (ECF No. 26-1). HLF refused and, instead, filed an "emergency" motion to quash in the District of D.C. A true and correct copy of the relevant correspondence between counsel for Freeway and counsel for HLF is attached hereto as **Exhibit 4**.

17. After Freeway filed its motion to deny certification, Plaintiff made his Instagram profile private. He began referring to Jewish people as "Juice" and with a "juice box" emoji. Screen recordings of two such social media posts, uploaded by Plaintiff on the social media platform Threads on June 12 and 17, 2026, are attached hereto as **Exhibits 5 and 6**.[2]

18. On June 27, 2026, Plaintiff posted a video on the social media platform Threads, with a caption that read, "Was Hi Tler wrong to stand for what he believed was right? From my deep research, he seems to be the greatest protector of Christianity I've found in the last 500 years." In the video itself, Plaintiff stated as follows:

> So no matter how much blackmailin' and fuckin corrupting and fucking influencing with greed Israel has on our country, they're done. Those motherfuckers are exposed. Those fuckin' parasites are known to the world now. They can't hide under the fuckin' rock. These fuckin' weasel piece of shits can't fuckin' hide

[2] Exhibits 5–8 will be conventionally filed with the Court pursuant to Local Rule 5-6(a) and the CM/ECF User Manual § 12, and copies will also be sent to Plaintiff's counsel.



**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

anymore. We're gonna find them all. And I think we need to finish what fuckin' Hitler was tryin' to do.

A screen recording of that Threads post is attached hereto as **Exhibit 7**.

19. On May 28, 2026, Plaintiff posted another video on the social media platform Threads, in which he stated that he "almost lost out on . . . a couple hundred thousand dollars this year" for "speaking the truth and being outspoken and not bending or wavering or silencing my voice." He also said that he "put [my] foot down" and said that "whatever I say is what I believe." He further stated that "when I have something to say, it's gonna be said," and that "there's no carrot you can dangle in front of my face that's gonna make me quiet down or, or, or quiet my voice." A screen recording of that Threads post is attached hereto as **Exhibit 8**.

20. Attached hereto as **Exhibit 9** is a true and correct copy of the Declaration of Neal Shechter in Support of Defendant's Opposition to Plaintiff's Second Motion for Attorney's Fees and Other Sanctions, filed in *Wilson v. MAH Group, Inc.*, 6:25-cv-855 (D. Or.), on April 14, 2026.

21. Attached hereto as **Exhibit 10** is a true and correct copy of the Proposed Class Action Settlement Agreement filed by the parties in *Wilson v. PacifiCorp*, No. 6:24-cv-1956 (D. Or. June 9, 2026), Dkt. No. 47-1.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July 21, 2026 in Atlanta, Georgia.

/s/ Ryan D. Watstein
Ryan D. Watstein



**WATSTEIN TEREPKA LLP**
75 14th Street NE, Suite 2600
Atlanta, Georgia 30309
Telephone: (404) 782-0695

# Exhibit 9

## Declaration of Neal Shechter,
## *Wilson v. MAH Group, Inc.*, No. 6:25-cv-855
## (D. Or. Apr. 14, 2026).

***Wilson v. Freeway Insurance Services of America, LLC***
**Case No. 6:25-cv-1869-MC**

Kevin J. Jacoby, OSB No. 063783
Email: kevin@saltlawgroup.com
Neal S. Shechter, OSB No. 185119
Email: neal@saltlawgroup.com
SALT
100 SW Main St, Ste 1025
Portland, OR 97204
Phone: 503.417.7777

*Of Attorneys for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| **CHET MICHAEL WILSON**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**MAH GROUP, INC. D/B/A WOLFPAK**,<br><br>Defendant, | Case No. 6:25-cv-00855-MTK<br><br>**DECLARATION OF NEAL SHECHTER IN SUPPORT OF DEFENDANT'S OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR ATTORNEY'S FEES AND OTHER SANCTIONS** |

I, Neal Shechter, hereby declare and state as follows:

1. I am one of the attorneys for Defendant MAH Group, Inc. d/b/a WolfPak ("Defendant") in this matter and I have personal knowledge of the information in this declaration. I am over 18 years of age and competent to testify to the information in this declaration. I make this declaration in support of Defendant's Opposition to Plaintiff's Second Motion for Attorneys' Fees and Other Sanctions.

