# EXHIBIT D

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRUN, INC.<br><br>Defendant. | Case No. 4:24-cv-07877-JST<br><br>(Hon. Jon S. Tigar)<br><br>**JOINT DISCOVERY DISPUTE LETTER**<br><br>Action Filed: Nov. 11, 2024 |

Dear Judge Tigar:

Plaintiff Peggy Banks ("Plaintiff") and Defendant Sunrun Inc. ("Sunrun") submit this joint letter regarding a discovery dispute between the parties pursuant to Your Honor's Standing Order for All Civil Cases. The parties certify that lead trial counsel met and conferred in good faith to resolve their dispute prior to filing this letter.

Dated: September __, 2026

Respectfully submitted,

/s/
Andrew Perrong (pro hac vice)
**PERRONG LAW LLC**
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Tel: (215) 225-5529
Fax: (617) 830-0327
a@perronglaw.com

*Counsel for Plaintiff Peggy Banks*

/s/
Glenn T. Graham (SBN #338995)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
ggraham@kelleydrye.com

*Counsel for Defendant Sunrun Inc.*

## I. Defendant's Position

On July 14, 2026, Sunrun served discovery seeking information about: (1) Plaintiff's engagement agreement(s), including financial arrangements with Mr. Perrong and/or referring counsel and whether anyone other than Plaintiff controls this litigation (RFP No. 49); and (2) Plaintiff's use of the robocalls.cash platform to generate TCPA claims (RFP Nos. 40-43; RFA Nos. 41-42). Plaintiff refused to respond based on boilerplate relevance and privilege objections. (*See* Ex. 1.) The parties met and conferred but were unable to resolve this dispute. (*See* Ex. 2.)

This discovery is critical because Sunrun has reason to believe that undisclosed attorneys, firms, or entities possess a financial interest in this litigation. Most notably, there is overlap in counsel between this matter and in *Strickland v. Sunrun, Inc.*, No. 4:23-cv-05034-JST (N.D. Cal.), which was a claim sourced by the Heidarpour Law Firm. Plaintiff testified that she was referred to Mr. Perrong by an unidentified attorney. (Ex. 3 at 93:17-25.) And, during the parties' meet-and-confer, Mr. Perrong acknowledged that persons or entities other than Plaintiff and Perrong Law have a financial interest in this litigation, yet refused to identify them, disclose who referred Plaintiff to his firm, or produce the agreements reflecting those relationships. (Ex. 2.) This information is plainly relevant to litigation control, potential conflicts, Plaintiff's and her counsel's adequacy to represent a class, and compliance with Civil Local Rule 3-15, which requires disclosure of any person or entity with a financial interest in the subject matter of the litigation.

Plaintiff previously placed the matter directly at issue before the Court. In opposing Sunrun's motion to strike class allegations, Plaintiff represented that her local counsel, Mr. Oliver, who is associated with the Heidarpour Law Firm, was "the only overlapping counsel" between this case and *Strickland* and that "the only 'conflict' here is both classes use of the same local counsel." (ECF No. 25 at 17, 19.) Plaintiff further represented that Mr. Oliver had "no pecuniary interest" in the litigation and assured the Court that "[d]iscovery will bear this fact out." (*Id.* at 15, 17.) Having relied on the asserted absence of undisclosed financial interests to defeat Sunrun's motion, Plaintiff cannot now block the discovery necessary to test those representations.

The relevance of this discovery is further demonstrated by proceedings in *Wilson v. Freeway Insurance Service of America, LLC*, No. 6:25-cv-01869-MC (D. Or.). As explained during the August 21, 2026 conference, the court in *Wilson* examined whether attorneys and entities that did not appear in the litigation nevertheless possessed undisclosed financial interests in the claims and influence over litigation decisions. (ECF No. 67; Ex. 4 at 23:2-12, 42:8-43:16; 44:8-45:2; 58:4-23.) In ordering additional discovery and ultimately denying class certification, the court recognized that such arrangements bear directly on adequacy, potential conflicts, litigation control, and the propriety of class treatment under Rule 23. (*Id.* at 76:11-79:24.) The same concerns are present here. Plaintiff has acknowledged that persons or entities other than Plaintiff and Perrong Law possess a financial interest in this litigation, yet refuses to identify them or disclose the agreements governing those relationships.

The second category of discovery concerns Plaintiff's use of the robocalls.cash platform and the circumstances surrounding the webform submissions that allegedly resulted in the calls at issue. Plaintiff testified she purchased the robocalls.cash kit before the calls at issue, has used it to generate TCPA demands, and continues to possess it. (Ex. [*Pl. Tr.*] at 98:19-99:21.) Yet Plaintiff has refused to produce discovery concerning that platform.

The need for this discovery is reinforced by the record developed in this case. Plaintiff brought this action on the theory that Sunrun contacted her without consent, yet discovery has yielded substantial evidence of consent. Discovery likewise established that Plaintiff was fully aware that her Internal Do Not Call claim lacked factual support, yet continued to pursue that claim.[1] Under these circumstances, discovery concerning who referred Plaintiff to counsel, who possesses a financial interest in the litigation, who controls litigation decisions, and whether Plaintiff exercises meaningful authority over the case bears directly on whether these claims were initiated and pursued in good faith, whether undisclosed third parties are directing the litigation, and whether the same

[1] Sunrun intends to seek recovery of the fees and costs incurred litigating Plaintiff's proposed Internal Do Not Call claim. The claim lacked a factual basis from the outset, yet Plaintiff and his counsel continued to pursue it even after Sunrun repeatedly identified the factual deficiencies and explained why the underlying allegations were demonstrably false.

concerns regarding manufactured or lawyer-driven claims that emerged in *Wilson* are present here—all of which bears on whether class certification is proper.

The requests seek non-privileged material. The Ninth Circuit has repeatedly held that retainer agreements are not protected by the attorney-client privilege or work product doctrine. *See, e.g.*, *Ralls v. United States*, 52 F.3d 223, 225 (9th Cir. 1995). The Court's Local Rules independently require disclosure of interested parties, including persons or entities possessing a financial interest in the litigation. Civ. L.R. 3-15(b)(2). And, in any event, no privilege log was ever provided.

The discovery sought is narrowly tailored to determine who referred Plaintiff to counsel, who possesses a financial interest in this litigation, who exercises control over litigation decisions, what role robocalls.cash played in generating or developing the claims at issue, and whether undisclosed attorneys or entities with a financial stake in the outcome are directing or controlling this action. Sunrun respectfully requests that the Court order Plaintiff to respond to the requests.

## II. Plaintiff's Position

Dated: September __, 2026

Respectfully submitted,

*/s/ Glenn T. Graham*

Glenn T. Graham (SBN #338995)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
ggraham@kelleydrye.com

*Counsel for Defendant Sunrun Inc.*

*/s/ Andrew Perrong*

Andrew Perrong (*pro hac vice*)
**PERRONG LAW LLC**
2657 Mount Carmel Avenue
Glenside, PA 19038
Tel: (215) 225-5529
Fax: (617) 830-0327

a@perronglaw.com

Dana J. Oliver (SBN #291082)
dana@danaoliverlaw.com
**OLIVER LAW CENTER, INC.**
8780 19th Street, #559
Rancho Cucamonga, CA 91701
Tel: (855) 384-3262
Fax: (888) 570-2021

*Attorneys for Plaintiff Peggy Banks*

## ATTESTATION

I, Glenn t. Graham, am the ECF user whose identification and password are being used to file this document. I hereby attest that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: September __, 2026

/s/_________________
Glenn T. Graham