Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Local Attorney for Plaintiff and Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v.*<br><br>SUNRUN INC.<br><br>*Defendant.* | Case No.<br><br>4:24-cv-07877-JST |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S ADMINISTRATIVE MOTION TO CHANGE TIME AND AMEND SCHEDULING ORDER**

## INTRODUCTION

Five days before its summary judgment deadline, and six weeks after fact discovery closed, SunRun asks the Court to reopen discovery for three months and push back every remaining deadline. It does so by administrative motion, under the wrong standard, and on the strength of "new" evidence that is neither new nor relevant, including webform records reflecting purported submissions *after* the first calls and other information that SunRun possessed during this litigation, and in its counsel's files from another case, throughout discovery. And SunRun does so despite admitting it *did not rely on any of those forms to place a single call to Ms. Banks*, and which such "evidence" postdates the first calls SunRun placed. The rest of the motion recycles a local counsel theory SunRun first raised in its January 2025 motion to strike, which bears, if at all, on adequacy at class certification, not on whether SunRun can prove consent at summary judgment. SunRun also omits Plaintiff's written response to the very e-mail its motion describes. Ex. 1, Perrong Decl.; Ex 2, Email to Opposing Counsel. The motion should be denied.

## ARGUMENT

### I. SunRun Applies the Wrong Standard and Cannot Show the Diligence Rule 16(b)(4) Requires.

SunRun invokes Rule 6(b) and the liberal standard for extending a single filing deadline. Mot. 1 (citing *Ahanchian*). But SunRun asks the Court to *reopen closed discovery* and rewrite the scheduling order, which requires good cause under Rule 16(b)(4). That inquiry "primarily considers the diligence of the party seeking the amendment," and "[i]f that party was not diligent, the inquiry should end." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Courts deciding whether to reopen discovery likewise weigh whether the request is opposed, prejudice to the non-movant, the movant's diligence within the court's deadlines, the foreseeability of the need for more discovery, and the likelihood it will yield relevant evidence. *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017). None favors SunRun.

SunRun had every piece of its "new" evidence in its possession long before discovery closed. Throughout discovery, it relied on consent from a *single submission* and not the other two it now invokes, despite information from those purported submissions also appearing in SunRun's own evidence and despite being asked in discovery for that information. Indeed, SunRun's verified interrogatory responses discussed the July 15 and March 6, 2025 leads by date. Ex. 3 (Resp. to Interrog. No. 15). And the QuinStreet form comes from a case in which SunRun's own counsel represented the defendant. Graham Decl. ¶ 33. Yet SunRun's verified interrogatory response on consent, served July 7, 2026, identified only the July 11, 2024 lead, and SunRun never supplemented it. Ex. 3 (Resp. to Interrog. No. 6). Nothing prevented SunRun from comparing records in its own and its counsel's possession at any time in the preceding two years.

The *Wilson* matters do not change this. The filings date from before the discovery cut-off. SunRun "previewed" these issues at the August 21 case management conference, Graham Decl. ¶ 2, then waited a month, until the evening of September 21, and after discovery had closed, to raise them with Plaintiff. *Id.* ¶ 41. As for SunRun's July 14, 2026 discovery requests, Plaintiff served objections on August 14, and the deadline to move to compel fact discovery expired August 21. Civ. L.R. 37-3. An administrative motion under Civil L.R. 7-11 is not a vehicle to circumvent that rule or the Court's discovery dispute procedures.

## II. The "New" Web Forms Are Irrelevant, SunRun Did Not Rely on Them, and They Post-Date the Calls.

Consent must exist before the call. *See* 47 C.F.R. § 64.1200(c)(2)(ii) (requiring "prior express invitation or permission" evidenced by a signed, written agreement). SunRun concedes that the July 11 form "was the only form submitted to SunRun." Mot. 2. Its counsel's own e-mail admits the Clean Energy Experts submissions "did not result in a call by CEE or SunRun." Ex. 4 (Email from Opposing Counsel). SunRun's call records show it began calling Ms. Banks on July

11, 2024 and placed eleven calls before the July 15 submissions existed. The March 6, 2025 submission came *six months after* Ms. Banks's written internal do not call demand to SunRun, nearly *four months after she filed this lawsuit*. A form submitted after the calls cannot supply consent for them retroactively, and a form submitted during this litigation, by whoever submitted it, says nothing about whether SunRun had consent in July 2024.

SunRun's IP address theory fares no better. The "new" IP addresses proffered belong to Verizon and Comcast, internet providers the Plaintiff has not used, and, in the case of the "new" evidence, both originate from San Francisco, nowhere near where Plaintiff was. What's more, the fact that the July 11, 2024 and July 15, 2024 addresses share their first six digits does not suggest that they originated with Ms. Banks. In fact, the block 174.218.86 is associated with Verizon in Azusa, and the block 174.218.81 is associated with Comcast in San Francisco, and thus plausibly could not have originated from the same submitter, or even a legitimate one. Ms. Banks testified that her cellular carrier has been AT&T for as long as she has had a cell phone and that her home internet provider is Spectrum. Ex. 5 (Banks Dep.) 30:17-18, 49:6-11.

