P. PERRONG LAW LLC

Andrew Perrong <a@perronglaw.com>

## Banks v. Sunrun

**Graham, Glenn T.** <GGraham@kelleydrye.com> Mon, Sep 21, 2026 at 6:35 PM
To: Andrew Perrong <a@perronglaw.com>
Cc: "Mazzuchetti, Lauri A." <LMazzuchetti@kelleydrye.com>, "Furtado, Kimberly N." <KFurtado@kelleydrye.com>

Andrew,

Thank you for Plaintiff's September 18, 2026 supplemental responses and accompanying production. That production, together with Sunrun's further investigation of the webforms at issue, raises several matters requiring prompt, focused discovery. Accordingly, we intend to seek a 90-day extension of the current case schedule to address this discovery. Please let us know if Plaintiff is agreeable to such an extension. Further, in light of these issues and prior representations to the Court in response to Sunrun's motion to strike the class allegations, we demand that Plaintiff withdraw the class action allegations. Please let us know if Plaintiff agrees to do so.

As you are aware, Sunrun's records reflect that Ms. Banks's telephone number, 909-896-5370, was entered into a webform associated with this case on July 11, 2024 with IP address 174.218.86.148.

Separately, Sunrun is aware of two separate webform submissions to Clean Energy Experts ("CEE"), a Sunrun affiliate, using Ms. Banks's telephone number and identifying information; one on July 15, 2024 (the July 15 Submission) from IP address 174.218.81.139 and one on March 6, 2025 from IP address 67.169.170.70. The CEE submissions did not result in a call by CEE or Sunrun. In addition, with QuinStreet's authorization, Sunrun can further advise that a QuinStreet webform containing Ms. Banks's information was submitted minutes apart that same day as the July 15 Submission from the same IP address, 174.218.81.139. Ms. Banks later sued QuinStreet (represented by Anthony Paronich) and QuinStreet paid a settlement.

The July 11 and July 15 IP addresses also share the same first six digits, suggesting that they originated from the same or a closely related mobile network.

Given the timing, overlap, and other discrepancies in the record, however, Sunrun must investigate whether the submissions were independent or resulted from coordinated or otherwise improper activity and therefore seeks targeted discovery concerning the source and authenticity of the submissions and Plaintiff's testimony regarding her devices and online activity.

Please let us know whether Plaintiff will provide sworn responses to the following inquiries:

1. **IP-address identification.** State whether IP addresses 174.218.86.148, 174.218.81.139, or 67.169.170.70 were assigned to or used at the relevant times by Ms. Banks, her household, any device or account she used, or any person assisting her with a TCPA claim. Also state whether Ms. Banks, counsel, or anyone acting in coordination with them completed, assisted with, directed, arranged, or had advance knowledge of any webform submission using her identifying information. If Plaintiff attributes an address or submission to someone else, identify that person and the basis for the response.

2. **Historical and current IP addresses.** Identify all IP addresses known to have been associated with Ms. Banks, her household, or any device or account she used during the relevant period up through the present, and provide the dates of association to the extent known.

3. **Lead-form and network records.** Produce all records in Plaintiff's possession, custody, or control concerning any lead-form submission containing Ms. Banks's name, telephone number, email address, physical address, or other identifying information, including browser-history records, downloaded or cached form data, screenshots, confirmation emails, text messages, and records reflecting the public IP address used for a submission. This request includes any Jornaya, TrustedForm, or similar records obtained or produced in connection with other matters.

4. **Communications with the Heidarpour Law Firm.** State whether Ms. Banks or any counsel involved in this matter—including Andrew Perrong, Anthony Paronich, or Dana Oliver—communicated with Andrew Heidarpour, the Heidarpour Law Firm, or anyone associated with that firm concerning Ms. Banks, her TCPA claims, webforms, lead generation, demands, litigation, settlements, referrals, or compensation. Identify and produce each communication (or, if you claim privilege, provide an appropriate privilege log).

5. **Limited forensic protocol.** Ms. Banks testified that she has retained the same iPhone and laptop since before the relevant events and that only she had access to those devices. Please advise whether she will consent to a targeted examination by a mutually agreed-upon independent forensic examiner. The protocol would be limited to artifacts reasonably bearing on the identified lead events, including browser history, cached webform data, relevant website visits or submissions, communications concerning those submissions, and available network or IP metadata for the relevant dates. The protocol would include appropriate date, search-term, confidentiality, privilege-screening, and data-minimization safeguards.

6. **Preservation.** Please confirm that Ms. Banks and her counsel have preserved, and will continue to preserve, all relevant devices and electronically stored information, including browser history, cached data, application data, account records, cloud backups, messages, and documents concerning lead-form activity. Please also suspend any auto-delete, wiping, replacement, reset, or device-disposal functions that could affect such information. Sunrun reserves all rights concerning any loss of relevant evidence.

7. **Dana Oliver's engagement and compensation.** Produce the agreement governing Dana Oliver's or Oliver Law Center, Inc.'s role in this action, or, if none exists, describe the engagement. Produce documents sufficient to show any payments made or promised to Mr. Oliver or his firm, including the amount, date, source, purpose, and recipient. These materials bear on statements in Plaintiff's opposition to Sunrun's motion to strike regarding Mr. Oliver's compensation, financial interest, and role.

8. **Representation, referral, and compensation arrangements.** To the extent not already produced, produce all agreements concerning representation of Ms. Banks's TCPA claims, fee sharing, referrals, joint prosecution, or compensation involving Perrong Law LLC, Paronich Law, P.C., Oliver Law Center, Inc., or any other person with a financial interest in a claim or recovery. Also identify the role, if any, of Anthony Paronich. Any withheld responsive document should be identified on a Rule 26(b)(5)(A) privilege log.

9. **Other TCPA matters and settlements.** Produce documents sufficient to identify each TCPA claim, demand, arbitration, or action asserted by or for Ms. Banks, including the respondent or defendant, counsel, date asserted, disposition, relief obtained, amounts paid to Ms. Banks and counsel, and any agreement addressing confidentiality, non-disparagement, dismissal, or preservation of putative class claims. This includes *Banks v. Paramount Builders, Inc.*, *Banks v. QuinStreet, Inc.*, *Banks v. Strategic Consulting and Forensics, LLC*, *Banks v. BioTRUST Nutrition*, and matters resolved before filing.

10. **Privilege log and supplementation.** Confirm whether responsive documents have been withheld from this or any prior production on grounds of privilege, work product, or other protection. For any withheld responsive document, provide the information required by Rule 26(b)(5)(A). Please also supplement all prior discovery responses implicated by the foregoing evidence and requests.

We would prefer to resolve these issues cooperatively and without motion practice. Some requests may require formal discovery, third-party subpoenas, or an agreed forensic protocol. Please advise which information and documents Plaintiff will provide voluntarily and whether she will consent to the limited examination described above. For any disputed request, please state the basis for the objection so the parties can meet and confer and, if necessary, seek prompt Court guidance.

Because these issues may bear on summary judgment, Sunrun also requests Plaintiff's agreement to a reasonable schedule adjustment sufficient to complete this focused discovery and address it in the parties' submissions. Please provide Plaintiff's position on cooperation and the schedule adjustment. If Plaintiff is agreeable to a schedule adjustment, we will forward a stipulation for your review.

[Quoted text hidden]