**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (State Bar No. 338995)
7 Giralda Farms, Suite 340
Madison, NJ 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SUNRUN INC.<br><br>Defendant | Case No. 4:24-cv-07877-JST<br><br>[Assigned to Hon. Jon S. Tigar]<br><br>**SUNRUN'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS TO ITS MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Civ L.R. 7-11 and Civ. L.R. 79-5, Defendant Sunrun Inc. ("Sunrun") respectfully submit this Administrative Motion to Seal Documents ("Sealing Motion") to its concurrently filed Motion for Summary Judgment ("Motion").

**LEGAL STANDARD**

In the Ninth Circuit, a court may seal records only when it finds a "compelling reason" to limit the public's access. *Ctr. for Auto Safety v. Chrysler Grp., LLC,* 809 F.3d 1092, 1096–97 (9th Cir. 2016), *cert. denied sub nom. FCA U.S. LLC v. Ctr. for Auto Safety*, 580 U.S. 815 (2016). This standard applies to motions and their exhibits that are "more than tangentially related to the underlying cause of action." *Id.* at 1099. Under L.R. 79-5, a party moving to seal must articulate the reasons for keeping a filing under seal, "including an explanation of (i) the legitimate private or public interests that warrant sealing; (ii) the injury that will result if sealing is denied; and (iii) why a less restrictive alternative to sealing is not sufficient." Civ. L.R. 79-5(c)(1). The movant must provide evidentiary support from declarations, where necessary, and a narrowly tailored order that applies only to the sealable material. Civ. L.R. 79-5(c)(2)-(3).

Courts in this district have routinely granted motions to seal when the information in a party's filing pertains to personally identifiable information (PII) or sensitive personal information (SPI). *See, e.g., UnifySCC v. Cody,* No. 5:22-cv-01019-BLF, 2023 WL 7170265, at *1 (N.D. Cal. Oct. 30, 2023) (sealing exhibits containing names, employee identification numbers, phone numbers, email addresses and home addresses); *Snapkeys, Ltd. v. Google LLC,* No. 5:19-cv-02658-LHK, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) (sealing exhibits containing current and former employees' email addresses and phone numbers); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC,* No. 5:17-cv-03874-LHK, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (collecting cases). Indeed, a compelling reason to grant a motion to seal is to "keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft." *Nursing Home Pension Fund v. Oracle Corp.,* No. 3:01-cv-00988-MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007).

Moreover, Courts have broad discretion to prevent disclosure of "many types of information, including, but not limited to, trade secrets or other confidential research, development, or

commercial information." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2002). Compelling reasons exist to seal materials that are "sources of business information that might harm a litigant's competitive standing." *Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598–99 (1978)). Such documents include "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials." *In re Google Location History Litig.*, 514 F. Supp. 3d 1147, 1162 (N.D. Cal. 2021).

**ARGUMENT**

Sunrun seeks to partially seal (with redaction) the following exhibits, which are submitted in support of the Motion:

- Exhibit 1 to the Declaration of Glenn T. Graham in Support of Sunrun's Motion for Summary Judgment ("Graham Declaration" or "Graham Decl.")
- Exhibit H to the Declaration of Christine Agualo in support of Sunrun's Motion for Summary Judgment ("Agualo Declaration" or "Agualo Decl.")
- Exhibit K to the Agualo Declaration

Sunrun seeks to seal the following exhibits, which are submitted in support of the Motion, in their entirety:

- Exhibit 13 to the Graham Declaration
- Exhibit A to the Agualo Declaration
- Exhibit C to the Agualo Declaration
- Exhibit D to the Agualo Declaration
- Exhibit G to the Agualo Declaration
- Exhibit I to the Agualo Declaration
- Exhibit J to the Agualo Declaration
- Exhibit L to the Agualo Declaration
- Exhibit M to the Agualo Declaration

Sunrun further seeks to partially seal (with redaction) portions of its Memorandum in Support of its Motion that contain Plaintiff's PII and SPI. Sunrun only seeks to seal the portions of the Motion at the following page/line numbers:

- Page 10, lines 1, 22
- Page 11, line 2

Lastly Sunrun seeks to partially seal (with redaction) portions of the Agualo Declaration that contain Plaintiff's PII and SPI. Sunrun only seeks to seal the portions of the Agualo Declaration at the following page/line numbers:

