# EXHIBIT 12

Dana J. Oliver, Esq. (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

Attorney for Plaintiff and Putative Class

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>*v*.<br><br>QUINSTREET, INC. d/b/a Insure.com<br>*Defendant*. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Peggy Banks (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief, as follows:

## NATURE OF ACTION

1. This case involves a campaign by QuinStreet, Inc. to market its insurance services through telemarketing calls by contacting numbers on the National Do Not Call Registry, in plain violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. (hereinafter referred to as the "TCPA").

2. The recipients of QuinStreet's illegal calls, which include Plaintiff and the proposed class, are entitled to damages under the TCPA, and because the technology used by QuinStreet makes calls *en masse*, the appropriate vehicle for their recovery is a class action lawsuit.

**PARTIES**

3. Plaintiff Peggy Banks is an individual located in Norco, California.

4. Defendant QuinStreet, Inc., is a Delaware company which is headquartered and has its principal place of business within this District.

**JURISDICTION AND VENUE**

5. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227 *et seq*.

6. This Court has general jurisdiction over Defendant because it is headquartered and has its principal place of business in this District.

7. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because the Defendant has its office in this Judicial District.

## TCPA BACKGROUND

The National Do Not Call Registry

8. The TCPA prohibits making multiple telemarketing calls to a residential telephone number that has previously been registered on the National Do Not Call Registry. See 47 U.S.C. § 227(c)(5).

9. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. See 47 C.F.R. § 64.1200(c)(2).

10. A listing on the National Do Not Call Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

## FACTUAL ALLEGATIONS

11. Defendant is a "person" as the term is defined by 47 U.S.C. § 153(39).

12. Plaintiff's telephone number, 909-XXX-XXXX, is used for residential purposes and is used for personal purposes.

13. The number is a residential telephone line because it is assigned to a residential telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

14. The number has been registered on the National Do Not Call Registry continuously since August 8, 2006.

15. Despite this, the Plaintiff received at least four telemarketing calls placed from QuinStreet for its "insure.com" brand on July 15 and 16, 2024, with two calls each day.

16. The calls came from the telephone number 909-366-5230.

17. This telephone number is the Defendant's telephone number and is registered with various Caller ID databases as "Insure.com – Your Home Quote."

18. The calls were placed to solicit the Plaintiff to sign up for home insurance.

19. The calls were not necessitated by an emergency.

20. The Plaintiff never requested the calls or provided her consent to receive them.

21. The Plaintiff never did business with Defendant QuinStreet.

22. The calls were nonconsensual encounters.

23. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. Plaintiff and the Class Members were also harmed by use of their telephone power, network bandwidth, storage space, wear and tear, and the intrusion on their telephone that occupied it from receiving legitimate communications.

Case 3:25-cv-03031 Document 1 Filed 04/29/25 Page 5 of 10

## CLASS ACTION ALLEGATIONS

24. Plaintiff brings this action on behalf of herself and the following class (the "Class") pursuant to Federal Rule of Civil Procedure 23.

> **Telephone Consumer Protection Act Do Not Call Registry Class:** All persons in the United States whose (1) telephone numbers were on the National Do Not Call Registry for at least 31 days, (2) but who received more than one telemarketing calls from or on behalf of Defendant (3) within a 12-month period (4) from the four years prior to the filing of the complaint through the date of trial.

25. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify or amend the Class definition, as appropriate, during the course of this litigation.

26. Plaintiff brings all claims in this action individually and on behalf of Class Members against Defendant.

### Numerosity

27. Members of the Class are so numerous that their individual joinder is impracticable.

28. On information and belief, based on the technology used to call Plaintiff, which is used to make calls *en masse*, Members of the Class number in the thousands.

29. The precise number of Class Members and their identities are unknown to Plaintiff at this time but may be determined through discovery.

30. Class Members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant.

**Commonality**

31. Common questions of law and fact exist as to all Class Members and predominate over questions affecting only individual Class Members.

32. Common legal and factual questions include, but are not limited to, whether Defendant has violated the Telephone Consumer Protection Act and whether Class Members are entitled to actual and/or statutory damages for the aforementioned violations.

**Typicality**

33. The claims of the named Plaintiff are typical of the claims of the Class because the named Plaintiff, like all other Class Members, received unsolicited telephonic sales calls from the Defendant without giving them her consent to receive such calls.

**Adequacy of Representation**

34. Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the Class Members she seeks to represent, she

has retained competent counsel experienced in prosecuting class actions, and she intends to prosecute this action vigorously.

35. The interests of Class Members will be fairly and adequately protected by Plaintiff and her counsel.

**Superiority**

36. The class mechanism is superior to other available means for the fair and efficient adjudication of the claims of Class Members.

