# EXHIBIT 15

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PARAMOUNT BUILDERS, INC.<br><br>Defendant. | Case No. 2:25-cv-202 |

**DEFENDANT PARAMOUNT BUILDERS, INC.'S MOTION TO BIFURCATE DISCOVERY**

Defendant Paramount Builders, Inc. (hereinafter "Paramount"), by and through its undersigned counsel, respectfully moves this Honorable Court for entry of an Order phasing discovery in this matter pursuant to Federal Rule of Civil Procedure 42(b). As set forth in the accompanying Memorandum in Support, in order to effectively manage this litigation, conserve party and judicial resources, and resolve factual disputes as to the merits of Plaintiff's individual claims, discovery should be conducted in three separate phases: (1) discovery into Plaintiff's individual claims, (2) discovery into the appropriateness of class certification if Plaintiff's claims proceed, and (3) if a class is ultimately certified, merits discovery for the class.

Dated: June 2, 2025

Respectfully submitted,

*/s/ Barry Dorans*

Barry Dorans, Esq. VSB# 23472
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
Telephone: (757) 497-6633
Facsimile: (757) 497-7267
dorans@wolriv.com

Eric J. Troutman (*pro hac vice*)
California Bar No. 229263
Puja J. Amin (*pro hac vice*)
California Bar No. 299547
Tori L. Guidry (*pro hac vice*)
Louisiana Bar No. 37704
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Counsels for Defendant Paramount Builders, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on June 2, 2025, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Barry Dorans*
Barry Dorans

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

PEGGY BANKS, individually and on behalf of all others similarly situated,

Plaintiff,

v.

PARAMOUNT BUILDERS, INC.

Defendant.

Case No. 2:25-cv-202

**<u>DEFENDANT PARAMOUNT BUILDERS, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO BIFURCATE DISCOVERY</u>**

## I. <u>INTRODUCTION</u>

Peggy Banks ("Plaintiff") brings putative class claims under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") for alleged violations of the National Do Not Call Registry provisions and Internal Do Not Call list requirements. As detailed in Paramount Builders, Inc.'s ("Paramount") Motion to Dismiss, Motion to Compel Arbitration, and Motion to Strike Class Allegations (the "Pending Motions"), Plaintiff's claims are legally deficient and subject to dismissal at the pleading stage.

Regarding individual claims, Paramount's Motion to Dismiss demonstrates that Plaintiff's Internal Do Not Call list claim under 47 C.F.R. § 64.1200(d) fails because this regulation was not promulgated under 47 U.S.C. § 227(c), meaning no private right of action exists. *See Simmons v. Charter Commc'ns, Inc.*, 222 F. Supp. 3d 121, 139 (D. Conn. 2016) (holding that to prove a subsection (d)(3) violation, a plaintiff cannot rely solely on a provider's failure to honor an

individual request without establishing that calls were initiated before proper procedures were implemented).

Further, Paramount's Motion to Compel Arbitration establishes that Plaintiff explicitly agreed to arbitrate all TCPA claims when submitting a web form on January 6, 2022. This agreement is verified by a TrustedForm Certificate containing Plaintiff's name, phone number, and express consent to receive telemarketing calls from third-party marketers.

As for class allegations, Paramount's Motion to Strike demonstrates that Plaintiff's proposed "Do Not Call Registry Class" and "Internal DNC Class" definitions suffer from incurable defects. The classes are impermissibly overbroad because they encompass individuals who: (1) did not personally register their numbers on the National Do Not Call Registry; (2) received third-party calls for which Paramount is not vicariously liable; (3) provided express written consent to Paramount (as Plaintiff did); and (4) have an established business relationship with Paramount. *See* Compl. ¶ 38; *Caitlin Rombough v. Robert D. Smith Ins. Agency, Inc.*, No. 22-CV-15-CJW-MAR, 2022 WL 2713278, at *2 (N.D. Iowa June 9, 2022) (addressing deficiencies in TCPA class definitions).

In light of these fundamental legal deficiencies, Paramount respectfully requests that discovery be structured in sequential phases: first, discovery limited to Plaintiff's individual claims; second, if necessary, discovery focused on class certification issues; and third, only if a class is certified, discovery regarding class-wide merits.

