# EXHIBIT 17

Electronically FILED by Superior Court of California, County of Riverside on 05/29/2025 08:16 AM
Case Number CVRI2502903 0000130630672 - Jason B. Galkin, Executive Officer/Clerk of the Court By Dawn Brown, Clerk

CAL LAW APC
CALVIN CHANG (CA Bar No. 277851)
500 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: 916.538.0225
cal@callawapc.com

Attorneys for Plaintiff PEGGY BANKS

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

(Unlimited Jurisdiction)

| | |
|---|---|
| PEGGY BANKS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STRATEGIC CONSULTING AND FORENSICS, LLC, a Nevada Limited Liability Company; TREVOR K. HALL, an individual; CHRIS BIZ SERVICES LLC; ALEXANDER BYKHOVSKY, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | CASE NO. CVRI2502903<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1) UNFAIR COMPETITION (Cal. Bus & Prof. Code § 17200, *et seq*.);<br><br>2) NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE (47 U.S.C. § 227(B));<br><br>3) INTENTIONAL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE (47 U.S.C. § 227(B));<br><br>4) VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – MORE THAN ONE CALL WITHIN 12 MONTHS (47 U.S.C. § 227(C));<br><br>UNLIMITED CIVIL ACTION<br>DEMAND FOR JURY TRIAL |

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

**INTRODUCTION**

1. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints." [*Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).] This is an action pursuant to the Unfair Competition Law (UCL) and Telephone Consumer Protection Act (TCPA) to remedy unlawful telemarketing "robocalls," in which Defendants sell insurance, using unlawful methods such as calling phone numbers that are on the National do not call registry.

**JURISDICTION AND VENUE**

2. Pursuant to the California Constitution jurisdiction is proper in the Superior Court of California, County of Riverside, in the State of California. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $35,000.

3. Venue as to each Defendant is proper in this judicial district, pursuant to the code of Civil Procedure section 395, *et seq*, where the wrongful act, fraud, negligence; or the breach of contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or an action arising from a transaction consummated as a proximate result of either an unsolicited telephone call made by a seller; or in the county where the principal place of business of such corporation is situated.

4. This court has jurisdiction over Defendants because Defendants do sufficient business in California and have sufficient minimum contacts in California to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

**PARTIES**

5. Plaintiff PEGGY BANKS ("Plaintiff", "Consumer" or "BANKS") is, and at all times mentioned herein, was a natural individual and resident of the State of California, County of Riverside. Plaintiff was physically in California at the time she received the alleged phone calls from Defendants.

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

6. Defendant STRATEGIC CONSULTING AND FORENSICS, LLC ("STRATEGIC") is a limited liability company of the State of Nevada. Defendant STRATEGIC, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant STRATEGIC conducted business in the State of California and in the County of Riverside.

7. Defendant TREVOR K. HALL ("HALL") is an individual who at all relevant times was the owner and managing partner of Defendant STRATEGIC. As owner of Defendant STRATEGIC, Defendant HALL was responsible for the ownership, management, and operations of the company. Defendant HALL materially participated in selling and marketing STRATEGIC's services by occupying a position of critical importance to Defendant STRATEGIC's business. As the managing partner and owner of Defendant STRATEGIC, Defendant HALL is liable for the unlawful conduct engaged in by Defendant STRATEGIC and its agents acting on Defendant STRATEGIC's behalf. Defendant HALL continued to play a key role in maintaining and expanding Defendant STRATEGIC's activities throughout the time in question.

8. Defendant CHRIS BIZ SERVICES LLC ("CHRIS") is a limited liability company. During relevant times, formed in the state of Texas, Wyoming, and New Mexico. Defendant CHRIS, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant STRATEGIC conducted business in the State of California and in the County of Riverside.

9. Upon information and belief, Defendant ALEXANDER BYKHOVSKY, aka: ALEX GOLD ("GOLD") is an individual who at all relevant times was the owner and managing partner of Defendant CHRIS. As owner of Defendant CHRIS, Defendant GOLD was responsible for the ownership, management, and operations of the company. Defendant GOLD materially participated in selling and marketing CHRIS's services by occupying a position of critical importance to Defendant CHRIS's business. As the managing partner and owner of Defendant CHRIS, Defendant GOLD is liable for the nefarious conduct engaged in by Defendant CHRIS and its agents acting on Defendant CHRIS's behalf. Defendant GOLD continued to play a key role in maintaining and

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

expanding Defendant CHRIS's activities throughout the time in question.

