# EXHIBIT 18

CAL LAW APC
CALVIN CHANG (CA Bar No. 277851)
500 Capitol Mall, Suite 2350
Sacramento, California 95814
Telephone: 916.538.0225
cal@callawapc.com

Attorneys for Plaintiff PEGGY BANKS

SUPERIOR COURT OF CALIFORNIA

IN AND FOR THE COUNTY OF RIVERSIDE

(Unlimited Jurisdiction)

| | |
|---|---|
| PEGGY BANKS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>DREAMSOURCE CONSULTING LLC, a Nevada Limited Liability Company; ALBERTO RIEHL, an individual; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CASE NO.**<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1) UNFAIR COMPETITION (Cal. Bus & Prof. Code § 17200, *et seq*.);<br><br>2) NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE (47 U.S.C. § 227(B));<br><br>3) INTENTIONAL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE (47 U.S.C. § 227(B));<br><br>4) VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – MORE THAN ONE CALL WITHIN 12 MONTHS (47 U.S.C. § 227(C));<br><br>UNLIMITED CIVIL ACTION<br>DEMAND FOR JURY TRIAL |



CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

**INTRODUCTION**

1. "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The Federal Government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019 alone. The States likewise field a constant barrage of complaints." [*Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).] This is an action pursuant to the Unfair Competition Law (UCL) and Telephone Consumer Protection Act (TCPA) to remedy unlawful telemarketing "robocalls," in which Defendants sell insurance, using unlawful methods such as calling phone numbers that are on the National do not call registry.

**JURISDICTION AND VENUE**

2. Pursuant to the California Constitution jurisdiction is proper in the Superior Court of California, County of Riverside, in the State of California. The jurisdiction of this Court is proper for the relief sought herein, and the amount demanded by Plaintiff exceeds $35,000.

3. Venue as to each Defendant is proper in this judicial district, pursuant to the code of Civil Procedure section 395, *et seq*, where the wrongful act, fraud, negligence; or the breach of contract is made or is to be performed, or where the obligation or liability arises, or the breach occurs; or an action arising from a transaction consummated as a proximate result of either an unsolicited telephone call made by a seller; or in the county where the principal place of business of such corporation is situated.

4. This court has jurisdiction over Defendants because Defendants do sufficient business in California and have sufficient minimum contacts in California to render the exercise of jurisdiction over them by California courts consistent with traditional notions of fair play and substantial justice.

**PARTIES**

5. Plaintiff PEGGY BANKS ("Plaintiff", "Consumer" or "BANKS") is, and at all times mentioned herein, was a natural individual and resident of the State of California, County of Riverside. Plaintiff was physically in California at the time she received the alleged phone calls from Defendants.

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

6. Defendant DREAMSOURCE CONSULTING LLC ("DREAMSOURCE") is a limited liability company of the State of Nevada. Defendant DREAMSOURCE, and all of its agents, are and at all times mentioned herein were "persons," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant DREAMSOURCE conducted business in the State of California and in the County of Riverside.

7. Defendant ALBERTO RIEHL ("RIEHL") is an individual who at all relevant times was the owner and managing partner of Defendant DREAMSOURCE. As owner of Defendant DREAMSOURCE, Defendant RIEHL was responsible for the ownership, management, and operations of the company. Defendant RIEHL materially participated in selling and marketing DREAMSOURCE's services by occupying a position of critical importance to Defendant DREAMSOURCE's business. As the managing partner and owner of Defendant DREAMSOURCE, Defendant RIEHL is liable for the unlawful conduct engaged in by Defendant DREAMSOURCE and its agents acting on Defendant DREAMSOURCE's behalf. Defendant RIEHL continued to play a key role in maintaining and expanding Defendant DREAMSOURCE's activities throughout the time in question.

8. All named Defendants will be collectively referred to as "Defendants," except where necessary to distinguish them apart.

9. At all times herein mentioned, Defendants, whether or not specifically identified or designated herein as a DOE, and each of them, were the owners, principals, agents, employees, servants, partners, independent contractors, joint ventures and participants with all other Defendants, and with each other, and in doing the things hereinafter mentioned, were agents, employees, servants, partners, joint ventures, and with the consent and permission of the co-Defendants, and each of them.

