**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

PEGGY BANKS, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

SUNRUN, INC.

Defendant.

Case No. 4:24-cv-07877-JST

(Hon. Jon S. Tigar)

**JOINT DISCOVERY DISPUTE LETTER**

Action Filed: Nov. 11, 2024

Dear Judge Tigar:

Plaintiff Peggy Banks ("Plaintiff") and Defendant Sunrun Inc. ("Sunrun") submit this joint letter regarding a discovery dispute pursuant to Your Honor's Standing Order for All Civil Cases. The parties certify that counsel met and conferred but could not resolve their dispute.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Andrew Perrong*
Andrew Perrong (*pro hac vice*)
**PERRONG LAW LLC**
1669 Edgewood Road, Suite 218
Yardley, Pennsylvania 19067
Tel: (215) 225-5529
Fax: (617) 830-0327
a@perronglaw.com

*Counsel for Plaintiff Peggy Banks*

*/s/ Glenn T. Graham*
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (SBN #338995)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Counsel for Defendant Sunrun Inc.*

## I. Defendant's Position[1]

The proceedings in *Wilson v. Freeway Ins. Servs.*, No. 6:25-cv-01869-MC (D. Or.), exposed evidence that the Heidarpour Law Firm[2] and associated counsel—including counsel here—may have generated, controlled, and monetized TCPA claims brought in their clients' names. The record included: allegations that financially interested persons submitted claim-generating webforms; evidence tying a disputed opt-in to the claimant's own IP address; agreements giving counsel substantial fee interests; and more. (ECF No. 70-1, Ex. 1 ¶ 3.) The Court stated that it was "concerned about whether criminal fraud is taking place," denied class certification, ordered preservation, and authorized "robust discovery." (*Id.*) This record warrants additional discovery into undisclosed attorney roles and who generated Plaintiff's webform submissions.

Sunrun timely pursued that discovery. On July 14, 2026, it served supplemental requests concerning, among other things, Plaintiff's engagement, referral, and fee-sharing arrangements and the pursuit of TCPA claims and demands related to calls. (*Id.* ¶ 11; Ex. 2 RFA 41–42, RFP 43, 49.) At the August 21 status conference, Sunrun advised the Court that developments in *Wilson* required additional discovery and that it would first seek resolution without Court intervention. (ECF No. 67.) Plaintiff asserted improper relevance and privilege objections, and produced no privilege log. (Ex. 1 ¶ 12; Ex. 3.) After an unsuccessful meet-and-confer, Sunrun served its portion of this letter on September 9. (Ex. 1 ¶ 15.) Only then did Plaintiff agree to meet her disclosure obligations, and her ensuing disclosures confirmed the discovery's necessity. On September 10, she filed the Civil L.R. 3-15 disclosure required at the case's outset, identifying Anthony Paronich and Paronich Law as financially interested for the first time. (*Id.* ¶ 16.) On September 11, 2026, counsel represented Plaintiff would provide "all engagement agreements with Ms. Banks concerning Sunrun and the

---

[1] Sunrun moved to extend the deadline to file summary judgment to pursue this information and then subsequently filed summary judgment in accordance with the Court's schedule and reserves the right to submit additional information discovered in support of its motion. (ECF Nos. 70, 74.)

[2] Dana Oliver has previously identified himself as employed by or associated with Heidarpour Law Firm, including in communications concerning Strickland's claims. (Ex. 4.) In *Wilson*, Chief Judge McShane expressed concern that Heidarpour—not merely appearing counsel—had assumed control of the claims, questioned "whether criminal fraud is taking place," and ordered "robust discovery" into the firm's role. (ECF No. 70-2 at 42:20–22, 43:13–16, 78:22–24.)

claims in this case, including with any referral attorney, local counsel, and/or any other attorney who otherwise has a financial interest in this case or has dealt with Ms. Banks on her TCPA claims here." (*Id.* ¶ 17.) On September 18, Plaintiff produced an agreement identifying Perrong Law and Paronich Law as co-counsel with equal fee interests, contrary to her prior representations concerning counsel's roles and interests. (*Id.* ¶ 19.) The production remains incomplete: although Ms. Banks testified that she was referred to counsel, Plaintiff produced no referral agreement, no agreement involving Dana Oliver,[3] and no other engagement or fee-sharing agreement. (*Id.* ¶¶ 23–27.) Plaintiff cannot claim delay where Sunrun raised the issue with the Court, attempted informal resolution, and learned these facts only through Plaintiff's belated disclosures.

