# EXHIBIT 3

Andrew Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
a@perronglaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated, Plaintiff<br><br>v. .<br><br>SUNRUN INC.<br><br>Defendant. | Case No. 4:24-cv-07877-JST<br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S FIRST SET OF REQUESTS FOR ADMISSION**<br><br>Hon. Jon S. Tigar |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT SUNRUN INC.'S FIRST SET OF REQUESTS FOR ADMISSION**

Plaintiff Peggy Banks, by and through undersigned counsel, submits the following responses and objections to Defendant Sunrun Inc.'s First Set of Requests for Admission pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, privacy, the tax return privilege, the attorney-client privilege, the attorney work-product doctrine,

disclosure of attorney-client communications, attorney work product, common interest communications, communications with experts, and/or trial preparation materials. Moreover, as this is an action alleging violations of consumer privacy statutes, this Request is disproportionate to the needs of the case, substantially impacts Plaintiff's privacy interests, and is harassing on the same basis. Because this Request seeks information outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1), Defendant is not entitled to an admission or denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

**REQUEST NO. 41:** Admit that You found an attorney using the robocalls.cash kit or website.

**RESPONSE TO REQUEST NO. 41:** Plaintiff objects to the extent that this Request is not relevant to any party's claim or defense, nor proportional to the needs of the case, other than as to the telephone number and the calls at issue in this Action. Plaintiff objects in that how a consumer came to retain counsel is not relevant to any claim or defense in this Action and is not proportional to its needs, in addition to being privileged. This Request is a fishing expedition into Plaintiff's retention of counsel. Plaintiff objects to this Request in that it requires the disclosure of attorney-client communications, attorney work product, common interest communications, communications with experts, and/or trial preparation materials. Plaintiff further objects in that this Request intrudes upon Plaintiff's right to obtain counsel of her choosing and is designed to harass and to chill the exercise of that right, and in that it seeks information from which Defendant may attempt to manufacture consent evidence. Plaintiff further objects in that the phrase 'the robocalls.cash kit or website' is vague, ambiguous, and undefined, and in that the Request is compound. Moreover, as this is an action alleging violations of consumer privacy statutes, this Request is disproportionate to the needs of the case, substantially impacts Plaintiff's privacy interests, and is harassing on the same basis. Because this Request seeks information outside the proper scope of discovery under Fed. R. Civ. P. 26(b)(1), and is privileged, Defendant is not entitled to an admission or denial. Plaintiff refuses to admit or deny on the basis of the foregoing objections.

Andrew Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
a@perronglaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated, Plaintiff<br><br>v. .<br><br>SUNRUN INC.<br><br>Defendant. | Case No. 4:24-cv-07877-JST<br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Hon. Jon S. Tigar |

**PLAINTIFF'S SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SUNRUN INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff Peggy Banks, by and through undersigned counsel, submits the following supplemental responses and objections to Defendant Sunrun Inc.'s Second Set of Requests for Production pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, privacy, the attorney-client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as

**REQUEST FOR PRODUCTION NO. 43:** All Communications between You and Val Carhart, or any other Person, Concerning robocalls.cash, the TCPA, demand letters, or the filing or pursuit of claims or lawsuits Concerning telephone calls.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Communications" between Plaintiff and "any other Person" so much as "Concerning" "the TCPA". As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The phrase "Concerning . . . the TCPA" renders this request unascertainable, and that definition is so expansive that it is not clear to what documents this demand refers. This request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work product and communications with counsel mentioning the very statute at issue here, and would on its face encompass counsel's entire litigation file in this and every other matter. To fashion a response would require Plaintiff to search every document, text message thread, email thread, note, and scrap of paper in her possession and then filter those results to those that "concern" the TCPA, a burden that is excessive given the limited needs of this case. Plaintiff further objects in that this request is unlimited in time and scope, and in that it seeks the private communications of a non-party, Ms. Carhart, who has no connection to this Action and whose privacy interests are implicated by this demand. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate

and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive non-privileged documents with respect to this litigation which have not already been produced.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Communications" between Plaintiff and "any other Person" so much as "Concerning" "the TCPA". As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The phrase "Concerning . . . the TCPA" renders this request unascertainable, and that definition is so expansive that it is not clear to what documents this demand refers. This request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work product and communications with counsel mentioning the very statute at issue here, and would on its face encompass counsel's entire litigation file in this and every other matter. To fashion a response would require Plaintiff to search every document, text message thread, email thread, note, and scrap of paper in her possession and then filter those results to those that "concern" the TCPA, a burden that is excessive given the limited needs of this case. Plaintiff further objects in that this request is unlimited in time and scope, and in that it seeks the private communications of a non-party, Ms. Carhart, who has no connection to this Action and whose privacy interests are implicated by this demand. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff

objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive non-privileged documents with respect to this litigation which have not already been produced. After conducting an additional search, the Plaintiff is not within the possession of any responsive documents within her possession, care, custody, and control.

**REQUEST FOR PRODUCTION NO. 49:** Copies of Your retainer agreement(s) with any attorney Concerning the calls alleged in this Action.

**RESPONSE:** Plaintiff objects to this request in that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common interest privilege, and in that it seeks the terms of Plaintiff's private fee arrangement with her counsel. Plaintiff further objects in that the terms on which Plaintiff retained counsel are not relevant to any claim or defense in this Action. Defendant has articulated no basis for intruding upon that relationship, and the request appears designed to harass Plaintiff and to chill her exercise of her right to counsel of her choosing. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium

from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this request in that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common interest privilege, and in that it seeks the terms of Plaintiff's private fee arrangement with her counsel. Plaintiff further objects in that the terms on which Plaintiff retained counsel are not relevant to any claim or defense in this Action. Defendant has articulated no basis for intruding upon that relationship, and the request appears designed to harass Plaintiff and to chill her exercise of her right to counsel of her choosing. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the production as confidential, the Plaintiff is producing documents within her possession, care, custody, and control.

| September 18, 2026 | Respectfully Submitted: |
| --- | --- |
| | *<u>/s Andrew Perrong</u>*<br>Andrew Perrong<br>Perrong Law LLC<br>1669 Edgewood Road, Suite 218<br>Yardley, PA 19067<br>215-225-5529 |