# EXHIBIT A

Andrew Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
a@perronglaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated, Plaintiff<br><br>v. .<br><br>SUNRUN INC.<br><br>Defendant. | Case No. 4:24-cv-07877-JST<br>**PLAINTIFF'S SUPPLEMENTAL RESPONSES TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Hon. Jon S. Tigar<br>Hon. Peter H. Kang (Referral) |

**PLAINTIFF'S SECOND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT SUNRUN INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff Peggy Banks, by and through undersigned counsel, submits the following supplemental responses and objections to Defendant Sunrun Inc.'s Second Set of Requests for Production pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, privacy, the attorney-client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as

additional facts are developed. Any production is made subject to the protective order entered in this Action.

**REQUEST FOR PRODUCTION NO. 43:** All Communications between You and Val Carhart, or any other Person, Concerning robocalls.cash, the TCPA, demand letters, or the filing or pursuit of claims or lawsuits Concerning telephone calls.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Communications" between Plaintiff and "any other Person" so much as "Concerning" "the TCPA". As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The phrase "Concerning . . . the TCPA" renders this request unascertainable, and that definition is so expansive that it is not clear to what documents this demand refers. This request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work product and communications with counsel mentioning the very statute at issue here, and would on its face encompass counsel's entire litigation file in this and every other matter. To fashion a response would require Plaintiff to search every document, text message thread, email thread, note, and scrap of paper in her possession and then filter those results to those that "concern" the TCPA, a burden that is excessive given the limited needs of this case. Plaintiff further objects in that this request is unlimited in time and scope, and in that it seeks the private communications of a non-party, Ms. Carhart, who has no connection to this Action and whose privacy interests are implicated by this demand. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and

various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive non-privileged documents with respect to this litigation which have not already been produced.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Communications" between Plaintiff and "any other Person" so much as "Concerning" "the TCPA". As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The phrase "Concerning . . . the TCPA" renders this request unascertainable, and that definition is so expansive that it is not clear to what documents this demand refers. This request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work product and communications with counsel mentioning the very statute at issue here, and would on its face encompass counsel's entire litigation file in this and every other matter. To fashion a response would require Plaintiff to search every document, text message thread, email thread, note, and scrap of paper in her possession and then filter those results to those that "concern" the TCPA, a burden that is excessive given the limited needs of this case. Plaintiff further objects in that this request is unlimited in time and scope, and in that it seeks the private communications of a non-party, Ms. Carhart, who has no connection to this Action and whose privacy interests are implicated by this demand. The Plaintiff objects to this request in that it intimates that initiating

litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive non-privileged documents with respect to this litigation which have not already been produced. After conducting an additional search, the Plaintiff is not within the possession of any responsive documents within her possession, care, custody, and control.

**SECOND SUPPLEMENTAL RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all Communications" between Plaintiff and "any other Person" so much as "Concerning" "the TCPA". As such, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. The phrase "Concerning . . . the TCPA" renders this request unascertainable, and that definition is so expansive that it is not clear to what documents this demand refers. This request plainly and impermissibly seeks trial preparation and other materials before they are used, including attorney work product and communications with counsel mentioning the very statute at issue here, and would on its face encompass counsel's entire litigation file in this and

every other matter. To fashion a response would require Plaintiff to search every document, text message thread, email thread, note, and scrap of paper in her possession and then filter those results to those that "concern" the TCPA, a burden that is excessive given the limited needs of this case. Plaintiff further objects in that this request is unlimited in time and scope, and in that it seeks the private communications of a non-party, Ms. Carhart, who has no connection to this Action and whose privacy interests are implicated by this demand. The Plaintiff objects to this request in that it intimates that initiating litigation or conducting pre-litigation investigation for violations of the law is inappropriate, unlawful, untoward, nefarious, or otherwise improper. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no responsive non-privileged documents with respect to this litigation which have not already been produced. After conducting an additional search, the Plaintiff is not within the possession of any responsive documents within her possession, care, custody, and control.

In accordance with Judge Kang's Standing Order, the Plaintiff has produced the full extent of production responsive to this request, which includes the materials the Plaintiff saved from the Robocalls.cash website, the kit itself, as well as payment and account servicing records. The list of companies that was produced was *not* created by Plaintiff but rather a resource available to paying members on the Robocalls.cash website. The Plaintiff confirms in writing that she has produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist.

**REQUEST FOR PRODUCTION NO. 49:** Copies of Your retainer agreement(s) with any attorney Concerning the calls alleged in this Action.

**RESPONSE:** Plaintiff objects to this request in that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common interest privilege, and in that it seeks the terms of Plaintiff's private fee arrangement with her counsel. Plaintiff further objects in that the terms on which Plaintiff retained counsel are not relevant to any claim or defense in this Action. Defendant has articulated no basis for intruding upon that relationship, and the request appears designed to harass Plaintiff and to chill her exercise of her right to counsel of her choosing. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**SUPPLEMENTAL RESPONSE:** Plaintiff objects to this request in that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common interest privilege, and in that it seeks the terms of Plaintiff's private fee arrangement with her counsel. Plaintiff further objects in that the terms on which Plaintiff retained counsel are not relevant to any claim or defense in this Action. Defendant has articulated no basis for intruding upon that relationship, and the request appears designed to harass Plaintiff and to chill her exercise of her right to counsel of her choosing. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff

has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the production as confidential, the Plaintiff is producing documents within her possession, care, custody, and control.

**SECOND SUPPLEMENTAL RESPONSE:** Plaintiff objects to this request in that it seeks documents protected by the attorney-client privilege, the attorney work-product doctrine, and the common interest privilege, and in that it seeks the terms of Plaintiff's private fee arrangement with her counsel. Plaintiff further objects in that the terms on which Plaintiff retained counsel are not relevant to any claim or defense in this Action. Defendant has articulated no basis for intruding upon that relationship, and the request appears designed to harass Plaintiff and to chill her exercise of her right to counsel of her choosing. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, and designating the production as confidential, the Plaintiff is producing documents within her possession, care, custody, and control.

In accordance with Judge Kang's Standing Order, the Plaintiff has produced the full extent of production responsive to this request, which includes the copy of the retainer agreement exists. The Plaintiff confirms in writing that she has produced all such materials so described that are locatable after a diligent search of all locations at which such materials might plausibly exist. After a meet and confer, Plaintiff is further providing a privilege log of communications the Plaintiff has had with her attorneys in this action regarding this action and prior to its filing.

| | |
|---|---|
| October 29, 2026 | Respectfully Submitted: |
| | */s Andrew Perrong*<br>Andrew Perrong<br>Perrong Law LLC<br>1669 Edgewood Road, Suite 218<br>Yardley, PA 19067<br>215-225-5529 |