# EXHIBIT B

Andrew Perrong, Esq.
Perrong Law LLC
1669 Edgewood Road, Suite 218
Yardley, PA 19067
215-225-5529
a@perronglaw.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated, Plaintiff<br><br>v. .<br><br>SUNRUN INC.<br><br>Defendant. | Case No. 4:24-cv-07877-JST<br>**PLAINTIFF'S RESPONSE TO DEFENDANT'S SECOND SET OF REQUESTS FOR PRODUCTION**<br><br>Hon. Jon S. Tigar |

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT SUNRUN INC.'S SECOND SET OF REQUESTS FOR PRODUCTION**

Plaintiff Peggy Banks, by and through undersigned counsel, submits the following responses and objections to Defendant Sunrun Inc.'s Second Set of Requests for Production pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure. Plaintiff expressly reserves all objections, including but not limited to relevance, overbreadth, undue burden, vagueness, ambiguity, privacy, the attorney-client privilege, the attorney work-product doctrine, and expert privileges. Plaintiff further reserves the right to supplement, modify, or amend these responses as additional facts are developed. Any production is made subject to the protective order entered in this Action.

work product and trial preparation materials, and insofar as it seeks attorney-client communications. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding and without waiving the foregoing objections, there are no non-privileged documents in her possession, custody, or control reflecting the calls at issue which have not already been produced.

**REQUEST FOR PRODUCTION NO. 46:** All Documents Concerning any monetary recovery, settlement payment, or other consideration You have received in connection with any claim, lawsuit, or demand asserting a violation of the TCPA or Concerning telemarketing, including settlement agreements, releases, checks, payment confirmations, and accounting records.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request as it seeks highly personal and private information that implicates significant privacy and confidentiality concerns, including settlement agreements, releases, and financial records from other litigation matters that have absolutely no relevance to this case. Indeed, multiple other Courts have similarly held that they are not persuaded that financial information such as the specific amounts of Plaintiff's prior TCPA settlements or awards is relevant to Defendant's defenses. *Charvat v. Southard Corp.*, No. 2:18-CV-190, 2019 WL 13196991, at *3 (S.D. Ohio Feb. 13, 2019); *Quinn v. Branch Banking & Tr. Co.*, No. 5:19-CV-433-OC-30PRL, 2020 WL 264696, at *4 (M.D. Fla. Jan. 17, 2020) (holding that settlements are not relevant to the claims or defenses in this action and proportional to the needs of the case, and will not be permitted.). Plaintiff further objects in that this request impermissibly demands that Plaintiff produce settlement agreements in wholly unrelated matters, which are inadmissible under Fed. R. Evid. 408 and not discoverable under Fed. R. Civ. P. 26(b)(1), and which are in many instances

subject to confidentiality provisions and protective orders entered by other courts that Plaintiff is not free to disregard. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. Plaintiff further objects insofar as this request is a fishing expedition designed to pry into irrelevant litigation history having no bearing on the claims or defenses in this action, and is plainly designed to harass, embarrass, and intimidate Plaintiff, and to chill her exercise of her constitutional right of access to the courts. The Plaintiff objects insofar as this request plainly seeks attorney-client communications, expert communications, and other forms of privileged communications, as well as communications protected by confidentiality agreements, protective orders, and various rules of the Federal Rules of Evidence. Furthermore, this request is overly broad because it seeks "all Documents", instead of a specific and reasonably particularized category of documents as the rules require, and is unlimited in time. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights, in addition to being harassing. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in her possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**REQUEST FOR PRODUCTION NO. 47:** All federal and state income tax returns and other tax Documents reflecting or Concerning income You received from any TCPA settlement, lawsuit, or demand from January 1, 2020 through the present.

**RESPONSE:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects in that this request seeks the contents of Plaintiff's federal and state income tax returns, which are subject to a qualified privilege against compelled disclosure in federal court and to a statutory privilege under California law. *See Premium*

from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form.

| August 13, 2026 | Respectfully Submitted: |
|---|---|
| | <u>*/s Andrew Perrong*</u><br>Andrew Perrong<br>Perrong Law LLC<br>1669 Edgewood Road, Suite 218<br>Yardley, PA 19067<br>215-225-5529 |