**KELLEY DRYE & WARREN LLP**
Lauri A. Mazzuchetti (*pro hac vice*)
Glenn T. Graham (State Bar No. 338995)
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Telephone: (973) 503-5917
Facsimile: (973) 503-5950
lmazzuchetti@kelleydrye.com
ggraham@kelleydrye.com

*Attorneys for Defendant Sunrun Inc.*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PEGGY BANKS, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>SUNRUN, INC.<br><br>Defendant. | Case No. 4:24-cv-07877-JST-PHK<br><br>(Hon. Jon S. Tigar, Hon. Peter H. Kang)<br><br>**JOINT STATUS REPORT**<br><br>Action Filed: Nov. 11, 2024 |

Counsel for Plaintiff Peggy Banks ("Plaintiff") and counsel for Defendant Sunrun Inc. ("Sunrun") respectfully submit this Joint Status Report pursuant to the Court's Text Order (Dkt. No. 85) concerning the disputes previously identified in the Parties' joint discovery letter brief (Dkt. No. 83).

**A. <u>Sunrun's Statement</u>**

On November 6, 2026, the Court ordered Plaintiff to produce, by November 13: (1) all demand letters responsive to RFP 43; (2) all responses to those demand letters; (3) non-privileged communications or correspondence about those demands and the claims (i.e., correspondence with third parties who are not her lawyers); and (4) a privilege log for all responsive documents withheld on the basis of privilege in response to RFP 43. (Dkt. No. 85.) The Court also ordered the Parties to meet and confer to attempt to narrow the dispute regarding RFP 46. (*Id.*)

Plaintiff has not complied with the Court's Order. On November 13 at 7:07 pm PT, Plaintiff served her third supplemental response to RFP 43 (attached as **<u>Exhibit 1</u>**) and a supplemental document production (the "November 13 Response"). Minutes later, she filed a "Confirmation of Completeness" certifying that she had "produced all demand letters responsive to RFP 43 and all responses to those demand letters," had produced non-privileged third-party correspondence, and had conducted "a diligent search of all locations at which such materials might plausibly exist." (Dkt. No. 86.) That certification cannot be reconciled with what Plaintiff actually produced and her purported privilege log.

The November 13 Response consists of: (1) demand letters from Plaintiff to Sunrun, BioTrust, Strategic Consulting and Forensics, LLC, Sunlight Solar Inc., Dream Source LLC, QuinStreet, Paramount Builders, Association Member Benefits Advisors, LLC, and TruGreen; (2) a response from only one of those entities—the Association Member Benefits Advisors; (3) a list of calls allegedly from Sunrun on Plaintiff's caller ID and cell phone screenshots of those calls; (4) a list of calls and cell phone screenshots allegedly related to Insure.com/QuinStreet; and (5) a privilege log (attached as **<u>Exhibit 2</u>**). While Plaintiff represented that she produced "all responses to those demand letters" and "non-privileged communication or correspondence about those demands and

the resulting claims responsive to RFP 43 (i.e., correspondence with third parties who are not her lawyers)," her privilege log shows that non-privileged communications were withheld on the basis of Fed. R. Evid. 408. (Dkt. No. 86; *see also* Exhibit 2.)

***The privilege log does not justify withholding.*** Communications with the companies that received Plaintiff's demands, their attorneys, or their business representatives are not privileged, and the Court ordered them produced. (Dkt. No. 85.) Rule 408 is not a discovery privilege, and neither "common interest" nor "attorney work product" shields correspondence with a demand recipient or its counsel. The log also obscures what Plaintiff actually withheld. It lists individuals under "Parties / Recipients" without separating senders from recipients and without identifying anyone's employer, affiliation, or role, making it impossible to determine whether a listed person is Plaintiff's lawyer, a target's counsel, a business representative, or another third party. Five entries (September 23, 24, and 26, and October 1 and 6, 2025) identify Eric Allen, Chris Wixom, and Calvin Chang and are described only as "Rule 408 Communication," with Plaintiff asserting "Rule 408, Attorney Client, Common Interest, Attorney Work Product." The Allen, Mitchell & Allen website (https://www.allenlawyer.com/) identifies the firm as a TCPA defense firm, strongly suggesting that it was acting as defense counsel for one of the companies targeted by Plaintiff's demands. If that is correct, these entries appear on their face to encompass communications falling squarely within the Court's production Order. Plaintiff nevertheless does not identify who they represented, explain the supposed common legal interest, or provide any basis for treating communications with opposing counsel as confidential attorney-client communications or Plaintiff's work product. Entries involving Karla Uribe and Helen Seely raise the same concern. These are not technical deficiencies. The log affirmatively prevents Sunrun from determining whether Plaintiff has withheld communications that the Court specifically ordered her to produce.

