United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

PEGGY BANKS,

Plaintiff,

v.

SUNRUN INC.,

Defendant.

Case No. 24-cv-07877-JST (PHK)

**ORDER RE: PLAINTIFF'S PRIVILEGE LOGS**

Re: Dkt. 87

All discovery matters in this case have been referred to the undersigned. [Dkt. 77]. The Parties submitted a Joint Status Report regarding Plaintiff's compliance with the Court's previous discovery Order. [Dkt. 87]. For the reasons set forth herein, the Court will conduct an *in camera* review of certain documents identified in Plaintiff's privilege log. *See* Dkt. 87-2. Plaintiff is **ORDERED** to send to the PHKpo@cand.uscourts.gov email address, in a single email, all documents or communications identified in the privilege log [Dkt. 87-2] where either the sender or recipient is neither Plaintiff nor one of her lawyers **by close of business tomorrow, November 25, 2026.**

## LEGAL STANDARD

The Court has broad discretion and authority to manage discovery. *U.S. Fidelity & Guar. Co. v. Lee Inv. LLC*, 641 F.3d 1126, 1136 n.10 (9th Cir. 2011) ("District courts have wide latitude in controlling discovery, and their rulings will not be overturned in the absence of a clear abuse of discretion."); *Laub v. U.S. Dep't of Int.*, 342 F.3d 1080, 1093 (9th Cir. 2003). The Court's discretion extends to crafting discovery orders that may expand, limit, or differ from the relief requested. *See Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (holding trial courts have "broad discretion to tailor discovery narrowly and to dictate the sequence of discovery"). For example, the Court may

limit the scope of any discovery method if it determines that "the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

The party seeking discovery bears the burden of establishing that its request satisfies the relevancy requirements under Rule 26(b)(1). *La. Pac. Corp. v. Money Mkt. 1 Inst. Inv. Dealer*, 285 F.R.D. 481, 485 (N.D. Cal. 2012). The resisting party, in turn, has the burden to show that the discovery should not be allowed. *Id.* The resisting party must specifically explain the reasons why the request at issue is objectionable and may not rely on boilerplate, conclusory, or speculative arguments. *Id.*; *see also Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975) ("Under the liberal discovery principles of the Federal Rules defendants were required to carry a heavy burden of showing why discovery was denied.").

**DISCUSSION**

The Court previously ordered Plaintiff to produce (1) all demand letters responsive to RFP 43; (2) all responses to those demand letters; (3) non-privileged communications or correspondence about those demands and the claims (i.e., correspondence with third parties who are not her lawyers); and (4) a privilege log for all responsive documents withheld on the basis of privilege in response to RFP 43. *See* Dkt. 85. On November 13, 2026, Plaintiff filed a written confirmation of completeness with the Court, stating that she "has produced the full extent of production responsive to this request and in accordance with this Court's order." [Dkt. 86 at 2]. In complying with the Court's Order, Plaintiff "also served a privilege log for all allegedly privileged material being withheld and otherwise responsive to RFP 43." [Dkt. 86 at 1].

A central dispute between the Parties is whether Plaintiff is using her privilege log to withhold communications the Court specifically ordered her to produce. *See* Dkt. 87. Defendant argues that the entries in Plaintiff's privilege log "appear on their face to encompass communications falling squarely within the Court's production Order." [Dkt. 87 at 3]. Defendant further argues that Plaintiff's log is written in a way that obscures what Plaintiff actually withheld. *Id.* Plaintiff counters that everything withheld is privileged and logged, and that the withheld documents are Plaintiff's communications with her own counsel and their staff. [Dkt. 87 at 5].

United States District Court
Northern District of California

The Court cannot determine whether Plaintiff is impermissibly withholding communications absent conducting an *in camera* review of the material identified in the privilege log. Whether to conduct an *in camera* review of the allegedly privileged documents at issue here is a question of federal procedural law. *See Young v. Safeco Ins. Co. of Am.*, No. 20-CV-01816-LK, 2022 WL 1061940, at *2 (W.D. Wash. Apr. 8, 2022) ("Federal law, which governs the procedural aspects of this case, rests the determination of when to conduct in camera review in the sound discretion of the court."); *Nyerges v. Hillstone Rest. Grp. Inc.*, No. CV-19-02376-PHX-DWL, 2020 WL 5846606, at *1 n.1 (D. Ariz. Oct. 1, 2020) ("Although state law determines the scope of [ ] privilege ... in diversity actions, federal law governs here because the propriety of *in camera* review is a procedural matter.") (internal citation omitted). The United States Supreme Court concluded long ago that "no express provision of the Federal Rules of Evidence bars such use of *in camera* review, and that it would be unwise to prohibit it in all instances as a matter of federal common law." *United States v. Zolin*, 491 U.S. 554, 565 (1989). The "practice of requiring parties who seek to avoid disclosure of documents to make the documents available for *in camera* inspection" is "well established in the federal courts." *Id.* at 569 (citation omitted).

Accordingly, Plaintiff is **ORDERED** to send to the PHKpo@cand.uscourts.gov email address, in a single email, all documents or communications identified in the privilege log [Dkt. 87-2] where either the sender or recipient is neither Plaintiff nor one of her lawyers (for example, the communications that denote Eric Allen, Chris Wixom, Calvin Chang, Karla Uribe, or Helen Seely as Parties / Recipients should be emailed to the Court). Plaintiff **SHALL** send all such material **by close of business tomorrow, November 25, 2026.** The Court will instruct the Parties further following receipt of Plaintiff's allegedly privileged material.

**IT IS SO ORDERED.**

Dated: November 24, 2026

PETER H. KANG
United States Magistrate Judge