2. Since this law firm appeared as counsel for Defendant, Defendant has been



Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777 F: 503.214.8816

cooperative and diligent in responding to all requests and has provided significant discovery to Plaintiff including contacting nonparty vendors and producing at least 560 pages of discovery including evidence of how Defendant received consent from consumers and multiple lengthy spreadsheets of messages sent by nonparty marketing vendors, Yotpo and Klaviyo.

3. Defendant provided Plaintiff with records that Plaintiff consented to receiving the text messages at issue in the Complaint and that Yotpo, Inc. does not use an ATDS system. A true and accurate copy of the record is attached as Exhibit A, MAH000001-MAH000002.

4. Defendant provided Plaintiff with records that an individual at IP address 73.240.49.37 signed up for 541-XXX-9999 to receive marketing messages via Yotpo. Plaintiff's Counsel denied the IP address was Plaintiff's, however Plaintiff subsequently admitted it was. True and accurate copies are attached as Exhibit B, Email Conversation between Counsel and Exhibit C, Plaintiff's RFA Response.

5. Defendant requested a stay to address the consent issue and the lack of veracity in the allegations in the Complaint and Plaintiff refused.

6. Defendant's Counsel repeatedly requested that Plaintiff's Counsel identify with particularity what records from Yotpo were being requested, but Plaintiff refused. Plaintiff instead asserted that Defendant has control over all of Yotpo's records and that unspecified records in response to RFP 17 had not been produced. A true and accurate copy of the email discovery conversation between counsel is attached as Exhibit D, Counsel Discovery Emails.

7. A true and accurate copy of the Declaration of Alan Birch, Yotpo's in-house counsel, is attached as Exhibit E, Birch Declaration.

8. Since providing the Birch Declaration to Plaintiff's Counsel on April 2, 2026, Plaintiff has filed a Request to Supplement Plaintiff's First Motion for Sanctions, demanded



Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777 F: 503.214.8816

privileged communications, and requested an additional Informal Discovery Conference with the presiding judge.

I declare under penalty of perjury that the foregoing is true and correct.

EXECUTED ON: April 14, 2026

Neal Shechter



Salt
100 SW Main Street, Suite 1025
Portland, OR 97204
T: 503.417.7777 F: 503.214.8816

Outlook

## RE: Wilson v. MAH Group; Supplemental Production

**From** Anthony Paronich <anthony@paronichlaw.com>
**Date** Tue 2/24/2026 10:44 AM
**To** Neal Shechter <neal@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc** Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>

Counsel:

Of course, you should feel free to serve whatever discovery you think is appropriate and we will provide a response. However, there are a few things you are simply ignoring or should further consider.

First, we've already indicated, but allow us to be clear, that is not our client's IP address. Even though he did not need to, Andrew Perrong indicated that there's a process for a motion you can file to find out whose it is. Notably, as Andrew also pointed out, your basing your consent off of (a) someone else's name and (b) someone else's phone number. That's insufficient to be our client's consent.

Second, as Andrew also already pointed out, you're basing your consent on language that is insufficient under the TCPA.

Third, as you should know from a review of the production and your client's file (including multiple communications with your client's attorney), your client has continued to text our client after the filing of the lawsuit. While there is not consent in the first place, the filing of this lawsuit would clearly be a revocation of any purported consent and your client's continued contact of him is in violation of the statute.

In sum, if you want to file a motion seeking "every dollar" of whatever costs your client has incurred, we will respond appropriately and with our own request for relief as we have also indicted. However, since we have given you many reasons why your position is factually and legally insufficient, I hope that won't be necessary.

Finally, I've never had an attorney tell me that I need to "cut out this nonsense", and perhaps the Court will view that differently, but we don't believe that to be an appropriate course of conduct. This is especially true when it is your client that made the decision not to participate in discovery for months, then sent us AI generated discovery responses and did not meet the Court's (extended) deadline for production under the Court's Order and is facing a pending sanctions motion. It is our hope that you will able to litigate this case more professionally going forward.

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Neal Shechter <neal@saltlawgroup.com>
**Sent:** Tuesday, February 24, 2026 12:32 PM
**To:** Andrew Perrong <a@perronglaw.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

I've got an even better idea. Why don't we just serve the two of you an RFA today to admit that's an IP Address either previously or currently used by your client. If you deny it, you'll pay the entire fees and costs of this lawsuit, since consent is the entire crux of the matter, and although we'll still move for sanctions, cost-shifting will be required instead of optional.
When the two of you are ready to cut out this nonsense, we can talk about putting all of this on pause until we jointly determine whether there's any truth behind your client's lawsuit, which most Oregon judges will expect you to do. Whether that is by subpoena, or you simply asking your client, or otherwise.
If you're not ready to have that conversation, I have advised you of what we intend to inform the Court of and the relief we will be seeking. Feel free to give me a call on my cell if you'd like to discuss further 917-993-3878.