Nor did Ms. Banks "no longer den[y]" submitting a solar web form when "confronted" at her deposition. Mot. 3. The testimony SunRun cites *concerns something completely different*, a *Yellow Pages online business listing for Ms. Banks's life insurance agency* from many years prior, not a solar form, as page 68, which SunRun omits from its excerpt, makes clear. Banks Dep. 68:10-69:15. That testimony had nothing to do with "evidence showing that she had, in fact, submitted a webform seeking solar information," as SunRun wrongly claims. The *next* question asked whether she had ever filled out a solar web form; she answered, "Not that I recall, no." *Id.* 69:18-20. When shown the July 11 lead data itself, she identified that it misspelled her surname and e-mail address and listed an RV park address at which she did not then live. *Id.* 80:2-81:12. And while SunRun

suggests the forms were submitted "around the time" she bought the robocalls.cash materials, Graham Decl. ¶ 36, she testified she bought them in "2022 or before." Banks Dep. 98:23-25. And SunRun does not cite any of the produced materials for the proposition that the materials, which Plaintiff subsequently produced, at all instruct anyone to submit any web form submissions. That's because the unequivocally contain no such information, nor does SunRun quote otherwise.

SunRun thus relied on one lead throughout this case. Whether that lead establishes consent is a question for summary judgment on the existing record, a record that includes the fact that Plaintiff's court ordered third party discovery from NXTLVL, the vendor behind that lead, has not complied with the order compelling its production. Perrong Decl.. SunRun's wish for more time to build a different theory is not good cause.

**III. The Counsel Disclosures Provide No Basis to Delay Summary Judgment.**

SunRun's remaining arguments go to Rule 23 adequacy. They have no bearing on whether SunRun can prove consent at summary judgment, and the class certification deadline is January 30, 2027. They also lack merit. Upon recognizing that no Civil L.R. 3-15 certification had been filed, Plaintiff filed one on September 10, 2026 (ECF No. 68), identifying Paronich Law, and then produced her engagement agreement, which SunRun now has. Perrong Decl.; Graham Decl. Ex. E. There is nothing left to discover on that point.

Nor was Plaintiff's opposition to the motion to strike misleading. SunRun argued that overlapping *counsel of record* would face conflicts in representing two classes, and Plaintiff's statements addressed that argument. Mr. Oliver was, and remains, the only attorney who has appeared in both this action and *Strickland* and is thus overlapping local counsel of record. Adequacy under Rules 23(a)(4) and 23(g) is assessed as to the *named* parties who will represent the class. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 985 (9th Cir. 2011); Fed. R. Civ. P.

23(g)(1). Only Mr. Perrong will seek appointment as class counsel here, with Mr. Oliver as local counsel, and Mr. Paronich will not seek appointment. Perrong Decl.. Any fee award is subject to this Court's approval under Rule 23(h). And SunRun's speculation about Mr. Heidarpour or his supposed involvement is simply wrong. As the Rule 3-15 statement makes clear, neither he nor his firm represents Plaintiff or holds any financial interest in this action. *Id.*

Finally, the *Wilson* cases both involve a different plaintiff, with different defendants, different facts, and different counsel entirely absent here. Remarks by another court at a hearing in another case are not evidence about Ms. Banks or any of the facts in this case. None of it excuses SunRun's failure to examine its own records while discovery was open.

## IV. Plaintiff Would Be Prejudiced, and Any Relief Should Be Limited.

Plaintiff proposed adjusting the schedule before discovery closed; SunRun declined. Perrong Decl. Plaintiff then completed her discovery within the stipulated deadlines, including obtaining an order compelling NXTLVL to produce its consent data. *Id.* This case has been pending for nearly two years, and the schedule has already been amended four times. Graham Decl. ¶¶ 49-52. Reopening discovery now would reward SunRun for sitting on its own records and let it retool its consent defenses after the fact and after years of discovery, and depositions, on which SunRun contended that the only consent on which it was relying was the purported July 11, 2024 submission. Should the Court be inclined to permit any additional discovery, it should be confined to the counsel relationship issues SunRun ties to Rule 23, on the existing class certification schedule, without disturbing the dispositive motion deadline.

## CONCLUSION

The Court should deny SunRun's motion.

Dated: September 28, 2026

Submitted for the Plaintiff,

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong (*PHV*)
a@perronglaw.com
PERRONG LAW, LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215)225-5529 (CALL-LAW)
Facsimile: (888)329-0305

**CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2026, a copy of the foregoing was served electronically via ECF.

*/s/ Andrew Roman Perrong*

Andrew Roman Perrong (*PHV*)
a@perronglaw.com
PERRONG LAW, LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
Telephone: (215)225-5529 (CALL-LAW)
Facsimile: (888)329-0305