- Page 5, line 6
- Page 7, line 6

The above exhibits ("Exhibits") contain (a) PII and SPI, including Plaintiff's phone number and home address and (b) sensitive and proprietary business information produced by Sunrun in discovery. (Declaration of Glenn T. Graham in Support of Sunrun's Administrative Motion to Seal Exhibits to Their Motion for Summary Judgment ("Sealing Declaration") ¶¶ 9-13.) Sunrun only seeks to seal the portions of the Exhibits, Motion, and Agualo Declaration ("Sealed Materials") reflecting Plaintiff's PII and SPI or Sunrun's sensitive business information, and Sunrun has redacted the Sealing Documents where possible. The Sealed Materials are more than tangentially related to the claims, and compelling reasons exist to limit the public's access to such information. *See Ctr. for Auto Safety*, 809 F.3d at 1099.

The following Sealed Materials all are evidence of, or quote evidence, that Plaintiff consented to receive the calls at issue, and/or Sunrun's internal policies and procedures supporting its affirmative defense, which directly support the relief sought by the Motion: (1) the deposition transcript of Plaintiff states the basis of her claim (Ex. 1 to the Graham Decl.); (2) the Jornaya confirms Plaintiff's webform submissions consenting to be contacted by Sunrun (Ex. G to the Agualo Decl.); (3) Sunrun's business records of the information submitted via the webform (Exs. H–I to the Agualo Decl.); and (4) Sunrun's records of the calls to Plaintiff (Ex. J to the Agualo Decl.). Similarly, the other Jornaya and Trusted Forms show that Plaintiff submitted similar webforms in the past. (Ex. 13 to the Graham Decl.; Exs. L–M to the Agualo Decl.). In addition, the

following Sealed Materials contain proprietary business information of Sunrun but are necessary to establish that Sunrun had policies and procedures in place that shield it from TCPA liability. (Exs. A, C, and D to the Agualo Decl.) Lastly, the letter from Plaintiff to Sunrun is necessary to establish the date at which Plaintiff first stated she did not wish to be contacted by Sunrun and her use of the robocalls.cash kit. (Ex. K to the Agualo Decl.).

Given the integral nature of the Sealed Materials to the Motion, Sunrun presents the following compelling reasons for the Court to seal the Sealed Materials. ***First***, there are legitimate private and public interests that warrant sealing the Sealed Materials. The unredacted versions of the Sealed Materials include Plaintiff's phone number, residential home address, IP address, and email address or similar information PII and SPI for other private individuals. (*See* Sealing Decl. ¶ 9–11.) Plaintiff has a privacy interest in keeping her home address and phone number out of the public sphere. ***Second***, if sealing is denied, Plaintiff may be at risk of personal harm or identity theft. *See Nursing Home Pension Fund*, 2007 WL 3232267, at *2. Additionally, disclosure may strain the business relationship between Sunrun and its past, present and future customers, as Sunrun represents its intention to keep its customers' PII and SPI private from disclosure pursuant to Sunrun's Privacy Policy. ***Further***, Sunrun's proprietary commercial information, compliance and training materials should not be disclosed publicly for its competitors to take advantage of. (*See* Sealing Decl. ¶¶ 9-13.) ***Finally***, there is no sufficient, less restrictive alternative to sealing the Sealed Materials. Sunrun submits concurrently with this Sealing Motion copies of the Sealed Materials with PII and SPI redacted for public viewing, where redaction is possible. While redacting protects Plaintiff's and others' PII and SPI, Sunrun must also share the unredacted version of these Sealed Materials with the Court and Plaintiff's counsel in accordance with the local rules.

**CONCLUSION**

For the foregoing reasons, Sunrun respectfully requests that the Court grant this Sealing Motion and enter the Proposed Order sealing the unredacted Sealed Materials to the Motion.

DATED: September 29, 2026 KELLEY DRYE & WARREN LLP



By: ______________________________
Glenn T. Graham

7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5900
Facsimile: (973) 503-5950
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

**CERTIFICATE OF SERVICE**

I, Glenn T. Graham, hereby certify that on September 29, 2026, I served a copy of Defendants' Administrative Motion to Seal Exhibits to Their Motion for Summary Judgment by electronic mail upon the following:

Dana J. Oliver
Oliver Law Center, Inc.
8780 19th Street, Suite 559
Rancho Cucamonga, CA 91701
(562) 500-0600
dana@danaoliverlaw.com

Andrew Roman Perrong
Perrong Law LLC
1669 Edgewood Road Suite 218
Yardley, PA 19067
(215) 225-5529
a@perronglaw.com

*/s/ Glenn T. Graham*
Glenn T. Graham