37. Many of the Class Members likely lack the ability and/or resources to undertake the burden and expense of individually prosecuting what may be a complex and extensive action to establish Defendant's liability.

38. Individualized litigation increases the delay and expense to all parties and multiplies the burden on the judicial system. This strain on the parties and the judicial system would be heightened in this case, given the complex legal and factual issues at play.

39. Individualized litigation also presents a potential for inconsistent or contradictory judgments.

40. In contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court on the issue of Defendant's liability.

41. Class treatment of the liability issues will ensure that all claims and claimants are before this Court for consistent adjudication of the liability issues.

**COUNT I**
**Telephone Consumer Protection Act**
**(Violations of 47 U.S.C. § 227)**
**(On Behalf of Plaintiff and the National Do Not Call Registry Class)**

42. Plaintiff repeats and incorporates the allegations set forth in paragraphs 1 through 41 as if fully set forth herein.

43. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

44. The Defendant's violations were negligent, willful, or knowing.

45. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

46. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to

Case 3:25-cv-03071 Document 1-3 Filed 04/02/25 Page 9 of 10

numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Class, prays for the following relief:

A. Injunctive relief prohibiting Defendant from calling telephone numbers advertising their goods or services, except for emergency purposes, to numbers on the National Do Not Call Registry in the future;

B. That the Court enter a judgment awarding Plaintiff and all class members statutory damages of $500 for each violation of the TCPA and $1,500 for each knowing or willful violation;

C. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class the Court deems appropriate, finding that Plaintiff are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class; and

D. Such other relief as the Court deems just and proper.

**JURY DEMAND**

Plaintiff request a jury trial as to all claims of the complaint so triable.

Dated: April 3, 2025

PLAINTIFF, individually and on behalf of all others similarly situated,

*/s/ Dana J. Oliver*

Dana J. Oliver (SBN: 291082)
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, California 91701
Telephone: (855)384-3262
Facsimile: (888)570-2021

*Attorney for Plaintiff and the Proposed Class*

JS-CAND 44 (Rev. 12/2024)

# CIVIL COVER SHEET

This civil cover sheet does not replace or supplement the filing and service of pleadings or other papers. The information on this form, approved in its original form by the Judicial Conference of the United States in September 1974, is required for the Clerk of Court to initiate the civil docket. Instructions are on the reverse of this form.

## I. PLAINTIFF(S)

PEGGY BANKS, individually and on behalf of all others similarly situated

County of Residence of First Listed Plaintiff: Riverside County
*Leave blank in cases where United States is plaintiff.*

Attorney or Pro Se Litigant Information *(Firm Name, Address, and Telephone Number)*

Oliver Law Center, (855) 384-3262
8780 19th Street, #559, Rancho Cucamonga, CA 91701

## DEFENDANT(S)

QUINSTREET, INC. d/b/a Insure.com

County of Residence of First Listed Defendant: San Mateo County
*Use ONLY in cases where United States is plaintiff.*

Defendant's Attorney's Name and Contact Information *(if known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ U.S. Government Plaintiff
- ☒ Federal Question *(U.S. Government Not a Party)*
- ☐ U.S. Government Defendant
- ☐ Diversity

## III. CAUSE OF ACTION

Cite the U.S. Statute under which you are filing: *(Use jurisdictional statutes only for diversity)*
47 U.S.C. 227

Brief description of case: Putative class action for violation of federal telemarketing law

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury -Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury – Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities–Employment
- ☐ 446 Amer. w/Disabilities–Other
- ☐ 448 Education

**PRISONER PETITIONS**

HABEAS CORPUS
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty

OTHER
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee– Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC § 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC § 158
- ☐ 423 Withdrawal 28 USC § 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 835 Patent–Abbreviated New Drug Application
- ☐ 840 Trademark
- ☐ 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS–Third Party 26 U.S.C. § 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 376 Qui Tam (31 USC § 3729(a))
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☒ 485 Telephone Consumer Protection Act
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ Original Proceeding
- ☐ Removed from State Court
- ☐ Remanded from Appellate Court
- ☐ Reinstated or Reopened
- ☐ Transferred from Another District
- ☐ Multidistrict Litigation–Transfer
- ☐ Multidistrict Litigation–Direct File

## VI. FOR DIVERSITY CASES ONLY: CITIZENSHIP OF PRINCIPAL PARTIES

*(Place an "X" in One Box for Plaintiff and One Box for Defendant)*

| Plaintiff | Defendant | |
|---|---|---|
| ☐ | ☐ | Citizen of California |
| ☐ | ☐ | Citizen of Another State |
| ☐ | ☐ | Citizen or Subject of a Foreign Country |
| ☐ | ☐ | Incorporated or Principal Place of Business In California |
| ☐ | ☐ | Incorporated and Principal Place of Business In Another State |
| ☐ | ☐ | Foreign Nation |

## VII. REQUESTED IN COMPLAINT

- ☑ Check if the complaint contains a **jury demand.**
- ☑ Check if the complaint contains a **monetary demand**. Amount:
- ☑ Check if the complaint seeks **class action** status under Fed. R. Civ. P. 23.
- ☐ Check if the complaint seeks a **nationwide injunction** or Administrative Procedure Act vacatur.