Good cause exists to phase discovery in this manner for several reasons. First, resolving the threshold issues of Plaintiff's individual claims would avoid unnecessarily burdensome class discovery if those claims prove legally or factually deficient. Second, separating class certification discovery from class merits discovery is particularly important in TCPA cases, where plaintiffs

typically seek extensive consumer information for individuals who may not ultimately be class members. Such productions impose significant financial burdens on defendants and risk unnecessary disclosure of sensitive consumer data. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558-59 (2007) (emphasizing the expense and burden of discovery in class actions).

These concerns are especially warranted here, where Plaintiff's Complaint already shows significant deficiencies and the TrustedForm Certificate directly contradicts her claim that she never submitted any form. *See* Compl. ¶ 24. Allowing the case to proceed to non-phased class discovery would therefore risk privacy intrusions for potentially thousands of consumers who may have never received an improper call and are not yet parties to this litigation.

Accordingly, Paramount submits that good cause exists to phase discovery, which will promote judicial economy, protect consumer privacy, and align with the requirements of Fed. R. Civ. P. 23 by facilitating an early determination of class certification.

## II. <u>LEGAL STANDARD</u>

Fed. R. Civ. P. 42(b), which governs bifurcation, provides that a court may order a separate trial of one or more separate issues or claims "for convenience, to avoid prejudice, or to expedite and economize." *Id.* "In the Fourth Circuit, it is well-established that the decision whether to bifurcate pursuant to Rule 42(b) 'is within the sound discretion of the trial judge.' *Hopeman Bros. v. Cont'l Cas. Co.*, No. Civil Action No: 4:16-cv-187, 2017 WL 4399552, at *3 (E.D. Va. Oct. 2, 2017) (citing *Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1953)). *See Dixon v. CSX Transp., Inc.*, 990 F.2d 1440, 1443 (4th Cir.), *cert. denied*, 510 U.S. 915, 114 (1993). "[A]lthough Rule 42 does not expressly address the bifurcation of discovery, courts have looked to similar factors as those relevant to the bifurcation of trial when determining whether discovery related to the deferred claims should be stayed." *Cann v. Balt. Cnty.*, No. WMN-10-2213, 2011 WL 588343, at *1 (D.

Md. Feb. 9, 2011).

## III. ARGUMENT

### A. Phasing Individual Merits Discovery Promotes Judicial Economy By Potentially Avoiding Resource-Intensive Class Discovery.

The Court should phase discovery to first address Plaintiff's individual claims before proceeding to class-related discovery. This approach serves judicial economy by potentially resolving this matter at the individual stage if, as Paramount contends, Plaintiff's claims fail as a matter of law or fact.

Courts consistently recognize that phasing discovery is appropriate when threshold issues might dispose of a plaintiff's claims, as this approach conserves both judicial and party resources. *See Marlboro Elec. Coop. v. Cent. Elec. Power Coop.*, No. 4:20-cv-04386-SAL, 2021 WL 5998612, at *2 (D.S.C. May 13, 2021) ("the court does not disagree with Defendant's general proposition that proceeding with discovery is inefficient and unnecessary where a question of law may be dispositive of the case"); *Young v. Apogee Coal Co.*, CIVIL ACTION NO. 2:12-cv-01324, 2015 WL 65542, at *2 (S.D.W. Va. Jan. 5, 2015) ("bifurcation is particularly appropriate when resolution of a certain issue or issues could be dispositive of the entire case").

This approach is especially warranted in TCPA class actions, where courts have repeatedly phased discovery to address potentially dispositive individual issues before undertaking broader class discovery. *See Physicians Healthsource, Inc. v. Janssen Pharms., Inc.*, No. 12-2132 (FLW), 2014 U.S. Dist. LEXIS 13523, at *14-15 (D.N.J. Feb. 4, 2014) (granting motion to bifurcate in TCPA case to promote efficiency by permitting discovery on potentially dispositive issues); *Akselrod v. Marketpro Homebuyers L.L.C.*, No. CCB-20-2966, 2021 WL 100666, at *1 (D. Md. Jan. 11, 2021) (granting motion to bifurcate discovery in TCPA action where "system used in this case was an ATDS and whether the messages sent were telephone solicitations are potentially

dispositive”).