10. All named Defendants will be collectively referred to as "Defendants," except where necessary to distinguish them apart.

11. At all times herein mentioned, Defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the owners, principals, agents, employees, servants, partners, independent contractors, joint ventures and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint ventures, and with the consent and permission of the co-Defendants, and each of them.

12. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 20, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names pursuant to section 474 of the California Code of Civil Procedure. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of DOES 1 through 20 when their names are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the DOE Defendants is in some manner liable to the Plaintiff for the events and actions alleged herein.

13. Plaintiff is informed and believes, and thereon alleges, that at all times, each Defendant was acting as an agent for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so that each is responsible for the acts of the other in connection with the conspiracy in such wrongful acts in connection with the other Defendants.

## GENERAL ALLEGATIONS

14. During all relevant times, Consumer maintained her phone number 909-***-**70 on the National Do Not Call Registry. This number was used on a smartphone, i.e., assigned for mobile telephony service and/or a two-way messaging device for the purposes of Bus & Prof. Code § 17538.41.

15. On or about September 14, 2023, Consumer began receiving unsolicited calls from

the "Employer Retention Dept" and Strategic Consulting & Forensics. Consumer received at least 38 calls until November 10, 2023, including the following calls:

* 9/14/23 858-977-6094 9:30 Mathew @ Employer Retention Dept (apparently with an automated telephone dialing system)

* 9/14/23 786-785-8572 9:35

Email received 9:55 am

* 9/14/23 877-642-7964 10:16 Joe called again & I told him to **stop** calling.

* 9/14/23 786-785-8572 10:23 Mike Morrison

* 9/14/23 877-642-7964 10:29 Ralph

** 9/15/23 877-642-7964 1:03, & 1:09

* 9/15/23 786-841-4039 1:09 Text

** 9/19/23 786-625-7155 9:11, & 9:12

* 9/19/23 786-841-4039 11:40 Text

* 9/21/23 786-841-4039 11:06 Text Mike Morrison

*** 9/21/23 786-625-7155 **11:04, 11:07, 11:10** Called **3xs**

* 9/28/23 786-785-8572 7:53am (Call was too early (before 8 am))

* 10/03/23 786-882-5375 3:06 pm

* 10/04/23 786-882-5375 7:07 am (Call was too early (before 8 am))

* 10/26/23 786-672-0201 1:29 pm

* 10/26/23 786-841-4774 1:34 pm Text

* 10/27/23 786-672-0201 10:23 am

* 11/03/23 203-909-9236 11:39 am

* 11/03/23 203-909-9238 11:40 am Voice Mail

* 1106/23 786-882-6829 8:24 am Voice Mail from Steve

* 11/06/23 203-904-9233 10:52 am

* 11/06/23 203-904-9238 10:53 am Voice Mail

* 11/07/23 786-882-6741 8:00 am Voice Mail from Rene

* 11/10/23 205-334-1152 9:54 am

* 11/10/23 205-334-1152 9:55 am Voice Mail

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

16. On September 14, 2023 at 9:55 AM, following a phone discussion, Consumer received an email entitled "Congratulations on qualifying for the ERC Program!" from "donotreply@scflv.com" and signed "Strategic Consulting & Forensics ERC Support". Upon information and belief, scflv.com is a legitimate domain name for STRATEGIC, demonstrating its direct involvement in the marketing campaign. Following the "9/14/23 786-785-8572 9:35" and "9/14/23 877-642-7964 10:16" calls after Consumer showed interest, Defendants did not have any justification to keep calling Consumer, having told Joe to stop calling during the 9/14/23 call around 10:16 a.m. Thus, Consumer's records show at least twenty-seven unsolicited calls by or for STRATEGIC.

17. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

18. During all relevant times, Plaintiff is informed and believes and thereon alleges, HALL contends STRATEGIC does not make outbound calls soliciting work, specifically the ERC credit. A group will come to STRATEGIC seeking ERC credits for their client base, and they will sign up for a link to STRATEGIC's questionnaire. They will give that link to their clients (the end customer). If that customer completes the ERC credit filing process, STRATEGIC files on their behalf, then 6 months to 2 years later when the government pays them for the credit, STRATEGIC gets paid a fee and gives a commission of that fee to the original group. It is for that commission that groups use us to service their clients. STRATEGIC is not a promoter or ERC credit services. STRATEGIC is and only ever has been a provider of the service.