10. The true names and capacities, whether individual, corporate, associate or otherwise of the Defendants named herein as DOES 1 through 20, are unknown to Plaintiff at this time. Plaintiff therefore sues said Defendants by such fictitious names pursuant to section 474 of the California Code of Civil Procedure. Plaintiff will seek leave to amend this Complaint to allege the

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

true names and capacities of DOES 1 through 20 when their names are ascertained. Plaintiff is informed and believes, and based thereon alleges, that each of the DOE Defendants is in some manner liable to the Plaintiff for the events and actions alleged herein.

11. Plaintiff is informed and believes, and thereon alleges, that at all times, each Defendant was acting as an agent for each of the other Defendants and each were co-conspirators with respect to the acts and the wrongful conduct alleged herein so that each is responsible for the acts of the other in connection with the conspiracy in such wrongful acts in connection with the other Defendants.

## GENERAL ALLEGATIONS

12. During all relevant times, Consumer maintained her phone number 909-***-**70 on the National Do Not Call Registry. This number was used on a smartphone, i.e., assigned for mobile telephony service and/or a two-way messaging device for the purposes of Bus & Prof. Code § 17538.41.

13. On or about January 10, 2024, Consumer began receiving text messages promoting Defendants' solutions such as Dreamsource / Predictablepremium.com. They started texting Plaintiff when her insurance license was active, possibly trying to recruit her into their organization. These texts included links identifying Defendants, often to schedule a consultation call through Calendly. Consumer received at least 38 texts until September 2024, including the following texts:

949-876-5708 January 10th
February 27th at 10:27 a.m.
949-994-4355 May 9th at 8:28 a.m. and
May 15th at 3:12 p.m.
725-485-9257 September 20th at 9:55 a.m.
September 23rd at 8:38 a.m.
September 25th at 9:55 a.m.
September 30th at 10:17 a.m.
725-543-9098 September 17th at 10:58 a.m.
September 20th at 9:48 a.m.

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

September 24th at 12:03 a.m.

702-842-0832 November 26th at 12:18 p.m.

949-844-5122, February 10th

702-718-3846 February 17th at 2:57 p.m.

707-394-3351 March 5th at 8:21 a.m.

725-237-5561 March 31st at 11:25 a.m.

702-707-0960 April 14th at 1:40 p.m.

949-994-4362 May 14th at 11:50 a.m.

949-649-0057 June 14th at 8:56 a.m.

725-600-5127 July 17th at 8:40 a.m.

725 -356-6685 July 12th at 9:18 a.m.

725-800-8948 July 1st at 1:22 p.m.

725-587-2996 July 30th at 9:59 a.m.

725-900-1135 July 26th at 8:55 a.m.

725-525-3302 July 22nd at 9:58 a.m.

725-550-5015 August 4th at 11:21 a.m.

725-567-4371 August 8th at 2:37 p.m.

725-777-2466 August 13th at 3:46 p.m.

725-257-5210 August 15th at 1:41 p.m.

725-712-9124 August 21st at 12:08 p.m.

725-307-5482 August 24th at 11:40 a.m.

725-715-2167 August 26th at 1:29 p.m.

725-712-0576 August 27th at 4:12 p.m.

725-765-3978 September 3rd at 3:17 p.m.

725-215-6237 September 4th at 1:20 p.m.

725-525-0817 September 9th at 3:27 a.m.

725-525-6404 September 12th at 11:59 a.m.

725-525-8734 September 16th at 10:07 a.m.

725-307-4832 September 18th at 10:23 a.m.

726-525-9806 September 25th at 2:22 p.m.

725-525-6671 September 26th at 3:51 p.m.

14. Such calls constitute solicitation calls pursuant to 47 C.F.R. § 64.1200(c)(2) as they were attempts to promote or sell Defendants' services. Defendants' calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

15. Text messages are considered "calls" under the TCPA. (See *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 954 (9th Cir. 2009); see also *Gager v. Dell Fin. Servs., LLC*, 727 F.3d 265, 269 n.2 (3d Cir. 2013).)

16. Defendants are liable for the violations of the callers / telemarketers because:

a. The telemarketers placed calls on behalf of, and for the benefit of, Defendants;

b. The telemarketers placed calls under Defendants' actual authority;

c. The telemarketers placed calls under Defendants' apparent authority (federal agency law for the TCPA) or ostensible authority (California agency law for the California claims);

d. Defendants ratified the unlawful conduct of the telemarketers; and/or

e. Defendants had control over the "manner and means" of telemarketing.