The late-disclosed claim-origin evidence independently compels further inquiry. Plaintiff purchased the *Turning Robocalls Into Cash* kit and forum access in 2022. Those materials instruct users how to identify alleged TCPA violations, make demands, invoke class-action leverage, and respond to consent evidence. (*Id.* ¶¶ 19–20; *see also* ECF No. 74-6.) On August 9, 2024—during the calling period—Plaintiff sought renewed forum access because she was "in a better position now to use it." (ECF No. 74 at 16; ECF No. 74-6 at Banks_RFP2_Supp_000005.)

Further, Sunrun and CEE records reflect solar-related webforms using Plaintiff's information submitted to Sunrun on July 11, 2024, to CEE on July 15, 2024, and again to CEE while this action was pending. (Ex. 1 ¶¶ 33–34.) As she testified at her deposition, Plaintiff had filed a separate TCPA class action against QuinStreet and admitted that she dismissed that suit but financially profited from that claim. (Ex. 5 at 124:2–4.) Relevant here, on July 15, 2024 Plaintiff's information was entered into a QuinStreet webform (non-solar) from the same IP address used for the CEE submission. (Ex. 1 ¶ 33.) The same-day submissions through unrelated webforms, matching IP address, repeated use of Plaintiff's information, contemporaneous return to a TCPA-monetization program, and ensuing litigation provide a concrete basis to further examine who made

[3] Despite representing that Mr. Oliver was paid hourly and that discovery would confirm it, Plaintiff has produced no fee agreement, invoices, or payment records. (ECF No. 71 at 5; Ex. 1 ¶ 29.) In addition, Plaintiff's denial of Heidarpour's involvement cannot substitute for the withheld records – particularly when Mr. Oliver is counsel in this case and associated and/or employed with the Heidarpour firm.

the submissions, using which devices and accounts, and at whose direction. And if Plaintiff now wants to rely on a professed lack of recollection, she should retract her prior allegations. In no event, however, should she be permitted to withhold evidence or refuse to provide complete answers to questions.

This discovery bears directly on consent, Plaintiff's asserted injury and purpose, Rule 23 adequacy and typicality, and potential sanctions or fee relief. Sunrun requests limited reopening of discovery and an order requiring Plaintiff to provide: (1) a privilege log; (2) all engagement, referral, fee-sharing, compensation, settlement, release, and payment records concerning Plaintiff's TCPA claims; (3) communications concerning the roles of Paronich, Oliver, Heidarpour Law Firm, and any other attorney in originating, developing, prosecuting, or resolving those claims; (4) documents concerning Plaintiff's use of the kit and forum; and (5) evidence identifying the IP addresses, devices, accounts, browser activity, and persons associated with the relevant webforms. Plaintiff's counsel involved here should also be required to produce communications with the Heidarpour law firm, to the extent any exist, regarding the genesis of Plaintiff's claim.

## II. Plaintiff's Position

Fact discovery closed on August 14, 2026. ECF No. 60. SunRun has since filed its summary judgment motion on schedule, ECF No. 74, and its administrative motion to reopen discovery, which Plaintiff opposed, has not been decided. ECF Nos. 70, 71. This letter seeks the same relief through a different vehicle, and it fails for the same reasons.

***The request is untimely, and SunRun was not diligent.*** No motion to compel fact discovery may be filed more than seven days after the fact discovery cutoff, here August 21, 2026. Civ. L.R. 37-3. SunRun did not even serve its portion of a letter until September 9, served the instant letter on October 5, and the bulk of what it now asks the Court to compel was never the subject of any Rule 33 or 34 request at all. It first appeared in counsel's September 21 e-mail, after discovery closed. ECF No. 70-1 ¶ 41; ECF No. 71-2. Reopening discovery requires good cause, and that inquiry turns on the movant's diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). SunRun's "new" webform evidence came from its own lead log it already had and from its

counsel's files in another case, ECF No. 70-1 ¶ 33, and the *Wilson* filings it relies on predate the cutoff, *id.* Ex. B (filed July 21, 2026). Discovery cannot be reopened through an untimely letter.

***The webform discovery is irrelevant.*** SunRun concedes that the July 11, 2024 form "was the only form submitted to Sunrun," ECF No. 70 at 2, and its counsel admits the later Clean Energy Experts submissions "did not result in a call by CEE or Sunrun." ECF No. 71-2 at 2. SunRun began calling Ms. Banks on July 11 and placed eleven calls before the July 15 submissions existed, and the March 6, 2025 submission came after a written do-not-call demand and four months into this lawsuit. ECF No. 71 at 2-3. Consent must exist before the call, *see* 47 C.F.R. § 64.1200(c)(2)(ii), and a form submitted afterward, by anyone, cannot supply it retroactively. Discovery into who submitted forms SunRun never relied on is neither relevant to any claim or defense nor proportional. Fed. R. Civ. P. 26(b)(1). And the "new" evidence doesn't establish that Banks submitted anything, let alone to warrant the extensive breadth and timing of the requested discovery.