Sunrun's counsel emailed Plaintiff's counsel on November 15 to determine whether the missing responses had been inadvertently omitted. Plaintiff's counsel responded that "[t]here are no responses in the plaintiff's possession regarding ***some of*** these demand letters, and the ones that have been responded to are in the production and or logged." That response effectively concedes

the problem: additional demand recipients responded, and Plaintiff placed at least some of those communications on her privilege log rather than producing them. Sunrun promptly asked Plaintiff to identify the withheld correspondence because "we are unable to tell from the log you provided which entities responded," reiterated that communications with the demand recipients and their representatives are not privileged, as the Court already held in Dkt. No. 85, and demanded production of "any withheld information." Plaintiff has refused. Plaintiff therefore appears to be withholding communications with third-party demand recipients or their counsel on the theory that the attorney-client privilege attaches whenever Plaintiff's own counsel participates in the exchange. That position is plainly wrong.

***Plaintiff's "possession" qualification raises a further problem.*** Given Plaintiff's responses, and the assertion of inapplicable privileges (i.e., "common interest"), and the absence of any production of these communications, it appears Plaintiff may be taking the position that responsive correspondence in the possession of her attorneys is not within Plaintiff's possession, custody, or control. Rule 34 is not limited to documents in Plaintiff's personal possession; it reaches responsive documents within her possession, custody, or control. Sunrun therefore needs to know whether the files and email accounts of Plaintiff's present and former attorneys were searched and whether Plaintiff contends that responsive communications in her attorneys' possession are outside her custody or control. To the extent Plaintiff is taking that position, it is untenable.

***The Parties are at an impasse with respect to RFP 46 and have commenced the Joint Discovery Letter Process***. The Parties met and conferred again on November 11, 2026, concerning Plaintiff's response to RFP 46. During the meet and confer, Sunrun reiterated its position that the settlement agreements should be produced because they bear on Plaintiff's credibility, the credibility of her claims, standing and ability to satisfy Federal Rule of Civil Procedure 23. Plaintiff indicated she will not produce any settlement agreements because they are confidential and would constitute an undue burden. Sunrun disagrees and the Parties have recommenced the Joint Discovery Dispute Letter process and intend to file their Joint Letter by November 18, 2026.

### B. Plaintiff's Statement

Plaintiff served her production on November 13. SunRun raised no concern until 4:03 p.m. PT on Sunday, November 15, the evening before this report was due, and Plaintiff's counsel answered within minutes and again the next morning. SunRun then sent its statement, with two exhibits, at 12:11 p.m. PT today for a 5:00 p.m. PT filing. The Court's Standing Order directs parties to cooperate so that "each side has adequate time to address the arguments." (Discovery Standing Order § H.) SunRun's statement requests no specific relief, and none is warranted.

***Plaintiff complied with the Court's Order.*** Plaintiff timely produced all of her demand letters, a single and the only response to those letters that exists (from AMBA, Banks_RFP36[1]Order_000008-09), and a privilege log, and filed her confirmation of completeness. (ECF No. 86.) SunRun identifies no document that exists and was neither produced nor logged. SunRun does not identify a single document that exists and was neither produced nor logged. SunRun is itself a recipient of one of these demand letters, yet it does not claim to have sent a response that is missing from the production. Its real complaint is that it expected more. That companies frequently ignore a consumer's pre-suit TCPA letter is unremarkable, and it is not evidence that anything was withheld. Plaintiff cannot produce what she does not have.