Salt

**Neal Shechter** | Attorney

T: 503.417.7777
C: 971.266.8027
E: Neal@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, February 24, 2026 9:23 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Neal Shechter <neal@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

You're free to send us a discovery request, perhaps along with a 47 U.S.C. § 551 motion for leave to serve a subpoena on Comcast, which we won't object to.

Case 4:24-cv-07879-JST Document 39-3 Filed 07/21/26 Page 15 of 26



On Tue, Feb 24, 2026 at 9:21 AM Kevin Jacoby <Kevin@saltlawgroup.com> wrote:

I guess we'll have to wait for the confirmation I asked for. How long can we expect to wait?

Salt

**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

**From:** Andrew Perrong <a@perronglaw.com>
**Sent:** Tuesday, February 24, 2026 9:16 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Anthony Paronich <anthony@paronichlaw.com>; Neal Shechter <neal@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

We would also draw your attention to the fact that MAH 00002 references another telephone number entirely, 513-497-8392, as well as to MAH000016, which seems to indicate that the subject sign up was completed in the name of "Taken Rosins" and the email of "no@gmail.com." That seems to be confirmed by the document you produced in this email thread as MAH000525, which shows a screenshot with the same information. That is not our client's information and is just junk information insufficient to establish TCPA-specific consent. *See Berman v. Freedom Fin. Network, LLC*, 400 F. Supp. 3d 964, 984 (N.D. Cal. 2019).

On Tue, Feb 24, 2026 at 9:05 AM Kevin Jacoby <Kevin@saltlawgroup.com> wrote:

See MAH000001-2. See also MAH000521, the message immediately preceding the email you referenced as the first day our client requested all the text logs from Yotpo.

Please let us know as soon as possible whether you're able to confirm that your client is not associated with IP address 73.240.49.37 in any way.

**Salt**

**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Tuesday, February 24, 2026 4:03 AM
**To:** Neal Shechter <neal@saltlawgroup.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Neal:

I will be on a flight on March 5, but can be available at 11:00 your time on March 11.

We'll review any properly served Rule 11 motion and for anything done in contravention of the rules, we will seek appropriate 28 U.S.C. § 1927 sanctions. I'm interested in seeing your case law in support of a "cross motion" for Rule 11 sanctions as our motion was required by a Court Order. Additionally, with your client's various violations of Court Orders, sporadic productions after the Court Ordered deadline and rotating attorneys, I have no idea what you mean by "the first two pages of the discovery".

----

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are

hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Neal Shechter <neal@saltlawgroup.com>
**Sent:** Monday, February 23, 2026 11:04 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Anthony:

I am available to confer next week on 3/5. Please advise a time that works for you.

However, we have reviewed this file in detail and are now prepared to cross-move for Rule 11 sanctions against your client in light of the first two pages of the discovery we have provided to you. It is now apparent that paragraphs 21, 23 and 24 of the Complaint are false and need to be withdrawn and the case dismissed. You need to review those pages we have produced to you and advise your client to withdraw this action immediately. We feel that it is inappropriate to accrue additional attorney fees in light of these issues. If you refuse to withdraw this action and force us to serve you with formal papers under Rule 11 and oppose your existing motion, we will be forced to advise the court that Plaintiff is hiding behind an FRCP 11 safe harbor period to cause us to accrue additional fees in discovery and motion practice, and we will cross-move for every dollar of those fees to be assessed against counsel. I urge you to withdraw this action promptly, before we begin to unwind this mess and seek all available remedies.

Neal

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Monday, February 23, 2026 4:53 PM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Cc:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

Counsel:

Our notes on these issues are below now that we've reviewed the supplement:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. **We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.**
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. **We have produced all communications with Yotpo. Communications from Klayvio are being produced later today.**

- **It appears the first date your client requested all of the text logs from Yotpo was February 12, 2026 based on this production. Please advise if there are more documents forthcoming.**

- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. **The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.**

  - **Please advise when you are available to confer next week.**

- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. **But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff*."**

  - **No, it identifies the entity in terms of who interacted with the Plaintiff. It does not say "All communications about the Plaintiff with any third party that dialed the calls to *the Plaintiff*." So, please advise when you can confer next week.**

- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. **We will locate and produce the denial letter.**
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. **We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.**

  - **This request is also not limited to the Plaintiff, so please advise when you are available to confer next week.**

----
Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Fri, Feb 13, 2026 at 2:42 PM Kevin Jacoby <Kevin@saltlawgroup.com> wrote:

> Responding in line below in red.