## VIII. RELATED CASE(S) OR MDL CASE

*Provide case name(s), number(s), and presiding judge(s).*

## IX. DIVISIONAL ASSIGNMENT pursuant to Civil Local Rule 3-2

*(Place an "X" in One Box Only)* ☒ SAN FRANCISCO/OAKLAND ☐ SAN JOSE ☐ EUREKA-MCKINLEYVILLE

**DATE** 04/03/2025 **SIGNATURE OF ATTORNEY OR PRO SE LITIGANT** /s/ Dana Oliver

# COMPLETING THE CIVIL COVER SHEET

Complete the form as follows:

**I. Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**County of Residence**. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.

**Attorney/Pro Se Litigant Information**. Enter the firm name, address, telephone number, and email for attorney of record or pro se litigant. If there are several individuals, list them on an attachment.

**II. Jurisdiction.** Under Federal Rule of Civil Procedure 8(a), pleadings must establish the basis of jurisdiction. If multiple bases for jurisdiction apply, prioritize them in the order listed:

(1) *United States plaintiff*. Jurisdiction based on 28 U.S.C. §§ 1345 and 1348 for suits filed by the United States, its agencies or officers.

(2) *United States defendant.* Applies when the United States, its agencies, or officers are defendants.

(3) *Federal question*. Select this option when jurisdiction is based on 28 U.S.C. § 1331 for cases involving the U.S. Constitution, its amendments, federal laws, or treaties (but use choices 1 or 2 if the United States is a party).

(4) *Diversity of citizenship.* Select this option when jurisdiction is based on 28 U.S.C. § 1332 for cases between citizens of different states and complete Section VI to specify the parties' citizenship. Note: Federal question jurisdiction takes precedence over diversity jurisdiction.

**III. Cause of Action.** Enter the statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless jurisdiction is based on diversity. Example: U.S. Civil Statute: 47 U.S.C. § 553. Brief Description: Unauthorized reception of cable service.

**IV. Nature of Suit.** Check one of the boxes. If the case fits more than one nature of suit, select the most definitive or predominant.

**V. Origin.** Check one of the boxes:

(1) *Original Proceedings*. Cases originating in the United States district courts.

(2) *Removed from State Court*. Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C. § 1441. When the petition for removal is granted, check this box.

(3) *Remanded from Appellate Court*. Check this box for cases remanded to the district court for further action, using the date of remand as the filing date.

(4) *Reinstated or Reopened*. Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

(5) *Transferred from Another District*. Check this box for cases transferred under Title 28 U.S.C. § 1404(a). Do not use this for within-district transfers or multidistrict litigation (MDL) transfers.

(6) *Multidistrict Litigation Transfer*. Check this box when a multidistrict (MDL) case is transferred into the district under authority of Title 28 U.S.C. § 1407.

(7) *Multidistrict Litigation Direct File.* Check this box when a multidistrict litigation case is filed in the same district as the Master MDL docket.

**VI. Residence (citizenship) of Principal Parties.** Mark for each principal party *only* if jurisdiction is based on diversity of citizenship.

**VII. Requested in Complaint.**

(1) *Jury demand.* Check this box if plaintiff's complaint demanded a jury trial.

(2) *Monetary demand.* For cases demanding monetary relief, check this box and enter the actual dollar amount being demanded.

(3) *Class action.* Check this box if plaintiff is filing a class action under Federal Rule of Civil Procedure 23.

(4) *Nationwide injunction.* Check this box if plaintiff is seeking a nationwide injunction or nationwide vacatur pursuant to the Administrative Procedures Act.

**VIII. Related Cases.** If there are related pending case(s), provide the case name(s) and number(s) and the name(s) of the presiding judge(s). If a short-form MDL complaint is being filed, furnish the MDL case name and number.

**IX. Divisional Assignment.** Identify the divisional venue according to Civil Local Rule 3-2: "the county in which a substantial part of the events or omissions which give rise to the claim occurred or in which a substantial part of the property that is the subject of the action is situated." Note that case assignment is made without regard for division in the following case types: Property Rights (Patent, Trademark and Copyright), Prisoner Petitions, Securities Class Actions, Anti-Trust, Bankruptcy, Social Security, and Tax.