In this case, several threshold issues in the Pending Motions could dispose of Plaintiff’s individual claims entirely. First, Paramount’s Motion to Dismiss challenges whether 47 C.F.R. § 64.1200(d) provides a private right of action for alleged violations of internal DNC requirements. If this legal argument prevails, Count II of Plaintiff’s Complaint would be dismissed outright. Second, Paramount’s Motion to Compel Arbitration, supported by a TrustedForm Certificate showing Plaintiff’s consent, could remove this entire dispute from this Court’s jurisdiction.

*Kemen v. Cincinnati Bell Telephone Company LLC* underscores the propriety of phased discovery in TCPA cases directly applicable to this case. *See Kemen v. Cincinnati Bell Tel. Co.*, No. 1:22-cv-152, 2024 WL 3633333, at *2-3 (S.D. Ohio Aug. 2, 2024). There, the Court granted bifurcation specifically to address threshold issues, including the existence of the defendant’s internal DNC policies, before proceeding to broader class discovery. *Id.* The Court recognized that this approach would promote judicial economy and avoid unnecessary burdens on the parties. *Id.*

As such, Paramount would suffer prejudice if required to engage in broad class discovery before resolution of these threshold issues. Such discovery would involve substantial time, expense, and operational disruption to identify and produce information regarding all individuals who received calls over the four-year class period. If, as expected, Plaintiff’s individual claims ultimately fail, this burdensome discovery would represent an entirely wasted effort.

Additionally, as detailed in Paramount’s Motion to Strike Class Allegations, Plaintiff’s proposed class definitions suffer from fundamental defects that cannot be cured through discovery. These classes are overbroad because they include individuals who: 1) did not personally register their numbers on the National DNC Registry, 2) received third-party calls for which Paramount is not vicariously liable, 3) provided consent to Paramount Builders, and 4) have an established

business relationship with Paramount Builders. The class definitions also suffer from merits-based criteria defects that run afoul of the rule against one-way intervention. Commencing class discovery before determining whether these facially deficient classes can proceed would be inefficient and unproductive.

Therefore, Paramount requests that discovery first focus on the merits of Plaintiff's individual claims, allowing the Court time to rule on the Pending Motions before potentially undertaking the far more extensive discovery that class certification would entail.

**B. If Plaintiff's Individual Claims Proceed, Class Certification Discovery Should Be Separated From Class Merits Discovery.**

In the event Plaintiff's individual claims remain viable (which they should not), Paramount requests that the Court further phase discovery by separating class certification discovery from class merits discovery. This approach would allow the Court to determine class certification early, as contemplated by Rule 23, before undertaking expansive merits discovery regarding individual class members.

Courts regularly phase class certification and merits discovery, recognizing that "class certification discovery should be straightforward and distinguishable from merits discovery." *Horton v. Sw. Med. Consulting, L.L.C.*, No. 17-CV-0266-CVE-mjx, 2017 U.S. Dist. LEXIS 213982, at *2 (N.D. Okla. Aug. 14, 2017); *see also Harris v. Option One Mortg. Corp.*, 261 F.R.D. 98, 111 (D.S.C. 2009) (limiting first phase to certification issues, with merits discovery to follow only if class is certified); *Nazario v. Sharinn & Lipshie, P.C.*, No. 2:19-cv-04604-SDW-SCM, 2020 U.S. Dist. LEXIS 5950, at *3 (D.N.J. Jan. 14, 2020) ("Courts generally postpone class-wide discovery on the merits of the claims when bifurcation serves the interests of fairness and efficiency").

In deciding whether to phase certification and merits discovery, courts consider: "(1) the

overlap between individual and class discovery, (2) whether bifurcation will promote Federal Rule of Civil Procedure 23's requirement that certification be decided at 'an early practicable time,' (3) judicial economy, and (4) any prejudice reasonably likely to flow from the grant or denial of a stay of class discovery." *Akselrod*, 2021 WL 100666.