19. During all relevant times, Plaintiff is informed and believes and thereon alleges, HALL further contends: Plaintiff filled out a questionnaire by STRATEGIC that notes ROMEO COLES as the provider of the link Plaintiff used. ROMEO COLES works for ALEX GOLD. GOLD's company as represented to STRATEGIC when it started doing work was CHRIS BIZ SERVICES, LLC.

20. Therefore, upon information and belief, GOLD's business CHRIS engaged in unlawful telemarketing to encourage Consumer to fill out an intake questionnaire by STRATEGIC.

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

21. Defendants are liable for the violations of the callers / telemarketers because:

a. The telemarketers placed calls on behalf of, and for the benefit of, Defendants;

b. The telemarketers placed calls under Defendants' actual authority;

c. The telemarketers placed calls under Defendants' apparent authority (federal agency law for the TCPA) or ostensible authority (California agency law for the California claims);

d. Defendants ratified the unlawful conduct of the telemarketers; and/or

e. Defendants had control over the "manner and means" of telemarketing.

22. Upon information and belief, the telephone number that Defendants or their agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls within the meaning of 47 U.S.C. § 227 (b)(1). The number was used by Plaintiff for residential purposes.

23. Plaintiff had never had an existing business relationship with the Defendants and has never consented to receiving phone calls or text messages. Plaintiff has no business relationship with Defendants, and during all relevant times, never authorized phone calls or text messages from Defendants. Plaintiff never gave any sort of consent for Defendants' telemarketing calls to begin.

24. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

25. Plaintiff alleges that Defendants does not train its employees who are engaged in telemarketing in the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

26. Plaintiff suffered emotional distress, anger, and frustration, because of the unlawful business practices of the Defendants.

27. Plaintiff suffered loss of money and income due to the interruption of her work, interaction with the provider to identify the telemarketer, investigation of the telemarketing, sending of a consumer notice, and having to bring this action. Plaintiff also suffered transaction costs,

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

opportunity costs, economic harm, consequential damages, attorney's fees, and costs, because of the unlawful business practices of the Defendants.

28. Plaintiff suffered loss of property by physical deterioration and battery degradation of a smartphone having to take the load and burden of unlawful calls caused by Defendants' fake consent. Each and every unlawful call placed on Plaintiff's smartphone accelerated its physical deterioration, as smartphones have a certain life reduced by uses of the device, resulting in a loss of future usability and value. Each and every unlawful call placed on Plaintiff's smartphone reduced its battery, which also has a certain life and whose power must be recharged at the expense of electricity.

29. As set forth herein, the conduct listed above was negligent, intentional, malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.

## FIRST CAUSE OF ACTION
**(UNFAIR COMPETITION)**
**(Cal. Business & Professions Code § 17200, *et seq.*)**
**(Against All Defendants)**

30. Plaintiff refers to and herein incorporates each above paragraph inclusively.

31. Plaintiff brings this claim on behalf of himself and the public.

32. Defendants have engaged in unfair competition and prohibited activities. Unfair competition includes any unlawful, unfair, or fraudulent business act or practice as set forth in the TCPA causes of action, and as set forth in the factual allegations herein. Plaintiff seeks equitable relief and to enjoin Defendants from engaging the unlawful practices herein alleged.

33. Pursuant to Cal. Bus. & Prof. Code section 17200 et seq., Plaintiff seeks an order enjoining the above-described wrongful acts and practices of the Defendants and for restitution and disgorgement.

34. Cal. Bus. & Prof. Code section 17200 et seq. provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."

35. Defendants engaged in violations of California Civil Code section 17590(a), et seq., makes it unlawful for a "telephone solicitor" to, in relevant part, "on his or her own behalf or

through salespersons or agents, announcing devices, or otherwise, makes or causes a telephone call to be made to a California telephone number that does any of the following:

(A) Seeks to offer a prize or to rent, sell, exchange, promote, gift, or lease goods or services or documents that can be used to obtain goods or services.