17. Upon information and belief, the telephone number that Defendants or their agent called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls within the meaning of 47 U.S.C. § 227 (b)(1). The number was used by Plaintiff for residential purposes.

18. Plaintiff had never had an existing business relationship with the Defendants and has never consented to receiving phone calls or text messages. Plaintiff has no business relationship with Defendants, and during all relevant times, never authorized phone calls or text messages from Defendants. Plaintiff never gave any sort of consent for Defendants' telemarketing calls to begin.

19. Upon information and belief, at all relevant times, Defendants failed to establish and implement reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under 47 U.S.C. § 227(c)(5).

20. Plaintiff alleges that Defendants do not train its employees who are engaged in

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

telemarketing in the existence and use of any do-not-call list, as required by 47 C.F.R. § 64.1200(d)(2).

21. Plaintiff suffered emotional distress, anger, and frustration, because of the unlawful business practices of the Defendants.

22. Plaintiff suffered loss of money and income due to the interruption of her work, interaction with the provider to identify the telemarketer, investigation of the telemarketing, sending of a consumer notice, and having to bring this action. Plaintiff also suffered transaction costs, opportunity costs, economic harm, consequential damages, attorney's fees, and costs, because of the unlawful business practices of the Defendants.

23. Plaintiff suffered loss of property by physical deterioration and battery degradation of a smartphone having to take the load and burden of unlawful calls caused by Defendants' fake consent. Each and every unlawful call placed on Plaintiff's smartphone accelerated its physical deterioration, as smartphones have a certain life reduced by uses of the device, resulting in a loss of future usability and value. Each and every unlawful call placed on Plaintiff's smartphone reduced its battery, which also has a certain life and whose power must be recharged at the expense of electricity.

24. As set forth herein, the conduct listed above was negligent, intentional, malicious, fraudulent, and/or oppressive, and done with a willful and conscious disregard for Plaintiff's rights and for the deleterious consequences of Defendants' actions.

## FIRST CAUSE OF ACTION
**(UNFAIR COMPETITION)**
**(Cal. Business & Professions Code § 17200, *et seq.*)**
**(Against All Defendants)**

25. Plaintiff refers to and herein incorporates each above paragraph inclusively.

26. Plaintiff brings this claim on behalf of herself and the public.

27. Defendants have engaged in unfair competition and prohibited activities. Unfair competition includes any unlawful, unfair, or fraudulent business act or practice as set forth in the TCPA causes of action, and as set forth in the factual allegations herein. Plaintiff seeks equitable relief and to enjoin Defendants from engaging the unlawful practices herein alleged.

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

28. Pursuant to Cal. Bus. & Prof. Code section 17200 et seq., Plaintiff seeks an order enjoining the above-described wrongful acts and practices of the Defendants and for restitution and disgorgement.

29. Cal. Bus. & Prof. Code section 17200 et seq. provides that "unfair competition shall mean and include any unlawful, unfair or fraudulent business act or practice."

30. Defendants engaged in violations of California Civil Code section 17590(a), et seq., makes it unlawful for a "telephone solicitor" to, in relevant part, "on his or her own behalf or through salespersons or agents, announcing devices, or otherwise, makes or causes a telephone call to be made to a California telephone number that does any of the following:

> (A) Seeks to offer a prize or to rent, sell, exchange, promote, gift, or lease goods or services or documents that can be used to obtain goods or services.
> (B) Offers or solicits or seeks to offer or solicit any extension of credit for personal, family, or household purposes.
> (C) Seeks marketing information that will or may be used for the direct solicitation of a sale of goods or services to the subscriber.
> (D) Seeks to sell or promote any investment, insurance, or financial services.
> (E) Seeks to make any telephone solicitation or attempted telephone solicitation as described in Section 17511.1."

31. During all relevant times California law (Bus & Prof. Code §§ 17590 — 17595) and the Federal Telephone Consumer Protection Act (47 U.S.C. §227, et seq), prohibit persons from making marketing telephone calls to numbers listed on the National Do Not Call Registry, and state do not call list. Defendants further violated the federal "Do-Not-Call" Implementation Act codified at 16 C.F.R. § 310.4 *et seq*. by calling Plaintiff's number on the list.

32. As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent business practices, Plaintiff has been injured in fact as set forth herein.