Nor is there any evidence that Ms. Banks submitted *any* form. She denied submitting the only form at issue under oath, and the July 11 lead misspells her surname and e-mail address and lists a trailer park address where she did not then live. Banks Dep. 80:2-81:12. None of the IP addresses belongs to her internet providers. *Id.* 30:17-18, 49:6-11. The party actually holding the consent data, NXTLVL, has not complied with a court order compelling its production, ECF No. 71-1 ¶ 7, and Plaintiff's subpoena to the internet service provider for the July 11 IP address revealed nothing tying it to Ms. Banks. SunRun bears the burden on consent and has moved for summary judgment on it. It may not use a discovery letter to build the record it chose not to build before the cutoff. As for robocalls.cash, SunRun already has the documents, and they undercut its theory. Ms. Banks cancelled her forum membership in January 2023 because she was not using it, and did not ask to rejoin until August 9, 2024, a month *after* the alleged submission and after SunRun had already called her more than two dozen times. In any event, a consumer researching her rights, after being called, repeatedly is not evidence that she generated the calls. With respect to the other invasive discovery SunRun now proposes, a court need not permit discovery into every personal and financial aspect of Banks's prior consumer on this disproven basis.

***There is nothing left to compel.*** Plaintiff has already produced every document SunRun asks for that exists, including her engagement agreement, ECF No. 70-1 Ex. E; her robocalls.cash materials, *id.* ¶ 19; and her Civil L.R. 3-15 certification, ECF No. 68. Nothing non-privileged has been withheld. What SunRun now demands are documents that do not exist. There is no agreement with Mr. Oliver. He was associated as local counsel under the engagement agreement, which expressly provides for associating other lawyers, ECF No. 70-1 Ex. E at 1, and he holds no interest in any class recovery, ECF No. 71-1 ¶ 10. There are no documents involving HLF, because HLF has no involvement nor financial interest in this case. *Id.* Counsel confirmed this to SunRun in writing and offered to supplement. Rule 34 reaches documents in a party's possession, custody, or control, Fed. R. Civ. P. 34(a)(1). It does not authorize an order to produce records that were never created in order to prove a negative. And a party cannot produce what it does not have.

SunRun's demand rests on a conspiracy theory, not evidence. It reasons from *Wilson*, a case involving a different plaintiff, a different defendant, and the Oregon court's concerns about HLF's relationship with that plaintiff, ECF No. 70-4 at 5-7, to this case, *in which HLF plays no role*, on alleged conduct that has not been established here or there. Remarks at a hearing in another case are not evidence about Ms. Banks.[4] Nor were Plaintiff's prior representations inaccurate. Her opposition to the motion to strike addressed overlapping *counsel of record* between this action and *Strickland*, which was and remains Mr. Oliver alone. Only Mr. Perrong will seek appointment as class counsel, with Mr. Oliver as local counsel, and Mr. Paronich will not. ECF No. 71-1 ¶ 9. Questions concerning counsel's role and compensation can be addressed under Rules 23(g) and (h) at class certification on the existing record, and does not warrant a generalized inquiry into Banks' prior litigation.

SunRun's requests should be denied. If the Court is inclined to permit any further discovery, it should be limited to specific requests SunRun ties to Rule 23, on the existing class certification schedule, and Plaintiff should be permitted reciprocal discovery into when SunRun and its counsel first possessed the Clean Energy Experts and QuinStreet records and why they were not disclosed.

---

[4] The *MAH* episode Sunrun cites involved a different plaintiff on different evidence. It says nothing about Ms. Banks, whose carriers do not match any of the IP addresses at issue, where the proponent of the consent evidence is in violation of a court order, and where a subpoena to the carrier of record of the IP address, Verizon, has uncovered no connection to Ms. Banks.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Glenn T. Graham*

Glenn T. Graham (SBN #338995)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
ggraham@kelleydrye.com

*Counsel for Defendant Sunrun Inc.*

*/s/ Andrew Perrong*
Andrew Perrong (*pro hac vice*)
**PERRONG LAW LLC**
1669 Edgewood Road, Suite 218
Yardley, Pennsylvania 19067
Tel: (215) 225-5529
Fax: (617) 830-0327
a@perronglaw.com

Dana J. Oliver (SBN #291082)
dana@danaoliverlaw.com
**OLIVER LAW CENTER, INC.**
8780 19th Street, #559
Rancho Cucamonga, CA 91701
Tel: (855) 384-3262
Fax: (888) 570-2021

*Attorneys for Plaintiff Peggy Banks*

## ATTESTATION

I, Glenn T. Graham, am the ECF user whose identification and password are being used to file this document. I hereby attest that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: October 9, 2026

/s/ *Glenn T. Graham*
Glenn T. Graham