***Everything withheld is privileged and logged.*** The withheld documents are Plaintiff's communications with her own counsel and their staff about various matters, including retention, draft complaints, case strategy, and settlement offers, at times forwarding emails and positions for input from opposing counsel. That includes the entries SunRun singles out. Mr. Chang, Ms. Uribe, and Ms. Seely are Plaintiff's counsel or their staff, and Messrs. Allen and Wixom are opposing counsel in another matter whose emails Plaintiff's counsel forwarded to her. Plaintiff was not independently part of these communications, and the only documents within her possession and control are the communications that her lawyers forwarded to her. Ms. Banks has thus complied fully with the terms of this Court's order. The Order required production of "correspondence with third parties who are not her lawyers." Every single one of the logged communications are

---

[1] The reference to RFP 36 is a typo; the production was made responsive to RFP 43, as the Court ordered.

communications with her lawyers. Plaintiff logged them so that nothing would be withheld silently, and that transparency should not be recast as concealment.

SunRun faults the log for omitting employers, affiliations, and roles, which the Standing Order does not require, and which SunRun never asked for. Had it asked, Plaintiff would have told it what is stated above. The log supplies each item required by Section G of the Court's Discovery Standing Order. Again, SunRun is dissatisfied with what the Plaintiff logged, but the Plaintiff did so fully complying with the Court's order. No one on the log is a business representative of a demand recipient, and no communication between Ms. Banks herself and any demand recipient or its counsel has been withheld.

***SunRun has not shown that documents in the files of Plaintiff's attorneys are within her possession, custody, or control.*** SunRun has the burden backwards. In the Ninth Circuit, "[c]ontrol is defined as the legal right to obtain documents upon demand," and "[t]he party seeking production of the documents . . . bears the burden of proving that the opposing party has such control." *United States v. Int'l Union of Petroleum & Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir. 1989). A practical ability to ask a nonparty for documents is not control. *In re Citric Acid Litig.*, 191 F.3d 1090, 1107-08 (9th Cir. 1999). Nor does a party's having obtained some documents from a nonparty establish control over that nonparty's files. SunRun offers only speculation. It presents no evidence that Plaintiff has a legal right to demand the internal files and attorney-to-attorney correspondence of the separate law firms that represented her in other matters. Those firms are nonparties, their files are their own, and what they sent to Plaintiff has been produced or logged.

***Settlement agreements are not part of the RFP 43 Order.*** The Order separately directed the Parties to meet and confer on "settlement agreements and RFP 46," and that dispute will be presented by joint letter. In any event, there are no settlement agreements that Plaintiff negotiated without counsel which otherwise might fit within the scope of the Court's order and/or RFP 43, insofar as that can be read to encompass settlement agreements that the Plaintiff negotiated on her own. The Plaintiff offered multiple compromises short of producing all settlement agreements in all

her TCPA litigation, but it appears these proposals are not acceptable to the Defendant, which Plaintiff will explain in the Joint Letter.

Dated: November 16, 2026

Respectfully submitted,

*__/s/ Glenn T. Graham__*
Glenn T. Graham (SBN #338995)
Lauri A. Mazzuchetti (*pro hac vice*)
**KELLEY DRYE & WARREN LLP**
7 Giralda Farms, Suite 340
Madison, New Jersey 07940
Tel: (973) 503-5900
Fax: (973) 503-5950
ggraham@kelleydrye.com
lmazzuchetti@kelleydrye.com

*Counsel for Defendant SunRun Inc.*

*__/s/ Andrew Perrong__*
Andrew Perrong (*pro hac vice*)
**PERRONG LAW LLC**
2657 Mount Carmel Avenue
Glenside, PA 19038
Tel: (215) 225-5529
Fax: (617) 830-0327
a@perronglaw.com

Dana J. Oliver (SBN #291082)
dana@danaoliverlaw.com
**OLIVER LAW CENTER, INC.**
8780 19th Street, #559
Rancho Cucamonga, CA 91701
Tel: (855) 384-3262
Fax: (888) 570-2021

*Attorneys for Plaintiff Peggy Banks*

**ATTESTATION**

I, Glenn T. Graham, am the ECF user whose identification and password are being used to file this document. I hereby attest that all other signatories listed and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: November 16, 2026

/s/ *Glenn T. Graham*
Glenn T. Graham