Salt

**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Friday, February 13, 2026 8:02 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Re: Wilson v. MAH Group; Supplemental Production

Counsel:

As we have been preparing our sanctions motions and have also further reviewed the discovery responses now that we are well beyond the extended deadline. Please provide us your position with respect to the failure to produce the following:

- For Interrogatory No. 2, the Defendant does not disclose where the numbers came from with respect to the texts sent through Klayvio. We will amend our response to this interrogatory as soon as possible, but my understanding is that the numbers were imported from Yotpo.
- For Interrogatory No. 9 and Document Request No. 18, we believe all communications with Klayvio and Yotpo should be identified. We have produced all communications with Yotpo. Communications from Klayvio are being produced later today.
- Documents responsive to Document Request No. 5 are relevant to damages and class ascertainability and should be produced. The objection to this request was not overruled in the discovery order. Indeed, you did not move against this objection in your motion to compel. I'm happy to confer on this further, but I'd like to focus on what was ordered to be produced.
- Document Request No. 7 and 9 appear to be limited to the Plaintiff, which we do not agree is appropriate. But that's specifically what those requests asked for. Request 7: "All internal communications at your company regarding any vendor that provided you with *the Plaintiff's* telephone number or information." Request 9: "All communications with any third party that dialed the calls to *the Plaintiff*."

- Document Request No. 13 does not include a denial letter or other correspondence to allow us to understand the current claim status of the policies produced. We will locate and produce the denial letter.
- Document Request No. 17 relates to your client's affirmative defense of consent. It should be produced or withdrawn. We did produce, however I believe there are additional documents that were discovered since we produced, which will be produced later today. This includes the IP address of the person who entered Plaintiff's phone number into the opt-in form, which I understand is located in the Eugene area.

----

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

On Thu, Feb 12, 2026 at 2:25 PM Anthony Paronich <anthony@paronichlaw.com> wrote:

> How have you complied with the Court's Order by not producing documents? The Court Ordered you all to produce these text records, you simply haven't done it and I don't see the production of any correspondence about their efforts or a motion to extend the deadline to comply.
>
> ---
>
> **From:** Kevin Jacoby <Kevin@saltlawgroup.com>
> **Sent:** Thursday, February 12, 2026 2:24 PM
> **To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
> **Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
> **Subject:** RE: Wilson v. MAH Group; Supplemental Production
>
> We have complied with the court's order and are working on obtaining documents that are not currently in my client's possession. Mr. Cartee is the party that caused you to incur expenses associated with the motion to compel, and my client has been diligently working on complying with the court's order as soon as it became aware of it through local counsel on 12/31.
>
> Salt
>
> **Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Thursday, February 12, 2026 11:16 AM
**To:** Kevin Jacoby <Kevin@saltlawgroup.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

To make sure I understand, your client still has not complied with the Court's Order but thinks that their former attorney is the only individual or entity that should receive a sanction of any kind?

---

**From:** Kevin Jacoby <Kevin@saltlawgroup.com>
**Sent:** Thursday, February 12, 2026 2:09 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

Well, we produced the Yotpo texting records to Wilson, but I see now that the full universe of records requested has not yet been produced. My client is working with Yotpo to get those records as soon as possible.

On the request for expenses, my client will oppose the motion and argue that the court should award any reasonable expenses against Anthony Cartee.

Salt

**Kevin Jacoby** | Attorney

T: 503.417.7777
F: 503.214.8816
E: Kevin@SaltLawGroup.com

SaltLawGroup.com

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

---

**From:** Anthony Paronich <anthony@paronichlaw.com>
**Sent:** Wednesday, February 11, 2026 4:40 AM
**To:** Andrew Shute <Andrew@saltlawgroup.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Kevin Jacoby <Kevin@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** RE: Wilson v. MAH Group; Supplemental Production

These were received, but we are beyond the deadline and we still do not have any of the Yotpo texting records. Please advise.