Applying these factors to this case strongly supports phased discovery. First, certification and merits discovery involve distinct inquiries that can be efficiently separated. While certification discovery would focus on commonality, typicality, numerosity, and adequacy issues, merits discovery would affect the specific circumstances of each potential class member's experience.

Second, phased discovery directly promotes Rule 23's goal of determining certification "at an early practicable time." *See Washington v. Brown & Williamson Tobacco Corp.*, 959 F.2d 1566, 1570-71 (11th Cir. 1992) (noting that courts may allow class discovery and postpone merits discovery "[t]o make early class determination practicable"). By focusing initial discovery on certification requirements, the Court can more efficiently evaluate whether class treatment is appropriate without becoming entangled in individualized merits questions.

Third, judicial economy strongly favors bifurcation because, if certification is denied, the parties would avoid the substantial time and expense of class-wide merits discovery. As noted in *Harris v. comScore, Inc.*, "proceeding with merits discovery, which may well involve the review of millions of documents not directly relevant to the issues of class certification, [...] would frustrate the court's effort to certify the action as a class action at an early practicable time, as is mandated by Rules." *Harris v. comScore, Inc.*, 2012 U.S. Dist. LEXIS 27665, 2012 WL 686709, at *9 (N.D. Ill. March 2, 2012) (internal quotations omitted). This concern is valid in TCPA cases, where class merits discovery often involves voluminous call records, consent documentation, and other sensitive data. Similarly, the economy favors bifurcation of certification and merits

discovery, "as the limited statutory damages available to Plaintiffs are likely an insufficient motivation to litigate in the absence of class certification." *Id*. If the Court denies class certification, the Plaintiff will have no compelling reason to continue the litigation.

Fourth, phasing discovery in this manner would not prejudice either party. Certification discovery would include all evidence necessary for Plaintiff to satisfy Rule 23's requirements, including Paramount's DNC practices, policies, and calling systems. However, it would appropriately exclude the production of confidential information regarding potential class members who are not yet parties to this litigation. This approach respects the privacy of non-party consumers while ensuring Plaintiff has access to information relevant to certification.

Importantly, if a class is certified, Plaintiff would be permitted to inquire about Paramount's general practices and policies, but would not be authorized to obtain lists identifying individuals who requested that calls cease or the names and phone numbers of potential class members. These limitations exist because potential class members are not parties to the case prior to certification. Once the Court certifies a class—establishing the precise parameters of class membership—only then would records pertaining to individual class members be appropriate for production and review in preparation for trial. This sequential approach aligns to determine certification at an early practicable time, as required by Rule 23.

Accordingly, good cause exists to phase discovery as requested. This approach will allow for efficient resolution of potentially dispositive individual issues before undertaking broader class discovery, prevent unnecessary privacy intrusions for non-party consumers, and facilitate prompt consideration of class certification in accordance with Rule 23.

## IV. CONCLUSION

For the foregoing reasons, Paramount Builders respectfully requests that the Court enter an

Case 4:24-cv-07877-JST Document 74-1 Filed 06/09/25 Page 9 of 10

Order phasing discovery in this matter pursuant to Federal Rule of Civil Procedure 42(b).

Dated: June 2, 2025

Respectfully submitted,

/s/ *Barry Dorans*
Barry Dorans, Esq. VSB# 23472
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
Telephone: (757) 497-6633
Facsimile: (757) 497-7267
dorans@wolriv.com

Eric J. Troutman (*pro hac vice*)
California Bar No. 229263
Puja J. Amin (*pro hac vice*)
California Bar No. 299547
Tori L. Guidry (*pro hac vice*)
Louisiana Bar No. 37704
TROUTMAN AMIN, LLP
400 Spectrum Center Drive, Suite 1550
Irvine, California 92618
Telephone: (949) 350-3663
Facsimile: (214) 758-1550
troutman@troutmanamin.com

*Counsels for Defendant Paramount Builders, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, a copy of the foregoing was filed electronically and served by other electronic means on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by e-mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF system.

/s/ *Barry Dorans*
Barry Dorans