(B) Offers or solicits or seeks to offer or solicit any extension of credit for personal, family, or household purposes.

(C) Seeks marketing information that will or may be used for the direct solicitation of a sale of goods or services to the subscriber.

(D) Seeks to sell or promote any investment, insurance, or financial services.

(E) Seeks to make any telephone solicitation or attempted telephone solicitation as described in Section 17511.1."

36. During all relevant times California law (Bus & Prof. Code §§ 17590 — 17595) and the Federal Telephone Consumer Protection Act (47 U.S.C. §227, et seq), prohibit persons from making marketing telephone calls to numbers listed on the National Do Not Call Registry, and state do not call list. Defendants further violated the federal "Do-Not-Call" Implementation Act codified at 16 C.F.R. § 310.4 *et seq*. by calling Plaintiff's number on the list.

37. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff has been injured in fact as set forth herein.

38. As alleged herein, the business practices of Defendants constitute unlawful and fraudulent business practices and offend public policy in that they violate the consumer protection protections set forth herein.

39. Defendant, and each of them, are "persons" as defined under Bus. & Prof. Code section 17021.35. Each of the directors, officers and/or agents of defendants are responsible for the acts of the others as set forth in Bus. & Prof. Code section 17095.

40. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof and thus seeks restitution for such damages.

41. Plaintiffs request attorneys' fees and costs pursuant to Bus. & Prof. Code section 17000, et seq., and Civ. Code section 1021.5.

## SECOND CAUSE OF ACTION
## (NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE)

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

**(47 U.S.C. § 227(b))**
**(Against All Defendants)**

42. Plaintiff refers to and herein incorporates each above paragraph inclusively.

43. The foregoing acts and omissions of Defendants constitute one or more negligent violations of the TCPA, 47 U.S.C. § 227 *et seq*.

44. Each Defendant violated 47 U.S.C. § 227(b)(1) by making calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express consent of the called party.

45. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

**THIRD CAUSE OF ACTION**
**(KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE)**
**(47 U.S.C. § 227(b))**
**(Against All Defendants)**

47. Plaintiff refers to and herein incorporates each above paragraph inclusively.

48. The foregoing acts and omissions of Defendants constitute one or more knowing and/or willful violations of the TCPA, 47 U.S.C. § 227 *et seq*.

49. Each Defendant violated 47 U.S.C. § 227(b)(1) by making calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express consent of the called party.

50. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

future pursuant to 47 U.S.C. § 227(b)(3)(A).

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – MORE THAN ONE CALL WITHIN A YEAR)**
**(47 U.S.C. § 227(c))**
**(Against All Defendants)**

52. Plaintiff refers to and herein incorporates each above paragraph inclusively.

53. The foregoing acts and omissions of Defendants constitute one or more violations of the TCPA, 47 U.S.C. § 227 *et seq*.

54. Each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the national Do Not Call Registry. "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations [has a private right of action]". (47 U.S.C. § 227(c)(5).)

55. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

56. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

WHEREFORE, Plaintiff prays for relief as set forth below.

**PRAYER FOR JUDGMENT**

Plaintiff prays for judgment against Defendants as follows:

1. For special, general, and compensatory damages, in the amount of at least $40,500, according to proof at trial;
2. For punitive damages, according to proof at trial;
3. For attorneys' fees, and costs, pursuant to Civil Code §§ 1750, et seq, Code of Civil Procedure §1021.5, and any other applicable statute;
4. For pre-judgment and post-judgment interest according to any applicable provision of law,

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

according to proof;

5. For costs of suit;
6. For Injunctive Relief enjoining Defendants from further violations;
7. For all other relief the Court deems appropriate and just.

Dated: May 29, 2025

CAL LAW APC

By:______________________________,
Calvin Chang, Esq.
Attorneys for Plaintiff
PEGGY BANKS

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues that are so triable in the Complaint.

Dated: May 29, 2025

CAL LAW APC

By:______________________________,
Calvin Chang, Esq.
Attorneys for Plaintiff
PEGGY BANKS

## VERIFICATION

I, PEGGY BANKS, declare:

I am the Plaintiff in the above-entitled matter. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on May 29, 2025 at Norco, California.

DocuSigned by:
By: Peggy Banks
29C60E146615415...
PEGGY BANKS

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com