33. As alleged herein, the business practices of Defendants constitute unlawful and fraudulent business practices and offend public policy in that they violate the consumer protection protections set forth herein.

34. Defendant, and each of them, are "persons" as defined under Bus. & Prof. Code

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

section 17021.35. Each of the directors, officers and/or agents of defendants are responsible for the acts of the others as set forth in Bus. & Prof. Code section 17095.

35. As a proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer damages in an amount according to proof and thus seeks restitution for such damages.

36. Plaintiffs request attorneys' fees and costs pursuant to Bus. & Prof. Code section 17200, et seq., and Civ. Code section 1021.5.

**SECOND CAUSE OF ACTION**
**(NEGLIGENT VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE)**
**(47 U.S.C. § 227(b))**
**(Against All Defendants)**

37. Plaintiff refers to and herein incorporates each above paragraph inclusively.

38. The foregoing acts and omissions of Defendants constitute one or more negligent violations of the TCPA, 47 U.S.C. § 227 *et seq*.

39. Each Defendant violated 47 U.S.C. § 227(b)(1) by making calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express consent of the called party.

40. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

41. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

**THIRD CAUSE OF ACTION**
**(KNOWING AND/OR WILLFUL VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – ATDS OR UNLAWFUL VOICE)**
**(47 U.S.C. § 227(b))**
**(Against All Defendants)**

42. Plaintiff refers to and herein incorporates each above paragraph inclusively.

43. The foregoing acts and omissions of Defendants constitute one or more knowing

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

and/or willful violations of the TCPA, 47 U.S.C. § 227 *et seq*.

44. Each Defendant violated 47 U.S.C. § 227(b)(1) by making calls, either directly or through the actions of others, using an automatic telephone dialing system or an artificial or prerecorded voice to cellular telephone numbers without the prior express consent of the called party.

45. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff is entitled to an award of up to $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

46. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(b)(3)(A).

**FOURTH CAUSE OF ACTION**
**(VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT – MORE THAN ONE CALL WITHIN A YEAR)**
**(47 U.S.C. § 227(c))**
**(Against All Defendants)**

47. Plaintiff refers to and herein incorporates each above paragraph inclusively.

48. The foregoing acts and omissions of Defendants constitute one or more violations of the TCPA, 47 U.S.C. § 227 *et seq*.

49. Each Defendant violated 47 U.S.C. § 227(c) by sending, either directly or through the actions of others, telephone solicitation calls to telephone numbers listed on the national Do Not Call Registry. "A person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations [has a private right of action]". (47 U.S.C. § 227(c)(5).)

50. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq*., Plaintiff is entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(c)(5)(B).

51. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future pursuant to 47 U.S.C. § 227(c)(5)(A).

WHEREFORE, Plaintiff prays for relief as set forth below.

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

**PRAYER FOR JUDGMENT**

Plaintiff prays for judgment against Defendants as follows:

1. For special, general, and compensatory damages, in the amount of at least $57,000, according to proof at trial;
2. For punitive damages, according to proof at trial;
3. For attorneys' fees, and costs, pursuant to Civil Code §§ 1750, et seq, Code of Civil Procedure §1021.5, and any other applicable statute;
4. For pre-judgment and post-judgment interest according to any applicable provision of law, according to proof;
5. For costs of suit;
6. For Injunctive Relief enjoining Defendants from further violations;
7. For all other relief the Court deems appropriate and just.

Dated: June 24, 2025

CAL LAW APC

By:__________________________,
Calvin Chang, Esq.
Attorneys for Plaintiff
PEGGY BANKS

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands trial by jury on all issues that are so triable in the Complaint.

Dated: June 24, 2025

CAL LAW APC

By:_________________________,
Calvin Chang, Esq.
Attorneys for Plaintiff
PEGGY BANKS

**VERIFICATION**

I, PEGGY BANKS, declare:

I am the Plaintiff in the above-entitled matter. I have read the foregoing complaint and know the contents thereof. The same is true of my own knowledge, except as to those matters which are stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the State of California, that the foregoing is true and correct. Executed on June 23, 2025 at Norco, California.

DocuSigned by:

By: Peggy Banks
29C60E146615415...
PEGGY BANKS

CAL LAW APC
500 Capitol Mall, Suite 2350
Sacramento, California 95814
www.callawapc.com