----

Anthony Paronich
Paronich Law, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
[o] (617) 485-0018
[c] (508) 221-1510
[f] (508) 318-8100

This email message may contain legally privileged and/or confidential information. If you are not the intended recipient(s), or the employee or agent responsible for delivery of this message to the intended recipient(s), you are hereby notified that any dissemination, distribution or copying of this e-mail message is strictly prohibited. If you have received this message in error, please immediately notify the sender and delete this e-mail message from your computer.

---

**From:** Andrew Shute <Andrew@saltlawgroup.com>
**Sent:** Tuesday, February 10, 2026 6:53 PM
**To:** Anthony Paronich <anthony@paronichlaw.com>; Andrew Perrong <a@perronglaw.com>
**Cc:** Kevin Jacoby <Kevin@saltlawgroup.com>; Neal Shechter <neal@saltlawgroup.com>; Christin Grieser <ChristinG@saltlawgroup.com>; LegalOps <LegalOps@saltlawgroup.com>
**Subject:** Wilson v. MAH Group; Supplemental Production

Good afternoon:

Please see the attached correspondence from Kevin regarding this supplemental production of documents from MAH Group. The referenced documents may be accessed using the Dropbox link below. Please let me know if you encounter any technical issues.

(CONFIDENTIAL) MAH Group Production 20260210

Thank you.

Salt

**Andrew Shute** | Litigation Specialist

T: 503.417.7777
F: 503.214.8816
E: Andrew@SaltLawGroup.com

**SaltLawGroup.com**

**Confidentiality Notice:**
This message and any accompanying attachments contains confidential communications and privileged information. If you have received this communication in error, please notify me and delete the original and all copies from your system.

Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Attorney for Plaintiff and the Proposed Class

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF OREGON**
**EUGENE DIVISION**

| | |
|---|---|
| CHET MICHAEL WILSON, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>MAH Group, Inc.<br><br>Defendant. | Case No. 6:25-cv-00855-MTK<br><br>RESPONSE TO DEFENDANT'S FIRST REQUESTS FOR ADMISSION<br>TCPA (47 U.S.C. § 227) |

**RESPONSE TO**
**DEFENDANT'S FIRST REQUESTS FOR ADMISSION**

Plaintiff, by and through undersigned counsel, submits the following Response to Defendant's First Request for Admission pursuant to Rule 36 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, attorney–client privilege, and the attorney work-product doctrine. Plaintiff further reserves the right to supplement, modify, or amend these responses as discovery proceeds and additional facts are developed.

**RESPONSES TO REQUESTS FOR ADMISSION**

**REQUEST FOR ADMISSION NO. 1:** Admit that you have utilized IP address 73.240.49.37 on a device that you currently or previously owned or had in your possession.

**RESPONSE:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects in that this request seeks information that is not relevant to any claim or defense, which cannot be proven through an admission, denial, or qualified denial, and which is further outside the scope of the discovery ordered by the Court. Plaintiff objects to this Request as vague and ambiguous as it does not specify a time frame for which it seeks an admission. Plaintiff further objects insofar as this request is technologically unsound, as IP addresses are associated with connections, not devices, and insofar as the request does not account for network address translation. The Plaintiff objects insofar as this request seeks disclosure of the contents of attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff further objects in that he is without sufficient information to provide a complete response to this Request, insofar as the Plaintiff does not maintain records of every IP address which he was assigned, nor the duration and time periods during which they were assigned. However, to the best of the Plaintiff's knowledge, and upon a review of records applicable to him, the Plaintiff Admits that this was an IP address assigned to Plaintiff on January 30, 2025, based on the documents available to him. Insofar as the Plaintiff lacks personal knowledge of the fact sought to be admitted for other dates or times as he has no record of the same, the Plaintiff cannot in good faith respond by admission, denial, or qualified denial.

Dated: March 27, 2026

s/Andrew Roman Perrong
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
*Lead Attorney for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I certify that I emailed a copy of the foregoing to counsel for the Defendant at Andrew Shute <Andrew@saltlawgroup.com>, Kevin Jacoby <Kevin@saltlawgroup.com>, Neal Shechter <neal@saltlawgroup.com>, Christin Grieser <ChristinG@saltlawgroup.com>, LegalOps <LegalOps@saltlawgroup.com>

I further certify that I mailed a copy of the foregoing to:

Neal Shechter
Salt Law Group
100 SW Main St, Ste 1025
Portland, OR 97204

Dated: March 27, 2026

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, OSB No. 243320
a@perronglaw.com
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529
Lead Attorney for Plaintiff and the Proposed Class